UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BOZUNG,

    Plaintiff,

v.

CHRISTIANBOOK, LLC,

    Defendant.
_____/

Case No. 1:22-cv-304

Hon. Hala Y. Jarbou

# ORDER

This case, a putative class action brought by a resident and citizen of Michigan, asserts a claim under Michigan's Preservation of Personal Privacy Act. The complaint alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), which grants jurisdiction where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

A party invoking this Court's diversity jurisdiction must state all parties' citizenship so that the Court can confirm the existence of diversity. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). The citizenship of a corporation is its principal place of business and its place of incorporation. 28 U.S.C. § 1332(c)(1). Defendant appears to be a limited liability company. The citizenship of a limited liability company, limited partnership, or other unincorporated entity is the citizenship of each of its members. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). Consequently, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. Plaintiff's

complaint alleges Defendant's place of incorporation and principal place of business. It does not identify Defendant's members or allege facts regarding their citizenship. Thus, Plaintiff has not alleged sufficient facts to establish diversity jurisdiction. Accordingly,

**IT IS ORDERED** that Plaintiff **SHOW CAUSE** not later than seven days from the date of this order as to why the Court should not dismiss the case for lack of subject matter jurisdiction. To show cause, Plaintiff may file an amended complaint properly alleging subject matter jurisdiction. To properly allege subject matter jurisdiction, the complaint must identify each of Defendant's members (and sub-members, if applicable) and their citizenships. In the meantime, all normal rules and procedures remain in place. If Plaintiff fails to show cause or fails to file an amended complaint properly alleging subject matter jurisdiction within the time set forth herein, the Court will dismiss the case.

Dated:  July 8, 2022                          /s/ Hala Y. Jarbou
                                                                      HALA Y. JARBOU
                                                                      UNITED STATES DISTRICT JUDGE