IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

TIMOTHY BOZUNG, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

CHRISTIANBOOK, LLC,

        Defendant.

Case No.: 22-cv-00304-HYJ-RSK
Hon. Hala Y. Jarbou

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Timothy Bozung hereby submits this response to the Court's July 8, 2022 Order to Show Cause (the "OSC"). ECF No. 14, PageID.1121-1122.

In the OSC, the Court concludes that because Defendant is a limited liability company ("LLC"), the Complaint must identify Defendant's members or allege facts regarding their citizenship. *Id.*, PageID.1122. Plaintiff respectfully submits that the OSC's analysis incorrectly focuses on the citizenship of Defendant's members rather than Defendant's place of incorporation and principal place of business.

While it is true as a general matter that the "citizenship of a limited liability company, limited partnership, or other unincorporated entity is the citizenship of its members," a different standard applies when subject-matter jurisdiction is invoked pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Under CAFA, "an unincorporated association shall be deemed to be a citizen of a State

1

where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Although the rule refers to "unincorporated association[s]," courts have found that the rule also applies to limited liability companies. *Hyman v. TV Guide Magazine, LLC*, 2017 WL 4405009, at *2 (E.D. Mich. Oct. 4, 2017). Thus, because Plaintiff's Complaint alleges subject-matter jurisdiction pursuant to CAFA (ECF No. 11, PageID.588-589), the Court need only consider Defendant's principal place of business and the State under whose laws it is organized. *See Hyman*, 2017 WL 4405009, at *2. And here, the operative Complaint alleges that the Defendant is both incorporated and maintains its principal place of business in a state other than Michigan. (ECF No. 11, PageID.588-589) (incorporated in Delaware, principal place of business in Massachusetts). Plaintiff has thus adequately alleged diversity of citizenship pursuant to CAFA.

The decision in *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003 (6th Cir. 2009), cited in the OSC, is inapposite as the court's jurisdiction in *Delay* did not arise from CAFA. Thus, in *Hyman v. TV Guide Magazine, LLC*, Judge Murphy of the Eastern District of Michigan found that CAFA jurisdiction had sufficiently been invoked against an LLC publisher defendant in another Michigan Preservation of Personal Privacy Act case, distinguishing *Delay* in the process. *See Hyman*, 2017 WL 4405009, at *2. As Judge Murphy explained:

> Defendant argues that the owners of the LLC that owns Defendant reside in Michigan. ECF 15-2, PgID 222. The Court, however, must

> focus its attention on Defendant itself. The general rule is that an LLC's citizenship is determined by the citizenship of its members. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). But 28 U.S.C. § 1332(d)(10) changes the analysis when an LLC is party to a class action. It would be improper for the Court to ignore Congress's direction and revert to focusing on the citizenship of Defendant's membership.

*Id.*

Although the Sixth Circuit has not directly addressed the issue, every other circuit court of appeals that has addressed it is in accord with *Hyman*'s reasoning. *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010) (holding that a Tennessee limited liability company "is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10)" and a citizen of Tennessee); *Erie Ins. Exchange v. Erie Indem. Co.*, 722 F.3d 154, 161 n.7 (3d Cir. 2013) ("CAFA itself evinces an intent that suits by unincorporated associates be treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by the entity's principal place of business and not by the citizenship of its members."); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) ("For qualifying class actions . . . CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes[.]"); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that with Section 1332(d)(10) "Congress has created a statutory exception to" the general rule of citizenship for

unincorporated associations).

Thus, Plaintiff respectfully submits that he has properly invoked the Court's subject-matter jurisdiction pursuant to CAFA, even without alleging the citizenship of each of the members of the LLC Defendant. *See also Flores v. FCA US, LLC*, Case No. 19-cv-10417 (E.D. Mich. Apr. 1, 2019) (vacating a similar order to show cause—finding that an LLC is citizen of the State where it has its principal place of business and under whose laws it is organized for purposes of pleading—relying on similar CAFA provisions as above), attached as **Exhibit A**.

In the unlikely event that the Court disagrees with Plaintiff's position, Plaintiff respectfully requests that the Court compel Defendant to disclose whether any of its members are Michigan citizens. Membership information for LLCs is not readily available to Plaintiff or his counsel, and disclosing that information presents very little burden on Defendant. Indeed, as of the date of this filing, counsel for This Old House Ventures, LLC, in a similar case, with a similar order to show cause issued, confirmed by email that none of its members are Michigan citizens. *See Fotis et al. v. This Old House Ventures, LLC*, 1:22-cv-00549 PageID.553. Counsel for Defendant should be required to confirm by email that none of its members are Michigan citizens. Upon obtaining confirmation that none of Defendant's members are Michigan citizens for purposes of diversity, Plaintiff's counsel would promptly file an amended complaint alleging the citizenship of Defendant's members, should

the Court so require.

For the foregoing reasons, the Court should discharge the OSC and permit the action to proceed in the ordinary course or, alternatively, compel Defendant to disclose whether any of its members are Michigan citizens within seven (7) days (and provide Plaintiff an additional seven days thereafter to file an amended complaint that allege the citizenship of Defendant's members).

Dated: July 13, 2022            **THE MILLER LAW FIRM, P.C.**

By:   */s/ E. Powell Miller*
       E. Powell Miller

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (P85862)
Philip L. Fraietta (P85228)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
       pfraietta@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin
1395 Brickell Avenue, Suite 1140
Miami, FL 33131

Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinhall.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, E. Powell Miller, an attorney, hereby certify that on July 13, 2022, I served the above and foregoing *Plaintiffs' Response to Order to Show Cause* on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

/s/ E. Powell Miller
E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste 300
Rochester, MI 48307
Tel: 248.841.2200