**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

TIMOTHY BOZUNG, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CHRISTIANBOOK, LLC f/k/a CHRISTIAN BOOK DISTRIBUTORS CATALOG, LLC,

    Defendant.

Hon. Hala Y. Jarbou
Case No. 22-cv-00304-HYJ-RSK

**ORAL ARGUMENT REQUESTED**

**DEFENDANT CHRISTIANBOOK, LLC'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Christianbook, LLC ("Christianbook") hereby respectfully requests that this Court dismiss the First Amended Class Action Complaint ("Amended Complaint") of Plaintiff, Timothy Bozung, individually and on behalf of all others similarly situated, with prejudice, for failure to state a claim upon which relief can be granted.

As described in more detail in Christianbook's supporting brief (submitted herewith), Plaintiff's Amended Complaint does not plead sufficient nonspeculative factual detail to state a plausible claim for relief under Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id.* § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"). Separately, even if Plaintiff had plead the amount of factual support required to state a plausible PPPA claim, his Amended Complaint is subject to dismissal because it complains of alleged violations occurring before July 30, 2016, and Plaintiff did not file his Complaint until March 31, 2022, well outside of the three-year limitations

period set forth in Mich. Comp. Laws § 600.5805(2).  To the extent this Court disagrees that this section sets forth the applicable limitations period, and determines that the six-year period in Mich. Comp. Laws Ann. § 600.5813 controls, partial dismissal of Plaintiff's Complaint is nonetheless proper to the extent it complains of alleged violations occurring more than six-years before Plaintiff filed his Complaint—*i.e.*, March 31, 2016.[1]

WHEREFORE, Defendant respectfully requests that this Court grant this Motion to Dismiss, with prejudice, for failure to state a claim under Rule 12(b)(6).

---

[1] In addition, Plaintiff alleges diversity as the sole basis for federal jurisdiction, but he does not allege any facts regarding the membership and corresponding citizenship of Christianbook—a limited liability company—warranting dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Dated:  July 15, 2022                                    Respectfully submitted,

*/s/ Matthew J. Boettcher*
Matthew J. Boettcher
Mboettcher@plunkettcooney.mom
Patrick C. Lannen
Plannen@plunkettcooney.com
Plunkett Cooney, PC
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
Tel.:  (248) 901-4035
Fax:  (248) 901-4040

Jennifer L. Chunias
JChunias@goodwinlaw.com
Timothy Bazzle
TBazzle@goodwinlaw.com
Goodwin Procter LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.:  (617) 570-1000
Fax.:  (617) 523-1231

*Attorneys for the Defendant*

**LOCAL RULE 7.1(d) CERTIFICATION AND CERTIFICATE OF SERVICE**

The undersigned counsel certifies pursuant to Local Civil Rule 7.1(d) that, on July 15, 2022, counsel emailed Plaintiff's counsel to ascertain whether Plaintiff will oppose Christianbook, LLC's Motion to Dismiss. Plaintiff's counsel asked the undersigned for Christianbook's grounds for dismissal, and the undersigned stated that Christianbook is moving for dismissal under Rule 12(b)(6) for failure to state a claim. Plaintiff's counsel did not respond to the undersigned, and did not indicate whether Plaintiff would oppose the motion.

The undersigned further certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the non-registered participants this 15th day of July, 2022.

*/s/ Matthew J. Boettcher*
Matthew J. Boettcher

## LOCAL RULE 7.2(b)(ii) CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies pursuant to Local Civil Rule 7.2(b)(ii) that the accompanying Brief in Support of Defendant Christianbook, LLC's Motion to Dismiss contains 8,463 words, excluding the parts of the document that are exempted by Local Civil Rule 7.2(b)(i).  This word count was generated using Microsoft Word version 2180.

*/s/ Matthew J. Boettcher*
Matthew J. Boettcher