IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TIMOTHY BOZUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIANBOOK, LLC,<br><br>Defendant. | Case No. 1:22-CV-00304<br><br>Honorable Hala Y. Jarbou<br><br>Magistrate Judge Ray S. Kent |

**JOINT STATUS REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's July 28, 2022 Order (ECF No. 23), Plaintiff Timothy Bozung ("Plaintiff") and Defendant Christianbook, LLC ("Defendant") hereby submit the following Joint Status Report.

A Rule 16 Scheduling Conference is scheduled for September 1, 2022 at 10:00 A.M., before the Honorable Ray Kent. Appearing for the parties as counsel will be:

For Plaintiff:  Philip L. Fraietta and Frank S. Hedin

For Defendant: Jennifer Chunias, Timothy Bazzle and Dylan Schweers

**I.      JURISDICTION**

Plaintiff asserts that the Court has subject-matter jurisdiction over this action because the First Amended Complaint alleges that (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) the proposed class is comprised of at least 100 members. *See* 28

U.S.C. § 1332(d)(2)(A), (5)(B).

**II.    JURY OR NON-JURY**

This case **is** to be tried before a jury.

**III.   JUDICIAL AVAILABILITY**

The Parties **do not agree** to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

**IV.   STATEMENT OF THE CASE**

**Plaintiff's Statement:**   In this putative class action, Plaintiff alleges that before July 31, 2016, Defendant rented, exchanged, and/or otherwise disclosed its Michigan customers' detailed and personally identifiable magazine subscription records to numerous third parties, including, but not limited to, data aggregators, data appenders, data cooperatives, and list brokers.  Plaintiff alleges that by renting, exchanging, and/or otherwise disclosing such personal information before July 31, 2016, without notice or consent, Defendant violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id*. § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"). Accordingly, Plaintiff brought this action on behalf of herself and all similarly-situated Michigan customers to recover statutory damages, costs, and reasonable attorneys' fees.

**Defendant's Statement:**  Defendant denies any and all liability based on Plaintiff's allegations.  As argued more fully in Christianbook's pending motion to dismiss, Plaintiff fails to allege facts that plausibly support that Christianbook disclosed his or any putative class members' PPPA-protected information prior to July 31, 2016.  Defendant further argues that Plaintiff's claims are untimely under the three-year limitations period in Mich. Comp. Laws § 600.5805(2).  In short, Plaintiff's case is entirely without merit and should be dismissed, for the reasons Defendant has argued in full in its pending motion to dismiss.  Defendant also denies

that any class can be certified in the case, and denies that it is liable to the putative class in any respect.

## V.     PROSPECTS OF SETTLEMENT

Plaintiff is willing to participate in private mediation at this time.  Defendant believes that mediation is premature while its motion to dismiss is pending.  Defendant is not opposed to considering mediation at a later time, should the case proceed beyond the motion to dismiss stage.

## VI.    PENDENT STATE CLAIMS

This case **does not** include pendent state claims.  The only claim at issue in this case is a claim under the Michigan VRPA.

## VII.   JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

The Parties do not anticipate the need to amend the pleadings or add any additional parties at this time.  The Parties expect to file all motions for joinder or parties to this action and to file all motions to amend the pleadings by **November 4, 2022**.

## VIII.  DISCLOSURES AND EXCHANGES

   a. Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise.

        i. Plaintiff's position for Rule 26(a)(1) disclosures:  The Parties shall exchange Rule 26(a)(1) initial disclosures on or before **September 15, 2022**.

        ii. Defendant's position for Rule 26(a)(1) disclosures:  As set forth in greater detail in its statement in Section IX below, Defendant proposes that the Court stay discovery pending resolution of Defendant's fully-briefed, dispositive motion to dismiss ("Motion").  Should the Court deny

3

        Defendant's Motion, Defendant proposes that the Parties exchange Rule 26(a)(1) initial disclosures within fourteen (14) days of the Court's decision on Defendant's Motion.

b. Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses by **the close of fact discovery**. Defendant expects to be able to furnish the names of Defendant's expert witnesses 30 days following Plaintiff's expert disclosure.

c. It **would** be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

    i. Plaintiff's expert witness reports shall be disclosed on or before **June 30, 2023**;

    ii. Defendant's expert witness reports shall be disclosed on or before **August 25, 2023**.

d. The Parties are unable to agree on voluntary production at this time.

