**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| TIMOTHY BOZUNG, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>CHRISTIANBOOK, LLC f/k/a CHRISTIAN BOOK DISTRIBUTORS CATALOG, LLC, )<br><br>Defendant. ) | Hon. Hala Y. Jarbou<br>Case No. 22-cv-00304-HYJ-RSK |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT CHRISTIANBOOK, LLC'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT (ECF NO. 18)**

Defendant Christianbook, LLC ("Christianbook") submits the decision in *Nashel, et al. v. The New York Times Co.*, No. 2:22-cv-10633, slip op., ECF No. 30 (E.D. Mich. Oct. 11, 2022) (Exhibit A) as additional authority in support of its pending Motion to Dismiss Plaintiff's First Amended Class Action Complaint (the "Motion to Dismiss") (ECF Nos. 18-19).[1]

Christianbook's Motion to Dismiss demonstrated that the Amended Complaint should be dismissed for failure to state a claim because, among other things, the only fact Plaintiff pleads in support of his PPPA claim is the existence of a NextMark "mailing list" that "counts" Christianbook customers from February 28, 2020 through February 28, 2022. ECF No 19, PageID.1151. This does not meet Rule 8 pleading requirements. Plaintiff alleged no facts

---

[1] Providing supplemental authority to a court after briefing on a motion has closed is a common practice. Indeed, Rule 28(j) of the Federal Rules of Appellate Procedure provides for the filing of "pertinent and significant authorities" that arise after the close of briefing.

1

supporting that Christianbook sold or otherwise disclosed the customer data contained in the "mailing list," or even that the customer data compiled in the "mailing list" identifies Christianbook customers' by their purchases. *Id.*, PageID.1158-1162. Even if the "mailing list" contains Christianbook customer data, that data was gleaned from customers counted from February 2020 through February 2022, not from the pre-July 30, 2016 period in which Plaintiff alleges Christianbook disclosed his and the putative class's data. *Id.*, PageID.1161.

The *Nashel* decision validates these arguments. Just like Plaintiff, the *Nashel* plaintiffs argued that an obsolete NextMark "mailing list" showing customer "counts" through 6/30/2007 supported an inference that the defendant violated the PPPA during the relevant pre-July 31, 2016 period. Ex. A, at 9-10; *see also Nashel, et al. v. The New York Times*, 22-cv-10633, ECF No. 16-2, PageID.719. The court held that these allegations "fail to clear the plausibility threshold" because the data cards "were posted years before the relevant period," Plaintiffs' only "cure for the timing issue" was a "legal-conclusion inference" that made their allegations "merely *possible* rather than plausible," and the "data cards . . . fail to support a crucial element of Plaintiffs' alleged action: that *Defendant* engaged in the business of selling written material to disclose information personally identifying the customer." Ex. A, at 9-11 (emphasis in original) (citation omitted). In short, the *Nashel* court was faced with the exact same PPPA claim as this Court is here, supported by a comparably outdated NextMark "mailing list" purporting to "count" individuals who made purchases years outside the period in which the PPPA claim accrued, and concluded that those allegations did not plausibly state a claim for relief.[2]

---

[2] The *Neshel* plaintiffs alleged that their PPPA claims were supported not only by the NextMark mailing list, but also by defendant's 2015 "Privacy Policy" and a 2020 case study indicating that a "list" of defendant's customers was rented. Ex. A, at 3-4. The *Neshel* plaintiffs marshalled far more factual support for their claims than Plaintiff has for his, and they were still dismissed. It follows that Plaintiff should suffer the same fate for his more sparsely pled PPPA claim.

For these reasons, and those previously set forth in the Motion to Dismiss, the Court should dismiss Plaintiff's Amended Complaint with prejudice.

Dated:  October 12, 2022            Respectfully submitted,

*/s/ Matthew J. Boettcher*
Matthew J. Boettcher
Mboettcher@plunkettcooney.mom
Patrick C. Lannen
Plannen@plunkettcooney.com
Plunkett Cooney, PC
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
Tel.:  (248) 901-4035
Fax:  (248) 901-4040

Jennifer L. Chunias
JChunias@goodwinlaw.com
Timothy Bazzle
TBazzle@goodwinlaw.com
Dylan Schweers
DSchweers@goodwinlaw.com
Goodwin Procter LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.:  (617) 570-1000
Fax.:  (617) 523-1231

*Attorneys for Christianbook, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 12, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which caused it to be served on all counsel of record.

*/s/ Matthew J. Boettcher*
Matthew J. Boettcher