IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

TIMOTHY BOZUNG, individually and on behalf of all others similarly situated,

                Plaintiff,

v.

CHRISTIANBOOK, LLC,

                Defendant.

Case No.:  22-cv-00304-HYJ-RSK
Hon. Hala Y. Jarbou

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Timothy Bozung hereby submits this Response to Defendant's Notice of Supplemental Authority (ECF No. 30) ("NSA") regarding a recent decision in *Nashel, et al. v. The New York Times Co.*, No. 2:22-cv-10633, slip op. (E.D. Mich. Oct. 11, 2022) (*see* ECF No. 30-1).

The NSA portrays the allegations in *Nashel* as identical to those in this case, but that is not correct. As the NSA concedes, *Nashel* concerned "an obsolete NextMark 'mailing list' showing customer 'counts' through 6/30/2007." NSA at PageID.1270. Here, by contrast, the operative complaint recites the exact text of Defendant's data card that was publicly on display on NextMark's and other list brokers' websites ***during the relevant time period***, and then goes on to allege numerous facts showing that Defendant, consistent with the advertised data card, was actively disclosing its entire subscriber database to numerous third parties over the same time period. *See* First Amended Complaint (ECF No. 11) ("FAC") ¶ 4 (alleging that, during the relevant pre-July 31, 2016 time period (i.e., December 21, 2015 through July 30, 2016),

1

Defendant publicly advertised a mailing list that "contained the Private Reading, Listening, and Viewing Information of 1,407,451 customers of Christianbook . . . at a base price of $95/M per thousand, (i.e., 9.5 cents apiece)"); *id.* ¶¶ 7, 63-65; *see also* ECF No. 24 at 21, PageID.1203. Thus, the "timing issue" found to be determinative by the court in *Nashel* simply does not exist in this case. NSA at PageID.1270.

Unconstrained by any such "timing issue," the allegations of the FAC easily state a claim for violation of the PPPA. As Plaintiff explained in his Opposition (ECF No. 24), the FAC specifically alleges that Defendant disclosed its entire subscriber database, including Plaintiff's and all its other Michigan customers' Private Reading, Listening, and Viewing Information, to numerous third parties, including data aggregators, data appenders, data cooperatives, and other consumer-facing companies during the relevant pre-July 31, 2016 time period. ECF No. 24 at PageID.1192 (citing FAC ¶¶ 1-4, 7, 63-65). These are well-pled factual allegations that must be accepted as true for purposes of deciding the pending motion to dismiss, and they more than plausibly demonstrate Plaintiff's entitlement to relief under the PPPA – as every other court to have presided over a PPPA action premised on substantially the same allegations (other than the court in *Nashel*) has concluded. *Id.* at PageID.1193 (citing cases).

Finally, unlike in *Nashel*, this Court ordered discovery to commence prior to a decision on Defendant's motion to dismiss, and the parties recently completed their exchange of initial disclosures pursuant to Rule 26(a)(1)(A). Defendant's initial disclosures not only corroborate the FAC's allegations – they also conclusively confirm that Defendant disclosed its entire subscriber database (including Plaintiff's and Class members' personal information) to various third parties during the relevant pre-July 31, 2016 time period. Specifically, the disclosures identify four Christianbook employees who are "likely to have knowledge regarding . . . (i)

2

Christianbook's disclosure of information concerning its Michigan customers who purchased written materials, sound recordings and/or video recordings from December 21, 2015 to July 31, 2016; (ii) contracts Christianbook entered into with third parties, in force from December 21, 2015 to July 31, 2016, setting forth the terms, circumstances and conditions under which Christianbook disclosed information to those parties." Ex. A at 3-6. Moreover, Defendant's Rule 26(a)(1) disclosures also identify six individuals from InfoGroup Media Solutions, Experian Marketing Services, Atlantic List Company, Inc., Wiland Direct, I-Behavior Inc., and Datalogix/Oracle who have "knowledge regarding . . . (i) Christianbook's disclosure of customer lists to [that entity during the relevant time period]; and (ii) Christian book's contract with [that entity] setting forth the terms, circumstances and conditions under which Christianbook disclosed customer lists to [that entity]." *Id.* at 7-9. The only reason these individuals have knowledge of Christianbook's disclosures of its Michigan customers' Private Reading, Listening, and Viewing Information to numerous third party data companies during the relevant time period is because Christianbook disclosed its Michigan customers' Private Reading, Listening, and Viewing Information to numerous third party data companies during the relevant time period.

      Notably, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is based entirely on the argument that the FAC fails to adequately allege disclosures of Defendant's customers' information to third parties during the relevant time period – the precise subject matter that Defendant has now disclosed is within the knowledge of no less than 10 persons associated or affiliated with its company. Thus, even in the unlikely event the Court finds that the allegations of the FAC fail to adequately state a claim for relief, any order of dismissal should be without prejudice and with leave to amend, to allow Plaintiff to add additional allegations consistent with the information disclosed by Defendant in its initial disclosures.

Dated:  October 13, 2022

**THE MILLER LAW FIRM, P.C.**

By:   */s/ E. Powell Miller*
          E. Powell Miller

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (P85862)
Philip L. Fraietta (P85228)
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  jmarchese@bursor.com
         pfraietta@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin
1395 Brickell Avenue, Suite 1140
Miami, FL  33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email:  fhedin@hedinhall.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2022, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

                                          */s/ E. Powell Miller*
                                        E. Powell Miller (P39487)
                                        **THE MILLER LAW FIRM, P.C.**
                                        950 W. University Dr., Ste. 300
                                        Rochester, MI 48307
                                        Tel: (248) 841-2200
                                        epm@millerlawpc.com