UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TIMOTHY BOZUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIANBOOK, LLC,<br><br>Defendant. | Civil Action No.: 22-cv-00304<br><br>Hon. Hala Y. Jarbou |

## [PROPOSED] CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into between Plaintiff Timothy Bozung through his counsel, and Defendant Christianbook, LLC ("Defendant") through its counsel (each a "Party," and collectively, the "Parties");

WHEREAS, in the course of this litigation, the Parties have sought or may seek certain discovery from one another or from certain third parties (each, a "Non-Party"), including through service of document requests, interrogatories, depositions, subpoenas, and otherwise as provided by the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's September 8, 2022 Case Management Order ("Discovery Requests"); and to expedite the exchange of discovery materials, to facilitate the prompt resolution of disputes over confidentiality, and to protect discovery material entitled to be kept confidential, the Parties stipulate and agree as follows:

  1.  This Order applies to all information, documents and things exchanged in or subject to discovery in this litigation either by a Party or a Non-Party (each a "Producing

1

Person") in response to or in connection with any request for information or discovery related to the litigation, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents and things produced (including documents and things produced to the receiving Party for inspection and documents and things provided to the receiving Party, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, studies, reports, illustrations, and excerpts thereof (collectively referred to as "Discovery Material"). The Party seeking documents from a Non-Party shall provide a copy of this Order to the Non-Party with a subpoena or any other request for information.

2. The Parties agree that the Parties shall submit this Order to the Court, without alteration, to serve as a Stipulated Protective Order for governing information exchanges and discovery. The Parties expressly agree to abide by the terms of this agreement even if this Order is not entered by the Court for any reason, unless the Court otherwise determines.

3. A Producing Person may designate Discovery Material as "Confidential" in the manner provided in paragraphs 4 and 10 below, if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information: (i) that has not been made public and that the Producing Person would not want to be made public in the ordinary course of its activities, including, but not limited to, trade secret, proprietary, technical, business, financial, personal, or any other commercial information or other information of a nature that can be protected under Federal Rule of Civil Procedure 26(c); (ii) that reveals an individual's medical information or personal identity information; (iii) that is prohibited from

disclosure by statute; (iv) that the Producing Person is under a preexisting obligation to a third-party to treat as confidential; or (v) that the Producing Person has in good faith been requested by another Party or Non-Party to so designate on the ground that such other Party or Non-Party considers such material to contain information that is confidential or proprietary to such Party or Non-Party.  For purposes of this Order, any confidential designation shall thereafter include all copies of such materials delivered to or maintained by the receiving Party, their counsel and experts, as well as all summaries, studies, reports, exhibits, illustrations, or other materials or communications of any kind, created by experts, consultants or others, based upon, referring to, revealing, including, or incorporating in any way, in whole or in part, such confidential material.

    4.    Where reasonably practicable, any Confidential Discovery Material shall be designated by the Producing Person as such by marking every such page "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER 22-CV-00304 (W.D. MICH.)."  Such markings should not obliterate or obscure the content of the material that is produced.  Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Confidential" by informing the person to whom the material is provided, in writing in a clear and conspicuous manner at the time of production of such material, that such material is "Confidential."

    5.    Discovery Material, including Confidential Discovery Material, may be used solely for the prosecution, defense or settlement of this litigation and shall not be used by any other Party, other than the Party that produced it, in any other proceeding, for business, competitive, or publicity purposes, or for any other purpose whatsoever.  Nothing herein, however, shall restrict any Party's use of documents obtained from any source other than

another Party or Non-Party during discovery in this litigation, regardless of whether such documents are also produced in discovery in this litigation. Recipients of Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

6. Confidential Discovery Material shall be given, shown, made available to or communicated only to the following:

    a. Parties, their insurers, counsel to their insurers, and outside counsel and staff working under the express direction of the Parties;

    b. inside counsel for Defendant and its staff;

    c. the Court overseeing this litigation, and its officers and clerical staff;

    d. experts and consultants (and their respective staff) that are retained in connection with this litigation;

    e. any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Material;

    f. any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, during or in preparation for his or her noticed deposition, hearing or trial testimony where such Confidential Discovery Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, provided, however that such Confidential Discovery Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Confidential Discovery Material;

    g. outside photocopying, graphic production services, or litigation support services;

    h. court reporters, stenographers, or videographers who record deposition or other testimony in the litigation; and

        i.     any other person or entity with respect to whom the Producing Person may consent in writing.

