# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TIMOTHY BOZUNG, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>CHRISTIANBOOK, LLC f/k/a CHRISTIAN BOOK DISTRIBUTORS CATALOG, LLC,<br><br>        Defendant. | Case No. 22-cv-00304-HYJ-RSK<br><br>Honorable Hala Y. Jarbou<br><br>Magistrate Judge Ray S. Kent |

**<u>PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL</u>**

# QUESTIONS PRESENTED

1. Should the Court compel Defendant to produce all responsive documents to Plaintiff's Requests for Production Nos. 23, 27, 28, 29, and 30, where Plaintiff served its 30 Requests prior to the Court's Case Management Order providing for 20 requests for production of documents, and where Plaintiff later offered, and offers, a compromise to omit ten (10) other requests, Nos. 9, 15, 16, 19, 20, 21, 22, 24, 25, and 26?

   **Plaintiff Answers:** **Yes.**

2. Are Defendant's "General Objections" to Plaintiff's Requests for Production improper, and, if so, should the Court compel Defendant to produce Amended Responses and Objections stating whether responsive materials are being withheld—and the basis of any objection?

   **Plaintiff Answers:** **Yes.**

3. Should Defendant be ordered to produce any nonprivileged documents that are being withheld as a result of its objection to the Class Period as defined in the Complaint?

   **Plaintiff Answers:** **Yes.**

4. May the Court set a deadline for Defendant to substantially complete production of responsive documents to Plaintiff's Requests?

   **Plaintiff Answers:** **Yes.**

5. Should Defendant be ordered to produce a privilege log that details all of the otherwise responsive documents that Defendant has withheld from production pursuant to any claim of privilege, immunity, doctrine, or the like (with sufficient information for Plaintiff to understand the nature of the documents being withheld and the basis for the refusal to produce such documents)?

   **Plaintiff Answers:** **Yes.**

# MOST CONTROLLING AUTHORITY

*Bledsoe v. FCA US LLC*, 2021 WL 1720833 (E.D. Mich. Apr. 30, 2021)

*NAB Holdings, LLC v. Cloudmybiz*, 2020 WL 12738918 (E.D. Mich. Nov. 20, 2020)

*Krassick v. Archaeological Institute of Am.*, 2022 WL 2071730 (W.D. Mich. June 9, 2022)

*Jagielo v. Van Dyke Pub. Sch.*, 2010 WL 259053 (E.D. Mich. Jan. 20, 2010)

Fed. R. Civ. P. 26

Fed. R. Civ. P. 33(b)(4)

Fed. R. Civ. P. 34(b)(2)(B)

Fed. R. Civ. P. 34(b)(2)(C)

Mich. Executive Order 2020-58

Mich. Supreme Court Administrative Order 2020-3

**TABLE OF CONTENTS**

I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ......................................... 1

II. DEFENDANT'S "GENERAL OBJECTIONS" ARE IMPROPER AND SHOULD BE STRICKEN ................................................................................................................................ 5

III. DEFENDANT MAY NOT UNILATERALLY DETERMINE THAT COVID TOLLING DOES NOT APPLY ................................................................................................................ 6

IV. THE COURT SHOULD ORDER DEFENDANT TO SUBSTANTIVELY RESPOND TO REQUESTS FOR PRODUCTION NOS. 21-30. ..................................................................... 8

V. GIVEN DEFENDANT'S FAILURE TO PROVIDE A PRIVILEGE LOG, THE COURT SHOULD DEEM WAIVED ITS ASSERTIONS OF ANY PRIVILEGE, IMMUNITY, DOCTRINE, OR THE LIKE AS A BASIS FOR WITHHOLDING RESPONSIVE DOCUMENTS, OR, ALTERNATIVELY, SHOULD ORDER DEFENDANT TO PRODUCE A PRIVILEGE LOG FORTHWITH. ................................................................................................ 9

VI. THE COURT SHOULD SET A DATE FOR SUBSTANTIAL COMPLETION OF DOCUMENT PRODUCTION ................................................................................................ 11

