# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TIMOTHY BOZUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIANBOOK, LLC f/k/a CHRISTIAN BOOK DISTRIBUTORS CATALOG, LLC,<br><br>Defendant. | Case No. 22-cv-00304-HYJ-RSK<br><br>Honorable Hala Y. Jarbou<br><br>Magistrate Judge Ray S. Kent |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff, individually and on behalf of all others similarly situated, files this Notice of Supplemental Authority in support of Plaintiff's Opposition (ECF No. 24) to Defendant's Motion and Brief to Dismiss (ECF Nos. 18, 19):

1. On January 26, 2023, the Michigan Court of Appeals issued a published decision on a case similarly concerning the effect of the Michigan Supreme Court's COVID-19 emergency administrative orders on determining court filing deadlines. *See Carter v. DTN Mgmt. Co.*, --- N.W.2d ---, 2023 WL 439760 (Mich. Ct. App. Jan. 26, 2023) (examining tolling of statute of limitations under Administrative Orders 2020-3 and 2020-18). Case attached as Exhibit 1-A.

2. In *Carter*, the defendant argued and the trial court held that AO 2020-3 applied only to cases whose filing deadlines expired during the state of emergency. *Carter*, 2023 WL 439760, at *2. The defendant in *Carter* also argued that the Michigan Supreme Court has no authority to modify or toll the statute of limitations. *Id.* at *4.

3. Defendant here makes similar arguments in its motion to dismiss briefing. *See* ECF No. 19, PageID.1169; ECF No. 26, PageID.1234-1235.

4. The *Carter* court, however, in this published Michigan Court of Appeals case, holds that these Administrate Orders "broadly excluded any day within the state of emergency '*for purposes of determining the deadline* applicable

1

to the commencement of all *civil* and probate case types under MCR 1.108(1)."'" *Carter*, 2023 WL 439760, at *3 (emphasis in *Carter*) (citing AO 2020-18).

5. The *Carter* court explained that, "[c]ontrary to the trial court's conclusion, the Supreme Court did not exclude only deadlines that fell during the state of emergency. Rather, it more broadly excluded *any day* within the state of emergency '*for purposes of determining the deadline* applicable to the commencement of *all* civil and probate case types under MCR 1.108(1).'" *Carter*, 2023 WL 439760, at *3 (citing AO 2020-3, emphasis in *Carter*); *see also id*. ("There is no language in AO 2020-18 limiting [it] to those whose filing deadline fell within the state of emergency.").

6. Thus, after properly "applying the [COVID tolling] administrative orders," the court in *Carter* "conclude[d] that plaintiff's complaint was timely filed." *Carter*, 2023 WL 439760, at *3 ("On March 10, 2020, plaintiff had 10 months left to file her complaint. Accordingly, she had that same amount of time to file beginning on June 20, 2020[.]").

7. The arguments Defendant makes regarding COVID tolling in its motion to dismiss briefing are therefore foreclosed by the decision in *Carter*. *Carter* conclusively confirms that the class period in this case spans from December 21, 2015 through July 30, 2016. *See* ECF No. 24, PageID.1203 (correctly specifying such period) & *id*., n.3 (detailing time period calculation).

8.       The *Carter* court also rejected the notion that the Administrative Orders are ineffective because the Michigan Supreme Court has no authority to modify or toll the statute of limitations. *Carter* held that "[t]he Supreme Court has constitutional authority to 'establish, modify, amend, and simplify the practice and procedure in all courts of this state.'" *Id.* at *4 (citing Mich. Const. 1963, art. 6, § 5).

Dated: February 1, 2023                        Respectfully submitted,

E. Powell Miller (P39487)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta (P85228)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiff and the Putative Class*