# Exhibit 1-A

2023 WL 439760
Only the Westlaw citation is currently available.
Court of Appeals of Michigan.

Karen CARTER, Plaintiff-Appellant,
v.
DTN MANAGEMENT COMPANY, doing business as DTN MGT, Defendant-Appellee.

No. 360772
|
January 26, 2023, 9:25 a.m.

Ingham Circuit Court, LC No. 21-000228-NO

Before: Patel, P.J., and Borrello and Shapiro, JJ.

**Opinion**

Per Curiam.

**\*1** This appeal concerns the Michigan Supreme Court's administrative orders that, for purposes of determining court filing deadlines, excluded days during the COVID-19 state of emergency from the computation of time under MCR 1.108. The trial court granted summary disposition to defendant under MCR 2.116(C)(7) (statute of limitations). Because we conclude that the statute of limitations in this case was tolled by the administrative orders, we reverse and remand.

I. BACKGROUND

Plaintiff alleges that on January 10, 2018, she slipped and fell on an icy sidewalk behind her apartment complex that is owned and operated by defendant. Plaintiff filed suit on April 13, 2021. The period of limitations for personal-injury actions is three years, MCL 600.5805(1), and so, under normal circumstances, plaintiff's complaint would have been untimely. However, plaintiff maintains that her complaint was timely filed by virtue of the Michigan Supreme Court's administrative orders issued in connection with the COVID-19 pandemic.

On March 10, 2020, the Governor declared a state of emergency related to COVID-19. On March 23, 2020, the Supreme Court issued Administrative Order No. 2020-3 (AO 2020-3), which provided:

In light of the continuing COVID-19 pandemic and to ensure continued access to courts, the Court orders that:

For all deadlines applicable to the commencement of all civil and probate case types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an <u>initial</u> pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).

This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19. Nothing in this order precludes a court from ordering an expedited response to a complaint or motion in order to hear and resolve an emergency matter requiring immediate attention. We continue to encourage courts to conduct hearings remotely using two-way interactive video technology or other remote participation tools whenever possible.

This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means. [AO 2020-3, 505 Mich lxxxvi (2020) (underlining in original).]

AO 2020-3 was amended on May 1, 2020. The only change was to add the following language: "This order in no way prohibits or restricts a litigant from commencing a proceeding whenever a litigant chooses, nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding." This made clear that while statutes of limitations would be tolled by the orders, a pre-suit waiting period would not.

**\*2** On June 12, 2020, the Supreme Court issued Administrative Order No. 2020-18 (AO 2020-18), which rescinded AO 2020-3 effective June 20, 2020:

In Administrative Order No. 2020-3, the Supreme Court issued an order excluding any days that fall during the

State of Emergency declared by the Governor related to COVID-19 for purposes of determining the deadline applicable to the commencement of all civil and probate case types under MCR 1.108(1). Effective Saturday, June 20, 2020, that administrative order is rescinded, and the computation of time for those filings shall resume. For time periods that started before Administrative Order No. 2020-3 took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020. For filings with time periods that did not begin to run because of the exclusion period, the filers shall have the full periods for filing beginning on June 20, 2020. [AO 2020-18, 505 Mich lxxxviii (2020).]

Returning to this case, defendant moved for summary disposition on the basis that AO 2020-3 applied only to cases whose filing deadlines expired during the state of emergency. Defendant argues that because plaintiff's limitations period would otherwise have expired in January 2021—well after June 20, 2020—AO 2020-3 had no effect on her claim. Therefore, the argument ran, her complaint filed in April 2021 was barred by the three-year statute of limitations. Alternatively, defendant argued that if AO 2020-3 tolled the running of the statute of limitations as to all civil cases, then the Supreme Court lacked authority to issue such an order because that would amount to a modification of the statutes of limitations, which are considered substantive law.

In response, plaintiff argued that AO 2020-3 applied to "*all* deadlines applicable to the commencement of all civil and probate case types" and that "*any* day" that fell within the subject period would not be counted for purposes of computing time under MCR 1.108. AO 2020-3 (emphasis added). Plaintiff further argued that the Supreme Court had authority to issue AO 2020-3 because the computation of time under MCR 1.108 is a procedural matter.

After hearing oral argument on the motion, the trial court granted summary disposition in favor of defendant. The court agreed with defendant that AO 2020-3 applied only to limitations periods that would have expired during the state of emergency and therefore had no effect on plaintiff's cause of action.

