**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

_____

TIMOTHY BOZUNG, individually and on
behalf of all others similarly situated,

      Plaintiff,

      v.

CHRISTIANBOOK, LLC f/k/a CHRISTIAN
BOOK DISTRIBUTORS CATALOG, LLC,

      Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Hon. Hala Y. Jarbou
Case No. 22-cv-00304-HYJ-RSK

**DEFENDANT CHRISTIANBOOK, LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY**

Defendant Christianbook, LLC ("Christianbook") hereby submits this response to

Plaintiff's Notice of Supplement Authority (ECF No. 43) ("NSA") regarding a decision issued

by the Michigan Court of Appeals on January 26, 2023. *See Carter v. DTN Mgmt. Co.*, -- N.W.

2d ---, 2023 WL 439760 (Mich. Ct. App. Jan. 26, 2023). Plaintiff claims the *Carter* decision

"conclusively confirms that the class period in this case spans from December 21, 2015 through

July 30, 2016," and "foreclose[s]" Christianbook from arguing otherwise. *See* ECF No. 43,

PageID.1515. *Carter* does not support the proposition for which Plaintiff advances it.

As an initial matter, Plaintiff pleads no facts in his Amended Complaint plausibly

supporting that Christianbook disclosed his PPPA-protected information at any point prior to

July 30, 2016. ECF No. 19, PageID.1148. *Carter* does not involve a PPPA claim, and says

nothing that alters this analysis. Thus, regardless of what class period applies, Plaintiff's PPPA

claim is subject to dismissal.

1

*Carter* involved a plaintiff who invoked COVID tolling pursuant to administrative orders issued by the Michigan Supreme Court ("COVID Orders") to rescue her otherwise untimely personal injury claim, which expired three years after the date on which her claim accrued.  *See Carter*, 2023 WL 439760, at *1 (ECF No. 43-1, PageID.1518).  The court held that the COVID Orders applied to her personal injury claim and extended the time by which she was permitted to file.  *Id.* at *2-3 (*id.* at PageID.1519-20).

*Carter* is not this case.  Unlike the plaintiff in *Carter*, whose claim would have been time-barred but for COVID tolling, Plaintiff filed his class action claim within the six-year statute of limitations this Court has held to be the operative limitations period for PPPA claims.  Plaintiff cites no language in *Carter* supporting that a class action plaintiff who timely filed his complaint may repurpose COVID tolling to expand the size of his putative class.  Plaintiff does not explain how *Carter*'s instructions for calculating filing deadlines under the COVID Orders operates to push back the start date for calculating the size of a putative class in a timely-filed class action.  Nor could he, as *Carter* ties COVID tolling calculations to the date on which a party's claims ***accrued***, while Plaintiff seeks to tie COVID tolling calculations to the date on which the class action complaint was ***filed***, not the date on which his claim accrued (which he fails to allege in any event).

*Carter* thus does not "conclusively confirm that the class period in this case spans from December 21, 2015 through July 30, 2016."  *See* ECF No. 43, PageID.1515.  As Christianbook argues, the operative class period spans from March 31, 2016 (*i.e.*, six years from the date on which Plaintiff filed his class action) to July 30, 2016.  *See Pratt v. KSE Sportsman Media*, 586 F. Supp. 3d 666, 675 (E.D. Mich. 2022) (excluding from the putative class individuals whose claims accrued more than six years from the date plaintiffs filed the class action).

For these reasons, and those previously set forth in the Motion to Dismiss, the Court should dismiss Plaintiff's Amended Complaint with prejudice.

Dated:  February 9, 2023                         Respectfully submitted,

                                                 */s/ Matthew J. Boettcher*
                                                 Matthew J. Boettcher
                                                 Mboettcher@plunkettcooney.mom
                                                 Patrick C. Lannen
                                                 Plannen@plunkettcooney.com
                                                 Plunkett Cooney, PC
                                                 38505 Woodward Ave., Ste. 100
                                                 Bloomfield Hills, MI 48304
                                                 Tel.:  (248) 901-4035
                                                 Fax:  (248) 901-4040

                                                 Jennifer L. Chunias
                                                 JChunias@goodwinlaw.com
                                                 Timothy Bazzle
                                                 TBazzle@goodwinlaw.com
                                                 Dylan Schweers
                                                 DSchweers@goodwinlaw.com
                                                 Goodwin Procter LLP
                                                 100 Northern Avenue
                                                 Boston, Massachusetts 02210
                                                 Tel.:  (617) 570-1000
                                                 Fax.:  (617) 523-1231

                                                 *Attorneys for Christianbook, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 9, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which caused it to be served on all counsel of record.

*/s/ Matthew J. Boettcher*
Matthew J. Boettcher