## IX. DISCOVERY

Recognizing that the precise contours of the case, including the amount of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).

Plaintiff proposes the following schedule:

a. Initial interrogatories and requests for the production of documents to be served by **December 16, 2022**.

b. Joint submission of a proposed Protective Order governing the production and exchange of confidential information by **November 4, 2022**.

  c. Amendments to Complaint, including addition of additional parties, to be completed by **November 4, 2022**.

  d. Document production shall be produced on a rolling basis at reasonable intervals and shall be substantially completed by **March 31, 2023**.

  e. Requests to Admit to be served no later than **April 21, 2023**.

  f. Fact discovery shall be completed no later than **May 26, 2023**.

  Plaintiff believes that discovery will be needed in the following areas: (i) the manner by which Defendant purports to obtain its customers' consent to rent, exchange, and/or otherwise disclose their magazine subscription records; (ii) any written notice Defendant provided to Plaintiff and the putative Class of their right to remove their names from any rentals, exchanges, and/or disclosures of customer lists, and the manner by which any such notice was provided; (iii) the identities of any third parties that receive Defendant's customers' magazine subscription records before July 31, 2016; (iv) copies of all transmissions of customers' magazine subscription records to third parties before July 31, 2016; (v) the contracts between Defendant and other third parties relating to the rentals, exchanges, and/or disclosures at issue; (vi) any and all contracts between Defendant and Plaintiff and the putative Class; (vii) subscription and payment records of Plaintiff and the putative class; and (viii) the size and identities of the putative Class members.

  Plaintiff **does not** believe discovery should be conducted in phases or limited in any manner because the issues pertaining to the named Plaintiff almost entirely overlap with the issues pertaining to the putative class.

  Plaintiff **does not** believe the time limits for depositions should be modified in this case.

  Plaintiff **opposes** Defendant's request to stay discovery pending the outcome of its motion to dismiss. As an initial matter, Judge Jarbou was clear at the July 26, 2022 status

5

conference that she would not stay this matter but for mediation. A stay of discovery pending resolution of the motion to dismiss would be plainly inconsistent with Judge Jarbou's direction.

Second, a stay of discovery is not warranted under the relevant caselaw. "It is [] well established that the filing of a motion to dismiss does not automatically warrant a stay of discovery." *AFT Michigan v. Project Veritas*, 294 F. Supp. 3d 693, 694 (E.D. Mich. 2018); *see also Williams v. New Day Farms, LLC*, 2010 WL 3522397, at *1 (S.D. Ohio Sept. 7, 2010) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)."). Thus, when considering requests to stay discovery pending a motion to dismiss, courts in this Circuit do "not stay discovery which is necessary to gather facts in order to defend against a motion to dismiss or when the party seeking discovery will be prejudiced by the delay." *Wilson v. McDonald's Corp.*, 2015 WL 13047572, at *3 (E.D. Mich. Apr. 28, 2015). Here, both factors are present. First, Defendant's motion to dismiss argues that: (i) Plaintiff inadequately alleged diversity jurisdiction because he "must allege the citizenship of each member of Christianbook in order to establish complete diversity between Plaintiff and Christianbook;" and (ii) Plaintiff inadequately alleged that Christianbook unlawfully disclosed customer information during the relevant time period. Mot. to Dismiss (ECF No. 19), at PageID.1146; PageID.1157-64. Discovery into each of these issues would bear on the motion to dismiss. Second, Plaintiff will be heavily prejudiced by a delay in discovery. This case involves alleged disclosures of customer information to a variety of third-party data companies that allegedly occurred over six years ago. Accordingly, the potential for evidence to be lost – particularly by third parties –

6

grows every day. Moreover, these third party relationships are confidential, therefore meaning Plaintiff cannot identify the third parties at this juncture, and therefore cannot even send preservation letters.