7. Before any person or their representative identified in Paragraph 6(d) through 6(i) is given access to Discovery Materials designated "Confidential," such person or their representative shall be provided with a copy of this Order and shall acknowledge in a written statement, in the form provided as Exhibit A hereto, that he or she read the Order and agrees to be bound by the terms thereof. Such executed forms shall be retained in the files of counsel for the Party who gave access to the Discovery Materials designated as "Confidential" to the person who was provided such access. Such executed forms shall not be subject to disclosure under the Federal Rules of Civil Procedure or the Local Rules of this Court unless a showing of good cause is made and the Court so orders.

8. Any Party wishing to use Confidential Discovery Material in a filing must seek permission by the Court to file such material under seal and, to the extent such permission is granted, thereafter must file such Confidential Discovery Material under seal. No later than forty-eight (48) hours prior to filing any such motion to seal, the Party wishing to use Confidential Discovery Material must notify the designating Party and any other Party with an in interest in preserving the confidentiality of the Confidential Discovery Material and provide them with the opportunity to propose redactions to such Confidential Discovery Material. The designating Party and any other Party with an interest in preserving the confidentiality of the Confidential Discovery Material shall provide any such proposed redactions to the Party wishing to use Confidential Material within twenty-four (24) hours so that the Party may include such proposed redactions in its motion to seal Confidential Discovery Material. Confidential Discovery Material and any copies thereof, and the information contained therein that are filed with the Court or any pleadings, motions or other papers filed with the Court shall

be filed under seal in a separate sealed envelope conspicuously marked "Filed Under Seal – Subject to Confidentiality Order," or with such other markings as required by the Court's rules (*see* L.R. 10.6). Where possible, only those portions of filings with the Court that disclose Confidential Discovery Material shall be filed under seal. Each filing party will make a good faith effort to file Confidential Discovery Material under seal. If Confidential Discovery Material is not accepted for filing by the Court under seal, then such Confidential Discovery Material shall be filed or presented as the Court instructs.

9. The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court, except as provided in this paragraph. Prior to the use of any Confidential Discovery Material at trial or any hearing to be held in open court, counsel for any Party (whether or not a Producing Person) who desires to so offer or use such Confidential Discovery Material shall meet and confer with the Producing Person together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact or limit disclosure of the Confidential Discovery Material so that the material may be offered or otherwise used by any Party. If the Parties are unable to resolve a dispute involving such redaction, the Party seeking to use such materials at trial or any hearing may then move the Court to resolve any such dispute.

10. In the case of depositions, if counsel for a Party or Non-Party believes that a portion or all of the testimony given at a deposition constitutes Confidential Discovery Material of such Party or Non-Party, counsel shall so state on the record and shall request that the entire transcript or the relevant portion of testimony be sealed. The court reporter, who shall first have agreed to abide by the terms of this Order, shall be instructed to include on the cover page

of each sealed transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." In addition, each page of the transcript containing information designated as Confidential shall include the legend "Confidential." If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "Confidential" as appropriate, if any portion of the transcript itself is so designated. When testimony is designated as Confidential during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated. In addition, any Party or Non-Party may designate the transcript or videotape of a deposition as Confidential within seven (7) court days of the Party's or Non-Party's receipt of the final transcript from the court reporter. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that constitute items designated as Confidential Discovery Material, and directing the court reporter to place the same under seal as provided in this Paragraph 10. Until expiration of the aforesaid seven (7) court days period following receipt of the transcript by the Parties, all deposition transcripts and videotapes shall be considered and treated as "Confidential" unless otherwise agreed on the record at the deposition. Nothing in this Paragraph 10 shall apply to or affect the confidentiality designations on documents or materials entered as exhibits at depositions.

    11.    To the extent that any Discovery Material (including, but not limited to, Confidential Discovery Material) includes information the disclosure of which could be deemed to be a violation of the Michigan Video Rental Privacy Act (the "PPPA"), M.C.L. § 445.1711, et seq., this Order shall serve as a "court order" within the meaning of Section 3(b) of the PPPA

permitting such information to be disclosed.