VII. CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Bledsoe v. FCA US LLC*,
  2021 WL 1720833 (E.D. Mich. Apr. 30, 2021) ............................................................. 7
*Bownes v. Borroughs Corp.*,
  2021 WL 1921066 (W.D. Mich. May 13, 2021) ............................................................ 6
*Carhartt, Inc. v. Innovative Textiles, Inc.*,
  333 F.R.D. 118 (E.D. Mich. 2019) (Whalen, M.J.) ...................................................... 9
*Catrinar v. Wynnestone Communities Corp.*,
  2016 WL 1084687 (E.D. Mich. Mar. 21, 2016) ............................................................ 9
*Clark Const. Grp., Inc. v. City of Memphis*,
  2005 WL 6187896 (W.D. Tenn. Feb. 9, 2005) ........................................................... 10
*Gonzalez, Jr. v. Ohio Cas. Ins. Co.*,
  2008 WL 795757 (E.D. Mich. 2008) .............................................................................. 9
*Jagielo v. Van Dyke Pub. Sch.*,
  2010 WL 259053 (E.D. Mich. Jan. 20, 2010) ......................................................... 9, 11
*Krassick v. Archaeological Institute of Am.*,
  2022 WL 2071730 (W.D. Mich. June 9, 2022) ............................................................. 7
*NAB Holdings, LLC v. Cloudmybiz*,
  2020 WL 12738918 (E.D. Mich. Nov. 20, 2020) .......................................................... 5
*United States v. Dakota*,
  188 F.3d 663 (6th Cir. 1999) .......................................................................................... 9
*Ypsilanti Comm. Utilities Auth. v. Meadwestvaco Air Sys., LLC*,
  2009 WL 3614997 (E.D. Mich. Oct. 27, 2009) ............................................................. 9

**Statutes**

Mich. Comp. Law § 600.5813 ................................................................................................. 6

**Other Authorities**

Mich. Executive Order 2020-122 ............................................................................................ 6
Mich. Executive Order 2020-58 .............................................................................................. 6
Mich. Supreme Court Administrative Order 2020-18 ............................................................. 6
Mich. Supreme Court Administrative Order 2020-3 ............................................................... 6

**Rules**

Fed. R. Civ. P. 26 ..................................................................................................................... 3
Fed. R. Civ. P. 26(b)(1) ........................................................................................................... 7
Fed. R. Civ. P. 26(b)(5) ...................................................................................................... 9, 11
Fed. R. Civ. P. 26(d)(1) ........................................................................................................... 1
Fed. R. Civ. P. 26(f) ................................................................................................................. 1
Fed. R. Civ. P. 33(b)(4) ........................................................................................................ 3, 5
Fed. R. Civ. P. 34 ..................................................................................................................... 2
Fed. R. Civ. P. 34(b) ................................................................................................................ 9
Fed. R. Civ. P. 34(b)(2)(B) .................................................................................................. 3, 5
Fed. R. Civ. P. 34(b)(2)(C) .................................................................................................. 3, 5

As noted in Plaintiff's Motion, following a lengthy but unsuccessful meet-and-confer process, Plaintiff moves here to compel Defendant Christianbook to produce all responsive, non-privileged documents in response to Plaintiff's Requests for Production and to provide substantive responses to Plaintiff's First Set of Interrogatories.

I.       **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff commenced this action on March 31, 2022, by filing a Class Action Complaint. (ECF No. 1.) On June 10, 2022, Defendant responded to the Class Action Complaint by moving to dismiss pursuant to Rule 12(b)(6). (ECF No. 8.) On July 1, 2022, Plaintiff filed a First Amended Class Action Complaint (the "FAC") as of right pursuant to Rule 15. (ECF No. 11.) On July 15, 2022, Defendant filed a motion to dismiss the FAC pursuant to Rule 12(b)(6). (ECF No. 18.) That motion has been fully briefed since August 12, 2022.

The Court has ordered that the case move forward while Defendant's motion to dismiss is pending, and to that end, on July 28, 2022, the Court issued an Order setting a Rule 16 scheduling conference and requiring the submission of a Rule 26(f) Report. (ECF No. 23.) In accordance with that Order, on August 25, 2022, the Parties conducted a Rule 26(f) conference via telephone. Consistent with the Court's directive that this case move forward in an expeditious fashion, on August 25, 2022, immediately after the Rule 26(f) conference, Plaintiff served his First Set of Requests for Production and First Set of Interrogatories. *See* Fed. R. Civ. P. 26(d)(1). Plaintiff's First Set of Requests for Production include 30 requests and Plaintiff's First Set of Interrogatories include 18 interrogatories. *See* **Exs. 1 & 2**, respectively.