I. DISCUSSION

A. INTERPRETATION OF AO 2020-3

Plaintiff argues that the trial court erred by ruling that AO 2020-3 did not apply to this case. We agree.[1]

[1] We review de novo a trial court's decision on a motion for summary disposition. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). When reviewing a motion for summary disposition under MCR 2.116(C)(7), the "contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "In the absence of disputed facts, whether a cause of action is barred by the applicable statute of limitations is a question of law, which this Court reviews de novo." *Magee v DaimlerChrysler Corp*, 472 Mich 108, 111; 693 NW2d 166 (2005). We also review de novo the interpretation of court rules and administrative orders. See *Wenkel v Farm Bureau Gen Ins Co of Mich*, ––– Mich App ––––, ––––; ––– NW2d –––– (2022) (Docket No. 358526); slip op. at 3.

**\*3** AO 2020-3 stated in pertinent part:

For all deadlines applicable to the commencement of all civil and probate case types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an <u>initial</u> pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).

In sum, AO 2020-3 provided that the days during the emergency shall not be counted when computing the relevant time period for purposes of MCR 1.108(1), which governs the computation of deadline dates. That rule provides:

In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:

(1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal

holiday, or day on which the court is closed pursuant to court order. [MCR 1.108(1).]

MCR 1.108(1) clearly applies to computations involving statutes of limitations, i.e., "a period of time prescribed or allowed by ... statute[.]" Accordingly, under AO 2020-3 and MCR 1.108(1), any day falling during the state of emergency does not count toward determining the last day of a statutory limitations period. Contrary to the trial court's conclusion, the Supreme Court did not exclude only deadlines that fell during the state of emergency. Rather, it more broadly excluded *any day* within the state of emergency "*for purposes of determining the deadline* applicable to the commencement of *all* civil and probate case types under MCR 1.108(1)." AO 2020-18 (emphasis added).

This conclusion is further supported by AO 2020-18's explanation of how to start counting days following AO 2020-3's rescission:

> Effective Saturday, June 20, 2020, [AO 2020-3] is rescinded, and the computation of time for those filings shall resume. For time periods that started before [AO 2020-3] took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020. For time periods that did not begin to run because of the exclusion, the filers shall have the full periods for filing beginning on June 20, 2020.

AO 2020-18 establishes two categories of parties—one whose filings periods began to run before AO 2020-3 took effect on March 23, 2020, and one whose filing periods began to run on or after March 23, 2020. Plaintiff falls in the first category, and she therefore has "the same number of days to submit [her] filings on June 20, 2020, as [she] had when the exclusion went into effect on March 23, 2020." There is no language in AO 2020-18 limiting the first category to those whose filing deadline fell within the state of emergency. The second category identified by the Supreme Court also undermines defendant's interpretation of the administrative orders. That is, the second category concerns those whose time period did not begin to run because of AO 2020-3 and therefore could not have expired during the state of emergency. This demonstrates that all litigants whose limitations periods had not expired prior to the adoption of AO 2020-3 were entitled to the exclusion of days under AO 2020-3. Thus, the trial court erred by holding that AO 2020-3 did not apply to this case. And applying the administrative orders in this case, we conclude that plaintiff's complaint was timely filed. On March 10, 2020, plaintiff had 10 months left to file her complaint.[2] Accordingly, she had that same amount of time to file beginning on June 20, 2020, and the April 13, 2021 complaint was filed within that time period.[3]

[2] Although AO 2020-18 stated that "the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020," the staff comment to that order explains that March 10, 2020, is the applicable exclusion date:

> Note that although the order regarding computation of days entered on March 23, 2020, it excluded any day that fell during the State of Emergency declared by the Governor related to COVID-19, which order was issued on March 10, 2020. Thus, the practical effect of Administrative Order No. 2020-3 was to enable filers to exclude days beginning March 10, 2020. [AO 2020-18 (staff comment).]