That Plaintiff has already served discovery while proposing a December 16, 2022, deadline to serve initial discovery requests is of no consequence. Plaintiff served his discovery requests as soon as discovery opened because, as explained below, Plaintiff anticipates that discovery in this matter will take time. To summarize, Plaintiff will need to get Defendant's responses, identify the relevant third parties, subpoena those third parties, and then gather documents from Defendant and those third parties before taking depositions. Based on prior experience, Plaintiff's counsel anticipates that process will likely involve some discovery disputes, both with Defendant and third parties, that will further delay the process. Moreover, in the "Sixth Circuit[], the preservation duty applies not only when the evidence is in the party's control; there is also a duty to notify the opposing party of evidence in the hands of third parties." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010); *see also J.S.T. Corp. v. Robert Bosch LLC*, 2019 WL 2324488, at *8 (E.D. Mich. May 30, 2019) ("[C]ourts in this district have sanctioned parties for failing to ensure the preservation of information in the possession, custody, or control of a third party where the party had a special relationship with the third party or unique circumstances demanded preservation.") (citing *Coach, Inc. v. Dequindre Plaza, LLC*, 2013 WL 2152038, at *7-10 (E.D. Mich. May 16, 2013) (citing cases). Thus, by serving his discovery requests as soon as discovery commenced, Plaintiff is attempting to ensure that Defendant will provide notice to all relevant third party recipients of its alleged disclosures of customer information to preserve that information for discovery in

this matter.

In sum, courts in the Sixth Circuit do not stay discovery "unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." The Court should not stay discovery pending Defendant's garden-variety Rule 12(b)(6) motion.

**Defendant's Position:**

Defendant filed a motion to dismiss Plaintiff's First Amended Complaint ("Motion") on July 15, 2022, and as of August 26, 2022, Defendant's Motion is fully briefed and pending before the Court.[1] Defendant's Motion seeks dismissal of Plaintiff's claims with prejudice on Rule 12(b)(6) grounds, and if the Court grants the Motion, would dispose of the case entirely. Accordingly, Defendant proposes that the Court stay discovery in this matter until Defendant's Motion is resolved. *See, e.g., Romar Sales Corp. v. Seddon*, No. 1:12-CV-838, 2013 WL 141133, at *3 (W.D. Mich. Jan. 11, 2013) (granting motion to stay discovery pending outcome of motion to dismiss). Doing so would promote judicial efficiency and preserve the parties' and Court's time and resources, by for instance, saving the parties' from the costs of propounding and responding to discovery that would be mooted and prove superfluous should the Court grant Defendant's Motion. *See id.* ("A motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of

---

[1] Plaintiff filed his original complaint on March 31, 2022, and Defendant filed its initial motion to dismiss the original complaint on June 10, 2022. Plaintiff then filed his First Amended Complaint on July 1, 2022. As a result, this case has already been pending for several months due to Plaintiff's decision to file the Amended Complaint, which prolonged the parties' briefing and resolution of this matter. As such, given on how long this case has already been pending, Plaintiff would not be prejudiced by delaying discovery until this Court rules on Defendant's Motion.