12.     Nothing herein shall be a waiver or relinquishment by any person of any right to object to any discovery request, to seek to quash any discovery request served on a non-Party, to object to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

13.     A receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by another Producing Party of Discovery Materials as "Confidential" during the discovery period shall not be a waiver of that Party's right to object to the designation at trial.

14.     The provisions of this Order shall survive the final termination of the litigation for any retained Discovery Material.  Within 60 days after dismissal or entry of final judgment not subject to further appeal, all Discovery Material under this Order, including copies (other than those contained in pleadings, correspondence, work product, and deposition transcripts) shall be returned to the Producing Party, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return, and the receiving Party certifies in writing to the Producing Party that the documents have been destroyed; or (3) as to documents varying the notations, summations, or other mental impressions of the receiving Party, that party elects to destroy the documents and certifies to the Producing party that it has done so. If any Discovery Material has been furnished under this Order to any expert or other third party, counsel for the party furnishing the Discovery Material shall request in writing that all such Discovery Material,

other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, be returned to counsel or destroyed. Notwithstanding the above stated requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index that refers to or relates to Discovery Material so long as that work product does not duplicate verbatim substantial portions of the Discovery Material, and (2) one complete set of all documents filed with the court including those filed under seal. Any retained Discovery Material shall continue to be protected by this Order. Filings under seal shall be deleted from the ECF system only upon order of the court. These provisions apply equally to Confidential Discovery Material.

15.  Any document, material, or information supplied by a third party may be designated by such third party or by any party to this proceeding as "Confidential" under the terms of this Protective Order, and such designation by any third party shall have the same force and effect as if made by a Party. The failure of any Party to designate as "Confidential" any document, material, or information supplied by a third party that the third party did not designate as "Confidential" shall not be a waiver of that Party's right to later designate the document, material, or information as "Confidential," or as an admission that the document, material, or information is not "Confidential."

16.  Any Party may move to modify the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to modify the provisions of the Order.

17.  If a Party or its counsel inadvertently disclosed Confidential Discovery Material to persons who are not authorized pursuant to this Order To use or possess the Confidential Discovery Material, the Party who inadvertently disclosed the Confidential Discovery Material

shall (i) provide prompt written notice of the disclosure to the designating Party upon learning of its inadvertent disclosure; and (ii) seek the immediate return of the Confidential Discovery Material from the unauthorized party in possession of it.

18. Any Party, Non-Party, or person subject to this Order that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of another Party's or Non-Party's information designated under one of the categories of confidentiality pursuant to this Order: (i) shall promptly notify that Party or Non-Party, and in no event more than five (5) court days after receiving the subpoena or order, to enable it to have an opportunity to appear and be heard on whether that information should be disclosed; (ii) shall not provide such materials without the consent of that Party, or while a motion for a protective order or other legal intervention brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless required by law or regulation; (iii) shall cooperate with that Party to prevent the unauthorized production of documents.

19. Nothing in this Order affects the right of any Producing Person that designates material "Confidential" to use or disclose such material in any way. Such disclosure will not waive the protections of this Order and will not entitle other Parties, Non-Parties, or their attorneys to use or disclose such material in violation of this Order, except that if the Producing Person uses such material in a manner inconsistent with its confidential status, then that will serve as a basis to object to the designation.

20. Except as provided in this paragraph, following a Producing Person's production or dissemination of Discovery Material, the failure to designate particular Discovery Material as "Confidential" at the time of production shall not operate to waive a claim that the Discovery

Material is "Confidential." No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, any such Discovery Material shall be treated as "Confidential" in accordance with this Order; provided, however, that if the Discovery Material that was not designated is, at the time of the later designation, filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief. If an omitted "Confidential" designation is first claimed during the course of a deposition or hearing, the subject Discovery Material will be used during that day's deposition or hearing as though such designation had been previously made.

21. The production of information or documents subject to a claim of privilege or of protection as trial preparation material shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information either in connection with the litigation or in any other state or federal proceeding. In the event that any information or documents subject to a claim of privilege or of protection as trial preparation material is produced, the Producing Person may notify any Party or Non-Party that received the information or documents of the Producing Party's claim of privilege or work-product immunity and the basis for its claim. After being notified, a Party or Non-Party must promptly return or destroy the specified information or documents and any copies it has; must not use or disclose the information or documents until the claim is resolved; must take reasonable steps to retrieve the information or documents if the party disclosed it before being notified; and may promptly present the information or documents to the court under seal for a determination of the claim. The Producing Person must

preserve the information or documents until the claim is resolved. Nothing herein shall be construed to prejudice any Party's right to argue that any document or information is or is not privileged under applicable law.