Thereafter, the Parties attended a Rule 16 scheduling conference with Magistrate Judge Kent, and Magistrate Judge Kent adopted a Case Management Order (ECF No. 29), which was later amended by the Court to correct an administrative error. (ECF No. 33.) Pursuant to the

Amended Case Management Order, the Parties must complete fact discovery by September 25, 2023, and Plaintiff must move for class certification by June 26, 2023. *Id.* at PageID.1309. The Case Management Order also limits each party to 20 requests for production of documents (though that limitation was not in place at the time Plaintiff served his First Set of Requests for Production). *Id.* at PageID.1310.

Although Rules 33 and 34 required Defendant to respond to Plaintiff's First Set of Requests for Production and First Set of Interrogatories within 30 days—i.e., on or before September 24, 2022—on September 20, 2022, Defendant's counsel requested an extension until October 26, 2022, to respond to the requests, on account of one of the defense team members having recently had a baby. Plaintiff's counsel accommodated that request. Then, on October 24, 2022, Defendant's counsel requested a second extension until November 11, 2022, to respond to the requests due to key individuals at Defendant having been out of the office and preparing for upcoming board meetings. Plaintiff's counsel accommodated that request, on condition that Defendant would produce responsive, non-privileged documents on November 11 as well. In an e-mail dated October 30, 2022, Defendant agreed to do so "promptly after entry of a mutually-acceptable Protective Order."

Then, on November 11, 2022, Defendant served its Objections and Responses to Plaintiff's Requests. The Objections and Responses impermissibly include so-called "General Objections," are replete with boilerplate objections, and failed to include production of a single document. **Exs. 3 & 4**. The Objections and Responses also refuse to substantively respond to any Request for Production after Request No. 20, on the ground that they exceed the Court-imposed limitation.

Promptly upon receiving the Objections and Responses, Plaintiff's counsel sought a meet-and-confer teleconference and as described above, that conference was finally conducted on November 30, 2022. On that conference, Plaintiff's counsel identified four[1] primary deficiencies:

1. The Responses and Objections impermissibly include "General Objections," which do not comport with Rule 34(b)(2)(B)-(C) or Rule 33(b)(4);

2. Defendant improperly unilaterally limited the scope of the "CLASS PERIOD" to March 31, 2016, through July 31, 2016, even though Plaintiff asserts that the proper class period is December 20, 2015, through July 31, 2016 due to COVID-19 tolling;

3. Defendant improperly refused to respond to Plaintiff's Requests for Production of Documents after Request 20 given that the Court's limitation was not implemented until after the Requests were served. As a compromise, Plaintiff proposed eliminating Requests Nos. 9, 15, 16, 19, 20, 21, 22, 24, 25, and 26, if Defendant would substantively respond to Requests for Production Nos. 23, 27, 28, 29, and 30;

4. Defendant will not commit to a date for substantial completion of document production, and Plaintiff requested that Defendant commit to a substantial completion date of February 3, 2023.

Given the case schedule, Plaintiff's counsel requested that Defendant's counsel provide Defendant's position on these issues by December 6, 2022, but Defendant's counsel failed to do, despite repeated follow-ups by Plaintiff's counsel.

---

[1] Plaintiff also identified a deficiency in that Defendant had failed to produce any insurance policies with its Rule 26 disclosures, but Defense Counsel has now represented that there are no such policies to produce as none of Defendant's insurers have accepted coverage. This dispute is therefore resolved, for now.

On December 8, 2022, the Court entered an Order granting the parties' Stipulated Protective Order. (ECF No. 34.)[2]

On December 15, 2022, Defendant produced 52 pages of documents, all of which are responsive to Plaintiff's Request for Production No. 2, which sought copies of contracts between Defendant and various types of data companies. To date, Defendant has not produced a single document responsive to any of Plaintiff's other Requests for Production.