[3] Our analysis is not in conflict with this Court's recent decision in *Armijo v Bronson Methodist Hosp*, ––– Mich App ––––; ––– NW2d –––– (2023) (Docket No. 358729). *Armijo* was a medical-malpractice case in which the plaintiff argued that the administrative orders tolled the 182-day notice waiting period, MCL 600.2912b, which in that case entirely encapsulated the state of emergency period. This Court concluded that the AOs did not toll the notice of intent waiting period, which was dispositive of that appeal. See *id.* at ––––; slip op. at 6-7. In contrast, this case does not concern the notice waiting period for medical malpractice cases and therefore *Armijo* is not controlling. To the extent *Armijo* indicated that the AOs applied only to limitations periods that expired during the state of emergency, those statements are nonbinding dicta because they were not necessary to the resolution of that appeal. *Griswold Props, LLC v Lexington Ins Co*, 276 Mich App 551, 557-558; 741 NW2d 549 (2007) ("It is a well-settled rule that statements concerning a principle of law not essential to determination of the case are obiter dictum and lack the force of an adjudication," and are "not binding on this Court."). Indeed, because it was not necessary to the decision in that case, the *Armijo* panel did not discuss the language in AO 2020-18 establishing that the statutory limitations periods for all cases was tolled from March 10, 2020 until June 20, 2020.

B. SUPREME COURT'S AUTHORITY TO ISSUE AO 2020-3

**\*4** As an alternative ground for affirmance, defendant argues that AO 2020-3 is ineffective because the Supreme Court has no authority to modify or toll the statute of limitations.

The Supreme Court has constitutional authority to "establish, modify, amend, and simplify the practice and procedure in all courts of this state." Const. 1963, art. 6, § 5. "This is generally accomplished by the issuance of administrative orders and the promulgation of court rules." *People v Taylor*, ––– Mich ––––, ––––; ––– NW2d ––– (2022) (Docket No. 154994); slip op. at 11 n 11. The Supreme is not authorized, however, to issue orders or enact court rules "that establish, abrogate, or modify the substantive law." *McDougall v Schanz*, 461 Mich 15, 27; 597 NW2d 148 (1999). "[M]atters of substantive law are left to the Legislature." *People v Cornell*, 466 Mich 335, 353; 646 NW2d 127 (2002).

Defendant argues that the Supreme Court did not have authority to toll the limitations periods provided by MCL 600.5805, which is an enactment of substantive law. See *Gladych v New Family Homes, Inc*, 468 Mich 594, 600; 664 NW2d 705 (2003) ("Statutes regarding periods of limitations are substantive in nature."). Plaintiff, on the other hand, maintains that the Supreme Court merely made a temporary procedural change to a court rule, i.e., MCR 1.108, rather than a substantive change to the statutes of limitations.

As an initial matter, it is questionable whether this Court has the power to declare unconstitutional administrative orders of the Supreme Court. "It is elementary that this Court has no power to reverse the Michigan Supreme Court." *New Democratic Coalition v Austin*, 41 Mich App 343, 348; 200 NW2d 749 (1972). However, we need not decide whether we have such power because we conclude that the Supreme Court's administrative orders were constitutional.

By its own terms, AO 2020-3 was modifying the computation of days under MCR 1.108 for purposes of determining filing deadlines, which is plainly a procedural matter. Further, even the normal application of MCR 1.108(1) may result in more time than permitted by the statute of limitations. That is, if the last day of the limitations period is a day on which the court is closed, the period runs until the next day that the court is open. See MCR 1.108(1). The law of counting time favors this approach, i.e., granting more rather than less than time to file than permitted by statute, to ensure that the parties receive the entire amount of time for filing that they are entitled to. See *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 314-320; 901 NW2d 577 (2017). That is precisely what the Supreme Court was trying to accomplish with AO 2020-3, which was issued when there were court closings because of the COVID-19 pandemic.

Further, the Court was also clearly concerned with limiting in-person interactions and protecting court staff and the public from COVID-19. See AO 2020-3 ("Courts must have a system in place to allow filings without face-to-face contact ...."). It is therefore inaccurate to frame this issue as a dichotomous choice between substantive and procedural law. In addition to its authority over procedural rules, the Supreme Court has superintending control over all state courts. See Const. 1963, art. 6, § 4; *Lapeer County Clerk v Lapeer Circuit Judges*, 465 Mich 559, 569; 640 NW2d 567 (2002). Thus, the Supreme Court had authority to manage the operations of Michigan courts amidst a global pandemic. And by excluding days from the computation of time under MCR 1.108, AO 2020-3 undoubtedly lessened the amount of in-person interactions at courts during the early stages of the pandemic. For these reasons, we conclude that the Supreme Court had constitutional authority to issue AO 2020-3.

**\*5** Reverse and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

**All Citations**

--- N.W.2d ----, 2023 WL 439760

---

End of Document

© 2023 Thomson Reuters. No claim to original U.S. Government Works.