discovery justifies a delay in proceedings."). Indeed, underscoring why it is appropriate to stay discovery until Defendant's fully-briefed, dispositive Motion is resolved, moments after the parties completed their required Rule 16 meet and confer, Plaintiff served extensive discovery on Defendant (the "Discovery Requests"). First, it is extremely telling that Plaintiff already served its initial Discovery Requests upon Defendant, despite the fact that he has proposed December 16, 2022 as the deadline for the parties' initial discovery requests. Plaintiff has no need for discovery from Defendant at this stage in the proceedings, as made clear by his proposed deadline for initial requests, and therefore served his Discovery Requests in an attempt to burden Defendant. For this reason alone, there is "good cause" to stay discovery in this matter until resolution of the Motion. *See, e.g., Anderson v. Catalina Structured Funding Inc.,* 2021 WL 9000112, at *1 (W.D. Mich. July 1, 2021) ("Pursuant to Federal Rule of Civil Procedure 26(c)(1), for 'good cause,' a court may issue a protective order to protect a party from 'undue burden and expense,' in the form of a stay of discovery."); *see also Robinson v. Saad*, No. 4:19-cv-10584, 2020 WL 5761036, at *2 (E.D. Mich. Sept. 28, 2020) ("A motion to stay discovery may be viewed as a request for 'an order to protect a party or person from ... undue burden or expense ....' ") (quoting Fed. R. Civ. P. 26(c)(1)); *Lubinski v. Hub Grp. Trucking, Inc.,* No. 2:14-cv-02843, 2015 WL 4603878, at *1 (E.D. Tenn. July 30, 2015) ("Courts may ... stay discovery for 'good cause' to protect a party from 'undue burden or expense.'"). Second, the majority of the Discovery Requests seek documents and interrogatories related to Defendant's alleged disclosure of Plaintiff's PPPA-protected information, yet as stated throughout Defendant's Motion, Plaintiff's First Amended Complaint failed to sufficiently allege that any such disclosure occurred during the relevant time period. In other words, the Discovery Requests pertain to threshold questions

of law that are pending before this Court, and there is no need for Plaintiff to seek discovery at this time. *See Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). Third, the Discovery Requests seek documents and interrogatories related to class certification issues, which, according to Plaintiff's own proposed discovery schedule, is clearly premature at this stage of the proceedings. In sum, Plaintiff's PPPA claim is entirely without merit, for the reasons Defendant has argued in his pending Motion, and permitting Plaintiff free reign to fish for any manner of discovery concerning Defendant, to use however he sees fit, while Defendant has a Motion pending that seeks to dispose of Plaintiff's case in its entirety, is thus severely prejudicial to Defendant. Plaintiff, in contrast, would not be prejudiced by a stay on discovery pending resolution of Defendant's Motion. At bottom, this case is in its infancy, and a stay on discovery would in no way deprive Plaintiff of the opportunity to propound the same discovery he served on August 25, 2022 at a later date, should the Court deny Defendant's Motion.

Should the Court deny Defendant's Motion, Defendant would propose that the parties meet and confer and jointly propose a discovery schedule. Defendant expects that a discovery schedule that stages deadlines according to the timeframe that Plaintiff proposes herein would be reasonable.

Should the case proceed to discovery, Defendant believes that discovery will be needed in the following areas: (i) Plaintiff's alleged purchase(s) from Christianbook, (ii) Plaintiff's knowledge regarding, and consideration of, opt-out privacy language Christianbook provided

10

to him; (iii) Plaintiff's purchases from other companies that sell written materials and sound and video recordings directly to customers, and are thus subject to the PPPA; (iv) Plaintiff's fitness to serve as a representative of the putative class; (v) the extent to which common questions of law and fact exist as to all putative class members' claims; (vi) the typicality of Plaintiff's alleged claims as to the claims of the putative class.  Defendant reserves the right to seek discovery of additional categories of documents or information that discovery in this matter reveals to be necessary.

## X.     DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The Parties have discussed the production of electronically stored information and suggest that such information be handled as follows:  The Parties will negotiate and propose an ESI protocol on or before **November 4, 2022**.

## XI.    ASSERTION OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTION

The Parties agree to abide by the Federal Rules of Evidence with respect to assertion of claims of privilege or work-product immunity after production.

## XII.   MOTIONS

The Parties acknowledge that W.D. Mich. Local Civil Rule 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute.  In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

<u>Plaintiff</u>:  A motion for class certification and a motion for summary judgment.

<u>Defendant</u>: In addition to the pending motion to dismiss, a motion for summary

judgment. Defendant reserves its right to file any other pretrial motion it deems necessary.