22. Nothing herein shall be deemed to prevent a Party or Non-Party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a Party or Non-Party from seeking additional or further limitations on the use or disclosure of such information. Should a party wish to object to a "Confidential" designation of any Discovery Materials (the "Objecting Party"), the Objecting Party shall notify the designating Party in writing of the basis for the dispute ("Designation Objection"). In its Designation Objection, the Objecting Party shall identify the specific Discovery Material as to which the designation is disputed (i.e., by document bates numbers, deposition transcript page and line reference, description of category of documents, or other means sufficient to locate such materials). An Objecting Party challenging the designation of "Confidential" must do so in good faith and must begin the process by conferring directly with counsel for the designating Party, within ten (10) days of asserting the Designation Objection. In conferring, the Objecting Party must explain the basis for its belief that the designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within ten (10) days of the meet and confer.

23. If no resolution is reached, the Objecting Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Any

Confidential Discovery Material filed or otherwise set forth in any such motion or response to such motion shall comport with the procedures set forth in paragraph 8 and L.R. 10.6. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. In connection with any motion concerning the propriety of a "Confidential" designation, the Party objecting to the designation shall bear the burden of proof. Until the Court rules on the challenge, all Parties shall continue to treat the materials as "Confidential" under the terms of this Order. Nothing in this Order shall be deemed to prevent the Designating Party from arguing for limits on the use or manner of dissemination of Discovery Materials that is found to no longer be "Confidential."

24. The Parties agree that the Designating Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to prevent disclosure of personally identifiable information, in addition to any other remedy the party may be entitled to at law or in equity if the court determines that the party who received Confidential Discovery Material that contains personally identifiable information has breached or is breaching or threatening to breach this Order.

25. The provisions of this Order shall survive the final termination of the litigation for any retained Confidential Discovery Material.

26. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: _____, 2022

**SO ORDERED.**

———————————————
UNITED STATES DISTRICT JUDGE

STIPULATED TO:

_[signature]_

Jennifer L. Chunias
Timothy Bazzle
Dylan Schweers
GOODWIN PROCTER LLP
100 Northern Avenue
660 Woodward Ave.
Boston, MA 02210
Tel: (617) 570-1000
jchunias@goodwinlaw.com
tbazzle@goodwinlaw.com
dschweers@goodwinlaw.com

*Attorneys for Defendant*

_[signature]_

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Tel: (212) 989-9113
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Wall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, FL 33131
Tel: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinhall.com
      dhall@hedinhall.com

E. Powell Miller
Sharon S. Almonrode
Dennis A. Lienhardt
THE MILLER LAW FIRM, P.C.
950 W. Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200

Email: epm@millerlawpc.com
      ssa@millerlawpc.com
      dal@millerlawpc.com
*Attorneys for Plaintiff*

## Exhibit A

## DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I, _____ declare under penalty of perjury that:

1. My address is _____

2. My present employer is

   _____

3. My present occupation or job description is

   _____

   _____

4. I hereby certify and agree that I have read and understand the terms of the Stipulated Protective Order relating to the litigation between Timothy Bozung and Christianbook, LLC. I further certify that I will not use "Confidential" information for any purpose other than this litigation, and will not disclose or cause "Confidential" information to be disclosed to anyone not expressly permitted by the Order to receive "Confidential," as applicable, information. I agree to be bound by the terms and conditions of the Order.

5. I understand that I am to retain in confidence from all individuals not expressly permitted to receive information designated as "Confidential," whether at home or at work, all copies of any materials I receive which have been designated as "Confidential," and that I will carefully maintain such materials in a container, drawer, room or other safe place in a manner consistent with the Order. I acknowledge that the return or destruction of "Confidential" material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6. I acknowledge and agree that I am aware that by receiving materials designated "Confidential" (a) I may be receiving material non-public information about companies and (b) there exists laws, including federal securities laws, that may restrict or eliminate the sale or purchase of securities and debt of the such companies as a result of the receipt of such information.

7. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

_____
(Signature)