On December 21, 2022, Defendant's counsel provided its position on the issues raised by Plaintiff's counsel during the parties' meet-and-confer conference on November 30, 2022. Defendant stated that it "stands on its objections to Plaintiff's definition of 'CLASS PERIOD,' for the reasons stated in Defendant's Responses and Objections to Plaintiff's First Set of Requests for Production and Plaintiff's First Set of Interrogatories[.]" Defendant stated that it "does not agree to supplement its responses to Requests for Production Nos. 23, 27, 28, 29, and 30" because "Defendant does not agree that Plaintiff's purported withdrawal of already-propounded Requests for Production is consistent with the Court's Case Management Orders." And in response to Plaintiff's request for a commitment from Defendant to substantially complete its document production by a date certain, such as by Plaintiff's proposed date of February 3, 2023, Defendant stated that Defendant will complete its products "in advance of" the Court-imposed September 25, 2023 deadline for the completion of discovery, but refused to do so by any date certain, including Plaintiff's proposed deadline of February 3, 2023.

---

[2] Thus, the Court should summarily overrule Defendant's objection to producing responsive documents on the grounds that Plaintiff seeks "confidential and/or proprietary information of entities whose confidentiality Defendant is bound by contract or agreement to maintain" – an objection that Defendant has asserted generally to all of Plaintiff's documents requests as well as specifically to most of Plaintiff's document requests. The Stipulated Protective Order entered by the Court adequately addresses Defendant's concerns in this regard.

The instant motion to compel is thus necessitated by Defendant's unfortunate assertion of a laundry list of baseless, obstructionist objections to most of Plaintiff's requests, its inexplicable refusal to produce (or to commit to a date by which it will produce) the remainder of the responsive documents in its possession, custody, and control that are not even subject to its objections, and its failure to have produced a privilege log detailing the documents responsive to Plaintiff's requests that are being withheld pursuant to a claim of privilege, immunity, doctrine, or the like.

## II.  DEFENDANT'S "GENERAL OBJECTIONS" ARE IMPROPER AND SHOULD BE STRICKEN

Defendant's Responses and Objections to Plaintiff's First Set of Requests for Production and First Set of Interrogatories include "General Objections" that are incorporated throughout. *See* Exs. 3 & 4. That is improper. Pursuant to Fed. R. Civ. P. 34(b)(2)(B), a proper objection may only be levied for "each item or category" and must "state with specificity the grounds for objecting to the request." Moreover, a proper objection must "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C); *see also* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). Thus, Courts have stricken so-called "General Objections," like those at issue here. *See, e.g.*, *NAB Holdings, LLC v. Cloudmybiz*, 2020 WL 12738918, at *1 (E.D. Mich. Nov. 20, 2020) (striking objections and ordering production by a date certain where the responding party "relied on general objections that violated the specificity requirements of Federal Rule of Civil Procedure 33(b)(4) and 34(b)(2)(C)."). Defendant's "General Objections" should be stricken accordingly, and Defendant should be compelled to produce Amended Responses and Objections stating whether responsive materials are being withheld on the basis of any objection.

### III. DEFENDANT MAY NOT UNILATERALLY DETERMINE THAT COVID TOLLING DOES NOT APPLY

Defendant's Responses and Objections object to Plaintiff's definition of the term "CLASS PERIOD" and re-define the term to only encompass the period of March 31, 2016, through July 31, 2016, on statute of limitations grounds. *See* Exs. 3 & 4. Plaintiff, however, asserts that the relevant time period is December 20, 2015, through July 31, 2016, due to Michigan's COVID-19 tolling orders. *See id.* The issue is more fully briefed in the pending motion to dismiss (*see* Pl.'s MTD Opp. (ECF No. 24, PageID.1201-1203)), but in essence, Plaintiff's position is that Plaintiff's claims were tolled for 101 days from March 10, 2020, through June 20, 2020, by Governor Whitmer's Executive Orders and the Michigan Supreme Court's Administrative Order (together, the "COVID-19 Orders") tolling the statute of limitations for all Michigan claims due to COVID-19 – and there is ample support for that position, including from Judge Jarbou, the district judge presiding over this case. *See* Mich. Executive Order 2020-58 ("[A]ll deadlines applicable to the commencement of all civil and probate actions and proceedings, <u>including but not limited to any deadline for filing an initial pleading</u> . . . are suspended as of March 10, 2020 <u>and shall be tolled</u> until the end of the declared states of disaster and emergency.") (emphasis added); Mich. Supreme Court Administrative Order 2020-3 ("For all deadlines applicable to the commencement of all civil and probate case types, <u>including but not limited to the deadline for the initial filing of a pleading</u> . . . any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included.") (emphasis added); *see also* Mich. Executive Order 2020-122 (ending tolling period on June 20, 2020); Mich. Supreme Court Administrative Order 2020-18 (same); *Bownes v. Borroughs Corp.*, 2021 WL 1921066, at *2 (W.D. Mich. May 13, 2021) (Jarbou, J.) (holding plaintiff's Michigan state-law claim was tolled from March 10, 2020, through June 20, 2020 by Governor's COVID-19 Orders).