The Parties propose the following briefing schedule for Plaintiff's Motion for Class Certification:

**Plaintiff's Position:**

Plaintiff will file his motion for class certification on or before **June 30, 2023**;

Defendant will file its opposition to Plaintiff's motion for class certification on or before **August 25, 2023**;

Plaintiff will file her reply in support of their motion for class certification on or before **September 29, 2023.**

The Parties will meet and confer on a briefing schedule for summary judgment motions after a decision on the motion for class certification.

**Defendant's Position**:

As stated in its response in Section IX, Defendant proposes that the Court stay discovery pending resolution of its fully-briefed, dispositive motion to dismiss ("Motion").  Should the Court deny Defendant's Motion and the case proceed to discovery, Defendant proposes that the parties meet and confer and jointly propose a briefing schedule for Plaintiff's Motion for Class Certification.  Defendant expects that a schedule that stages deadlines according to the timeframe that Plaintiff proposes herein would be reasonable.

XIII. **ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff is willing to engage in private mediation at this time.  Defendant is not willing to participate in private mediation at this time.

XIV. **LENGTH OF TRIAL**

Counsel estimate the trial will last approximately 3-5 days total, allocated as follows: 2-3 days for Plaintiff's case, 1-2 days for Defendant's case.  As this case is in its infancy, counsel

reserve the right to adjust this estimate.

### XV. ELECTRONIC DOCUMENT FILING SYSTEM.

Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner

### XVI. OTHER

The Parties are cognizant of this District's preference to conduct discovery in 6 months or less, however, given the complex nature of this case, and that it is a putative class action, the Parties believe 6 months is likely too ambitious. The Parties therefore have proposed approximately 8 months for fact discovery.

Dated: August 29, 2022            Respectfully submitted,

>                         /s/ E. Powell Miller
>                         E. Powell Miller (P39487)
>                         Sharon S. Almonrode (P33938)
>                         Dennis A. Lienhardt (P81118)
>                         William Kalas (P82113)
>                         THE MILLER LAW FIRM, P.C.
>                         950 W. University Drive, Suite 300
>                         Rochester, MI 48307
>                         Tel: 248-841-2200
>                         epm@millerlawpc.com
>                         ssa@millerlawpc.com
>                         dal@millerlawpc.com
>                         wk@millerlawpc.com

        Joseph I. Marchese (P85862)
        Philip L. Fraietta (P85228)
        BURSOR & FISHER, P.A.
        888 Seventh Avenue
        New York, New York 10019
        Tel: 646.837.7150
        Fax: 212.989.9163
        jmarchese@bursor.com
        pfraietta@bursor.com

        Frank S. Hedin
        David W. Hall
        HEDIN HALL LLP
        1395 Brickell Avenue, Suite 1140
        Miami, Florida 33131
        Tel: 305.357.2107
        Fax: 305.200.8801
        fhedin@hedinhall.com
        dhall@hedinhall.com

        *Attorneys for Plaintiff*

Dated:  August 29, 2022        Respectfully submitted,

        */s/ Matthew J. Boettcher*
        Matthew J. Boettcher
        Mboettcher@plunkettcooney.mom
        Patrick C. Lannen
        Plannen@plunkettcooney.com
        Plunkett Cooney, PC
        38505 Woodward Ave., Ste. 100
        Bloomfield Hills, MI 48304
        Tel.:  (248) 901-4035
        Fax:  (248) 901-4040

        Jennifer L. Chunias
        JChunias@goodwinlaw.com
        Timothy Bazzle
        TBazzle@goodwinlaw.com
        Dylan Schweers
        DSchweers@goodwinlaw.com
        Goodwin Procter LLP
        100 Northern Avenue
        Boston, Massachusetts 02210

Tel.: (617) 570-1000
Fax.: (617) 523-1231

*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

I, E. Powell Miller, an attorney, hereby certify that on August 29, 2022, I served the above and foregoing on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

>/s/ E. Powell Miller
E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste 300
Rochester, MI 48307
Tel: 248.841.2200