In its reply in support of its motion to dismiss, Defendant does not even contest that COVID tolling would apply to Plaintiff's claims. *See generally* ECF No. 26. Although it does contest that a six-year statute of limitations applies, it acknowledges that this very Court has already determined that the "six-year statute of limitations in Mich. Comp. Laws § 600.5813 governs a PPPA claim." *Krassick v. Archaeological Institute of Am.*, 2022 WL 2071730, at *5 (W.D. Mich. June 9, 2022).

Nonetheless, Defendant now inexplicably has decided that it may unilaterally narrow the definition of "CLASS PERIOD" to March 31, 2016, through July 31, 2016, and ignore even the possibility that COVID tolling may apply. "The scope of discovery under the Federal Rules of Civil Procedure is broad." *Bledsoe v. FCA US LLC*, 2021 WL 1720833, at *1 (E.D. Mich. Apr. 30, 2021). And a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Here, documents pertaining to transmissions of customer data that occurred during the December 20, 2015, through July 31, 2016, time period, rather than just the March 31, 2016, through July 31, 2016, time period, are relevant to Plaintiff's claims because they are still potentially actionable due to COVID tolling.

That Defendant may believe COVID tolling does not apply is of no consequence. Plaintiff has advanced a more than colorable argument for the application of COVID tolling. Indeed, Defendant did not even contest it on reply in connection with the motion to dismiss briefing. And the Court has made clear that discovery should proceed in this matter while the motion to dismiss is pending. Thus, Plaintiff is not at liberty to wait for the motion to dismiss to be resolved to determine whether disclosures from December 20, 2015, through March 30, 2016, will be actionable. The Court should overrule Defendant's objection to the term "CLASS PERIOD"

7

accordingly, and order Defendant to produce any nonprivileged documents that are being withheld as a result of the objection.

**IV.     THE COURT SHOULD ORDER DEFENDANT TO SUBSTANTIVELY RESPOND TO REQUESTS FOR PRODUCTION NOS. 21-30**

Defendant's refusal to substantively respond to Requests for Production Nos. 21-30 on the ground that they exceed the Court's limitation of 20 is gamesmanship that should not be condoned. As aforementioned, Plaintiff, in accordance with the Court's directive, served his First Set of Requests for Production immediately after the Rule 26(f) conference on August 25, 2022, but prior to the Court's Rule 16 scheduling conference where the limitation of 20 requests for production was set. Plaintiff served his requests in prompt fashion because the Court has stressed the importance of conducting discovery in this case in a speedy manner. However, at the time Plaintiff served his First Set of Requests for Production there was no indication that the Court would ultimately limit the amount of Requests for Production he was allowed to serve. Thus, allowing Defendant to refuse to substantively respond to Requests Nos. 21-30 would punish Plaintiff for adhering to the Court's guidance and serving discovery as soon as possible. The Court should compel Defendant to substantively respond to Requests Nos. 21-30 and produce any non-privileged, responsive documents to those requests.

In the alternative, during the meet-and-confer process, Plaintiff offered a compromise position whereby Plaintiff will agree to voluntarily withdraw Requests Nos. 9, 15, 16, 19, 20, 21, 22, 24, 25, and 26, if Defendant would substantively respond to Requests for Production Nos. 23, 27, 28, 29, and 30. The compromise will result in Defendant only having to substantively respond to 20 Requests for Production, while simultaneously not prejudicing Plaintiff for serving his discovery before the Rule 16 conference. Plaintiff re-offers that compromise here.

**V. GIVEN DEFENDANT'S FAILURE TO PROVIDE A PRIVILEGE LOG, THE COURT SHOULD DEEM WAIVED ITS ASSERTIONS OF ANY PRIVILEGE, IMMUNITY, DOCTRINE, OR THE LIKE AS A BASIS FOR WITHHOLDING RESPONSIVE DOCUMENTS, OR, ALTERNATIVELY, SHOULD ORDER DEFENDANT TO PRODUCE A PRIVILEGE LOG FORTHWITH**

Defendant has asserted the attorney-client privilege and work-product protection as a basis for refusing to produce documents responsive to several of Plaintiff's document requests, while also failing to provide Plaintiff a privilege log detailing the basis for those assertions and describing the withheld materials. Rule 34(b) expressly forbids this sort of gamesmanship, and the Court should not tolerate it. All of Defendant's assertions of privilege, work-product protection, and like should be deemed waived and Defendant should be ordered to produce all materials it has withheld pursuant to those assertions. Alternatively, Defendant should be ordered to produce, forthwith, a privilege log in compliance with Rule 34(b).

"Under Fed. R. Civ. P. 34(b), any objection to a request to produce, including an objection based on a claim of privilege, must be made within 30 days of service of the request to produce." *Jagielo v. Van Dyke Pub. Sch.*, 2010 WL 259053, at *2 (E.D. Mich. Jan. 20, 2010) (citing *Gonzalez, Jr. v. Ohio Cas. Ins. Co.*, 2008 WL 795757, at *2 (E.D. Mich. 2008)). "Failure to make a timely privileged-based objection, accompanied by a privilege log required by Fed. R. Civ. P. 26(b)(5), constitutes a waiver of the objection." *Id.* (citing *Gonzalez*, 2008 WL 795757, at *2). Indeed, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *Id.* (quoting *United States v. Dakota*, 188 F.3d 663, 667 (6th Cir. 1999)).

This Court has recognized that a privilege log is required whenever a party withholds documents based on a privilege, doctrine, immunity, or the like. *Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 118, 119 (E.D. Mich. 2019) (Whalen, M.J.); *Catrinar v. Wynnestone Communities Corp.*, 2016 WL 1084687, at *2 (E.D. Mich. Mar. 21, 2016). With respect to

9

assertions of the attorney-client privilege in particular, the privilege log must include: "[1] the nature of the communication, [2] identify the parties to the communication including carbon copies, by name, title and employer, [3] identify the attorneys on the communication, [4] the purpose of the communication and [5] whether or not it sought or conveyed legal advice." *Carhartt*, 333 F.R.D. at 120 (quoting *Ypsilanti Comm. Utilities Auth. v. Meadwestvaco Air Sys., LLC*, 2009 WL 3614997, at *1 (E.D. Mich. Oct. 27, 2009)). But regardless of the type of privilege, immunity, doctrine or the like being asserted, "each document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery." *Id*. (quoting *Clark Const. Grp., Inc. v. City of Memphis*, 2005 WL 6187896, at *1 (W.D. Tenn. Feb. 9, 2005)).

Here, Defendant has generally objected to producing materials responsive to any of Plaintiff's document requests "to the extent that they seek information, documents, or things that are subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense privilege, the common-interest privilege, and/or any other applicable privilege, or are otherwise immune from discovery." Defendant has also specifically asserted the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, and "any other applicable claim of privilege or immunity" as a basis for withholding documents responsive to Plaintiff's Request for Production Nos. 1-9, and 17-28. But Defendant has produced no privilege log, even though the time to do so has long since passed. Because Defendant has both withheld responsive documents based on its assertions of attorney-client privilege and the work-product protection doctrine *and* failed to provide Plaintiff with a privilege log detailing the nature of those withheld documents and the basis for their withholding, Defendant has waived its right to withhold these responsive

documents and the Court should order them produced within seven days. *See Jagielo*, 2010 WL 259053, at *2 ("Failure to make a timely privileged-based objection, accompanied by a privilege log required by Fed. R. Civ. P. 26(b)(5), constitutes a waiver of the objection."). To the extent this Court allows a limited assertion of privilege, however, the Court should compel Defendant to produce a privilege log within the next seven days.

## VI. THE COURT SHOULD SET A DATE FOR SUBSTANTIAL COMPLETION OF DOCUMENT PRODUCTION

Defendant has refused to commit to a date for substantial completion of its document production. To date, Defendant has only made one document production – on December 16, 2022 – which contained a mere 52 pages of documents. To emphasize the point, only 52 pages of documents have been produced in a data-privacy class action of the type that, in counsel for Plaintiff's experience, can reasonably be expected to result in the production of tens of thousands of pages of responsive materials by the defendant. Defendant has only made this single, grossly underwhelming production of documents despite the fact that Plaintiff served his Requests for Production ***in August***. A production obligation of the September 2022 vintage should not still be in the grape-crushing stage in January 2023 – but that is where we unfortunately are. Notably, Defendant's counsel agreed to produce all responsive documents in its possession, custody, or control "promptly" upon entry of the parties' Stipulated Protective Order, which occurred nearly a month ago, and yet has still produced nothing more than the 52 pages of contractual documents it could readily have produced within hours of being served with the Complaint. Defendant's gamesmanship and refusal to participate in the discovery process in good faith threatens to severely prejudice Plaintiff and the putative Class, as Plaintiff only has until June 26, 2023, to make his class certification motion.

Before filing this motion, Plaintiff reached out to Defendant's counsel numerous times in the spirit of magnanimous cooperation, and yet has been stonewalled at every step. First, Plaintiff agreed to numerous extensions of time for Defendant to respond to Plaintiff's discovery requests, and in return Defendant agreed to produce all responsive documents in its possession upon entry of the parties' Stipulated Protective Order. That happened on December 8, 2022, and yet the lion's share of the responsive materials are still being withheld by Defendant. Then, during the meet-and-confer process pertaining to the specific disputes outlined in this motion, Plaintiff requested that Defendant commit to substantially complete its document production by February 3, 2023, but Defendant has refused. Enough is enough. Defendant is intentionally stonewalling Plaintiff's efforts to prosecute this litigation. The Court should order Defendant to substantially complete its document production by February 3, 2023, to afford Plaintiff sufficient time to review the documents, raise and resolve any purported deficiencies, depose relevant witnesses using the documents, and gather appropriate third-party discovery. In the alternative, should February 3, 2023 prove too soon, the Court should order that Defendant substantially complete its document production by a later date and extend the case schedule by a proportionate number of days to remedy the prejudice to Plaintiff caused by Defendant's delay tactics.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be granted in its entirety. The Court should: (i) overrule Defendant's General Objections; (ii) overrule Defendant's objection to the term "CLASS PERIOD"; (iii) compel Defendant to substantively respond to Requests for Production Nos. 21-30; and (iv) compel Defendant to substantially complete its document production on or before February 3, 2023.

Dated: January 6, 2023					Respectfully Submitted,

								*/s/ E. Powell Miller*
								E. Powell Miller (P39487)
								Sharon S. Almonrode (P33938)
								THE MILLER LAW FIRM, P.C.
								950 W. University Drive, Suite 300
								Rochester, MI 48307
								Tel: 248-841-2200
								epm@millerlawpc.com
								ssa@millerlawpc.com

								Joseph I. Marchese (P85862)
								Philip L. Fraietta (P85228)
								BURSOR & FISHER, P.A.
								888 Seventh Avenue
								New York, New York 10019
								Tel: 646.837.7150
								Fax: 212.989.9163
								jmarchese@bursor.com
								pfraietta@bursor.com

								Frank S. Hedin
								David W. Hall
								HEDIN HALL LLP
								1395 Brickell Avenue, Suite 1140
								Miami, Florida 33131
								Tel: 305.357.2107
								fhedin@hedinhall.com
								dhall@hedinhall.com

								*Counsel for Plaintiff and the Putative Class*

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(b)(i)

Exclusive of the exempted portions pursuant to W.D. Mich. LCivR 7.3(b)(i), Plaintiff's Brief in Support of Plaintiff's Motion to Compel contains three thousand six hundred eighty-three (3,683) words, in compliance with the four thousand three hundred (4,300) word count limit, as taken from Microsoft Word version 2017.

Dated: January 6, 2023          Respectfully,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

                                        */s/ E. Powell Miller*
                                        E. Powell Miller (P39487)
                                        **THE MILLER LAW FIRM, P.C.**
                                        950 W. University Dr., Ste. 300
                                        Rochester, MI 48307
                                        Tel: (248) 841-2200
                                        epm@millerlawpc.com