## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

—————————————————————  )
                                                         )
TIMOTHY BOZUNG, individually and on     )
behalf of all others similarly situated,              )
                                                         )
                         Plaintiff,                        )        Hon. Hala Y. Jarbou
                                                         )        Case No. 1:22-cv-00304-HYJ-RSK
          v.                                               )
                                                         )        Redactions Filed Under Seal
CHRISTIANBOOK, LLC f/k/a CHRISTIAN     )
BOOK DISTRIBUTORS CATALOG, LLC,         )
                                                         )
                         Defendant.                      )
—————————————————————  )


**DEFENDANT CHRISTIANBOOK, LLC'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED.
R. CIV. P. 59(e) & FED. R. CIV. P. 60(b) AND FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)**

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES PRESENTED ........................................................................ 1

STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY ........................... 2

INTRODUCTION ...................................................................................................... 3

FACTUAL BACKGROUND .......................................................................................... 4

LEGAL STANDARD .................................................................................................. 6

ARGUMENT ............................................................................................................ 8

I.      Plaintiff Has Not Established His Entitlement to Rule 59(e) or Rule 60(b)'s
        "Extraordinary" Post-Judgment Relief. ....................................................... 8

        a.      Plaintiff's "Newly Discovered Evidence" Predated the Court's Dismissal
                and Is Not "New". ........................................................................ 8

        b.      No "Manifest Injustice" Where Plaintiff Chose to Wait for Dismissal
                Before Moving to Amend. .......................................................... 11

II.     Plaintiff Does Not Meet His Heavy Burden for Securing Leave to File His
        Proposed SAC. .......................................................................................... 12

        a.      Plaintiff's Proposed Amendment is Futile. ................................... 12

        b.      Plaintiff's Proposed SAC Is the Product of Bad Faith and Dilatory Tactics. ....... 14

CONCLUSION ....................................................................................................... 16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bailey v. Papa John's USA, Inc.*,
  236 Fed. App'x 200 (6th Cir. 2007) ......................................................................16

*Bozung v. Christianbook, LLC*,
  2023 WL 2385004 (W.D. Mich. Mar. 6, 2023)...........................................6, 10, 14

*C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*,
  807 F. App'x 534 (6th Cir. 2020) ......................................................................7, 9

*Evans v. Jackson*,
  2008 WL 750529 (W.D. Mich. Mar. 18, 2008) ....................................................8

*Gavitt v. Born*,
  835 F.3d 623 (6th Cir. 2016) ............................................................................13

*Griggs v. Schmauss*,
  2019 WL 111108 (W.D.N.Y. Jan. 4, 2019)..........................................................10

*Hernandez v. City of Saginaw*,
  2013 WL 4052632 (E.D. Mich. Aug. 12, 2013) ..............................................7, 9

*James v. City of Detroit*,
  2021 WL 82113 (E.D. Mich. Jan. 11, 2021).........................................................9

*Kuyat v. BioMimetic Therapeutics, Inc.*,
  747 F.3d 435 (6th Cir. 2014) ............................................................................15

*Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*,
  616 F.3d 612 (6th Cir. 2010) ......................................................................7, 12, 14

*Martin v. Bank of America, N.A.*,
  2014 WL 1977141 (E.D. Mich. May 15, 2014).....................................................7

*Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*,
  860 F.3d 425 (6th Cir. 2017) ...................................................................3, 7, 11, 12

*Nashel v. New York Times*,
  2022 WL 6775657 (E.D. Mich. Oct. 11, 2022) ...........................................5, 6, 10

*Pond v. Haas*,
  2016 WL 1084684 (E.D. Mich. Mar. 21, 2016) ....................................................7

*South & Western Agency, Inc. v. Foremost Ins. Co. of Grand Rapids, Mich.*,
  2006 WL 1417854 (W.D. Mich. May 19, 2016) ....................................................................6

*Swope v. Gary Cmty. School Corp.*,
  2012 WL 523710 (N.D. Ind. Feb. 15, 2012).........................................................................15

**Other Authorities**

Fed. R. Civ. P. 12(b) ...............................................................................................5, 6, 12

Fed. R. Civ. P. 15(a) ....................................................................................... *passim*

Fed. R. Civ. P. 59(e) ....................................................................................... *passim*

Fed. R. Civ. P. 60(b) ....................................................................................... *passim*

11 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2859 (3d ed. 2022) ...............9

## STATEMENT OF ISSUES PRESENTED

1. Is Plaintiff entitled to the "extraordinary relief" of altering the judgment under Fed. R. Civ. P. 59(e) and/or Fed. R. Civ. P. 60(b) based on "newly discovered evidence" that consists of evidence Plaintiff had in his possession months before the Court dismissed his complaint, including evidence he had available to use as a basis for moving to amend his complaint by the Court's November 4, 2022 deadline to file motions to amend the pleadings?

   a. Defendant's Answer: No

2. Is Plaintiff entitled to the "extraordinary relief" of altering the judgment under Fed. R. Civ. P. 59(e) and/or Fed. R. Civ. P. 60(b) where *Nashel v. New York Times*, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022) put Plaintiff on notice of his complaint's deficiencies, he had the ability to "prevent" the "manifest injustice" of a dismissal based on these deficiencies by seeking leave to amend prior to dismissal with the same allegations he raises in his proposed post-judgment amendment, but he made the strategic choice not to seek such leave?

   a. Defendant's Answer: No

3. Should the Court give Plaintiff leave to file his proposed second amended complaint where the "new evidence" confirms that Defendant provided Plaintiff with notice that his information may be shared with third parties, ████████████████████ ████████████████████████████████████ rendering Plaintiff's PPPA claim futile?

   a. Defendant's Answer: No

4. Should the Court give Plaintiff leave to file his proposed second amended complaint where Plaintiff sat for months on the "new evidence" he now uses as a basis for seeking leave to file a post-judgment amendment and delayed seeking leave to file his requested amendment?

   a. Defendant's Answer: No

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

The controlling authority for Defendant's Opposition to Plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 59(e) & Fed. R. Civ. P. 60(b) and for Leave to File Second Amended Complaint Pursuant to Fed. R. Civ. P. 15(a) includes:

- *Bailey  v. Papa John's USA, Inc.*, 236 Fed. App'x 200 (6th Cir. 2007)

- *C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, 807 F. App'x 534 (6th Cir. 2020)

- *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612 (6th Cir. 2010)

- *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425 (6th Cir. 2017)

- *Nashel v. New York Times*, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022)

### INTRODUCTION

Plaintiff has filed a Motion for Relief from Judgment ("Motion") asking the Court to set aside its March 6, 2023 dismissal of his first amended complaint under Fed. R. Civ. P. 59(e) ("Rule 59(e)") and/or Fed. R. Civ. P. 60(b) ("Rule 60(b)") based on "newly discovered evidence" and to "prevent manifest injustice."  The post-judgment relief Plaintiff seeks is rewarded only sparingly, and the record confirms that Plaintiff is not deserving of this extraordinary relief.  This is so for multiple reasons.

*First*, the "newly discovered evidence" on which Plaintiff seeks post-judgment relief is not "new" "evidence."  Rule 59(e) and Rule 60(b) are clear that "newly discovered evidence" means evidence discovered *after* entry of the adverse judgment.  Plaintiff's so-called "newly discovered evidence" is not that at all, but rather evidence produced to him in discovery over the last several months while Defendant's successful motion to dismiss was pending.  Plaintiff's decision to sit on this evidence and not seek leave to amend under Fed. R. Civ. P. 15(a) ("Rule 15(a)") does not transform that evidence into "newly discovered evidence" warranting post-judgment relief.

*Second*, neither Rule 59(e) nor Rule 60(b) exist to rescue a dismissed party, like Plaintiff, from any "manifest injustice" caused by his own "poor strategic decision" not to seek leave to amend prior to dismissal.  *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431-32 (6th Cir. 2017).  The supposed "newly discovered evidence" on which Plaintiff relies for the allegations in his proposed amended complaint ("SAC") was available to him before the Court dismissed his Preservation of Personal Privacy Act ("PPPA") claim, and he simply made the strategic decision not to seek leave to amend prior to dismissal.

*Finally*, even if Plaintiff had established his entitlement to relief under Rule 59(e) and/or Rule 60(b) – and he has not – Plaintiff has not met his heavy burden under Rule 15(a) in the

post-judgment context.  As discussed below, discovery confirms that the proposed SAC is futile, and likewise barred under Rule 15(a) because it is the product of Plaintiff's bad faith and dilatory motive.

For these reasons, and those set forth more fully below, Plaintiff has not met his heavy burden of establishing a claim for relief under Rule 59(e) or Rule 60(b).  Even if he had, his proposed post-judgment amendment is futile and the product of undue delay, bad faith, and dilatory tactics, foreclosing his Rule 15(a) request for leave to amend.  The Court should deny Plaintiff's Motion, and dismiss his claims with prejudice.

## FACTUAL BACKGROUND

Plaintiff has already had two opportunities to plead facts sufficient to state a plausible claim that Defendant disclosed his personal information prior to July 30, 2016 in violation of Michigan's PPPA.  He filed his original complaint on March 31, 2022, alleging that "[d]ocumented evidence confirms" that Defendant disclosed his PPPA-protected information prior to July 30, 2016, but this "evidence" was a single screenshot from a NextMark website referring to a "mailing list" purporting to "count" Christianbook buyers from the two years prior to February 28, 2022.  ECF No. 1, PageID.2.  Defendant filed its first motion to dismiss arguing, among other things, that Plaintiff did not allege facts plausibly supporting that Defendant disclosed his PPPA-protected information, let alone that Defendant did so before July 30, 2016.

Plaintiff tried again to plead a plausible PPPA claim with his first amended complaint, filed on July 1, 2022, but his only new allegation was that Defendant "publicly advertised" the "same rates" from the 2022 NextMark "datacard" in a 2016 iteration of that "same" datacard, an allegation he based solely on an expired hyperlink to the 2016 "datacard."  ECF No. 11, PageID.585.  Defendant moved again to dismiss under Rule 12(b)(6).

While Defendant's second motion to dismiss was pending, multiple developments relevant to Plaintiff's Motion occurred.  On August 25, 2022, Plaintiff served discovery on Defendant, including thirty (30) requests for production.  Defendant commenced rolling document productions in December, which contained, among other things, documents showing that Defendant provided notice to its customers, including Plaintiff, that it shares customer information with preapproved third parties for the purpose of marketing goods and services to customers, and that parties were free to opt out of having their information shared.  *See* Christianbook.com's Privacy Policy, Exhibit 1 to Bazzle Declaration.  Documents produced to Plaintiff further show that ████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████.  *See* ██████████████████████████████████████████ Exhibit 2 to Bazzle Declaration.

On September 8, 2022, the Court entered a Case Management Order ("CMO") instructing the parties to serve initial disclosures by September 30, 2022, limiting the parties to serving twenty (20) Requests for Production of Documents each, and setting a November 4, 2022 deadline for motions to amend pleadings.  See ECF No. 29, PageID.1261-62.  Defendant served its initial disclosures on September 30, 2022, providing Plaintiff with information on which Plaintiff now relies as so-called "new evidence" meriting his Rule 59(e) and Rule 60(b) requests.

On October 11, 2022, Judge Murphy issued the decision in *Nashel v. New York Times*, dismissing with prejudice a PPPA complaint premised – just like Plaintiff's – on a NextMark "data card" purportedly containing customer data from a period other than the period when the plaintiffs' PPPA claims accrued.  2022 WL 6775657, at *4-5 (E.D. Mich. Oct. 11, 2022).  Plaintiff's counsel also represented the *Nashel* plaintiffs, and that decision thus clearly put Plaintiff on notice that a PPPA claim based on an obsolete "data card" will not survive a Rule 12(b)(6) motion to dismiss.

Even though Plaintiff cites information from Defendant's September 30, 2022 initial disclosures as support for the allegations in his proposed SAC, and *Nashel* made clear that his complaint faced dismissal without additional allegations concerning the timing of Defendant's alleged disclosure, Plaintiff chose not to move to amend his complaint with this information by the November 4, 2022 deadline.

On February 17, 2023, the Court denied Plaintiff's motion to compel seeking an order requiring Defendant to respond to several document requests he propounded in violation of the CMO's discovery limits, ruling that "all of [P]laintiff's First Request for Production are stricken, as well as [D]efendants' responses."  ECF No. 47, PageID.1528.  By Court order, Defendants' discovery responses, including the documents it produced and on which Plaintiff relies as support for his proposed SAC, are a nullity.

On March 6, 2023, the Court granted Defendant's Motion to Dismiss, finding that the "half-decade time gap between [the] 2022 datacard and the alleged violation makes Bozung's allegations too speculative to infer that Christianbook disclosed Bozung's information before July 31, 2016." *Bozung v. Christianbook, LLC*, 2023 WL 2385004, at *4 (W.D. Mich. Mar. 6, 2023).  In a belated attempt to address this fatal "time gap" problem – which was the same fatal pleading defect in *Nashel* – Plaintiff packages as "newly discovered evidence" months-old discovery produced in the dismissed action as a basis for Rule 59(e) / Rule 60(b) post-judgment relief.

## LEGAL STANDARD

The relief Plaintiff seeks under Rule 59(e) to revive his dismissed PPPA claim is "extraordinary . . . [and] to be used sparingly."  *South & Western Agency, Inc. v. Foremost Ins. Co. of Grand Rapids, Mich.*, 2006 WL 1417854, at *1 (W.D. Mich. May 19, 2016).  Post-judgment relief under Rule 60(b) "is even more limited[,]" a form of "extraordinary relief to be

6

granted only in exceptional circumstances." *Martin v. Bank of America, N.A.*, 2014 WL 1977141, at *1-2 (E.D. Mich. May 15, 2014) (internal citation omitted).

Where – as here – the dismissed party invokes "newly discovered evidence" as a basis for Rule 59(e) or 60(b) relief, courts are clear that evidence predating the adverse judgment does not qualify as "newly discovered." *See, e.g.*, *Hernandez v. City of Saginaw*, 2013 WL 4052632, at *4 (E.D. Mich. Aug. 12, 2013) (denying request to amend dismissal order under Rule 59(e) based on "new evidence" consisting of multiple emails sent weeks before the dismissal because "[n]one of this evidence is new"). *See also C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, 807 F. App'x 534, 539-40 (6th Cir. 2020) (affirming denial of a Rule 60(b)(2) motion where "newly discovered evidence" from March 5, 2018 predated the March 16, 2018 summary judgment order). Likewise, where the dismissed party had "numerous opportunities to seek leave to amend under Rule 15" but made the "strategic decision not to request leave until after an adverse judgment was entered," a request for post-judgment relief to "prevent manifest injustice" fails. *Michigan Flyer LLC*, 860 F.3d at 431-32.

Under either Rule 59(e) or 60(b), a "claimant who seeks to amend a complaint after losing the case must provide a compelling explanation to the district court for granting the motion." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010). The dismissed party "must shoulder a heavier burden" than that imposed by "the modest requirements of Rule 15." *Id.* at 616. Courts do not afford leave to amend – particularly in the post-judgment context – when the proposed amendment would be futile, or was the product of undue delay, dilatory motive, or bad faith. *See Pond v. Haas*, 2016 WL 1084684, at *7 (E.D. Mich. Mar. 21, 2016) (denying post-judgment motion to amend based on undue delay). *See also*

*Evans v. Jackson*, 2008 WL 750529, at *1-2 (W.D. Mich. Mar. 18, 2008) (denying motion to amend where the proposed amendment would be futile).

## ARGUMENT

**I.      Plaintiff Has Not Established His Entitlement to Rule 59(e) or Rule 60(b)'s "Extraordinary" Post-Judgment Relief.**

Plaintiff argues that the Court should "set aside" its dismissal of his PPPA claim under Rule 59(e) and/or Rule 60(b) for two reasons: (1) "newly discovered evidence" he obtained while Defendant's successful motion to dismiss was pending and (2) to "prevent manifest injustice." Mot. at 6-13. Plaintiff is wrong on both counts.

a.      *Plaintiff's "Newly Discovered Evidence" Predated the Court's Dismissal and Is Not "New".*

Plaintiff's Motion and Proposed SAC rely on "newly discovered evidence" allegedly "revealing" that Defendant disclosed Plaintiff's personal information in violation of the PPPA during the pre-July 30, 2016 period. Mot. at 6-7; Proposed SAC ¶¶ 5-7. Plaintiff argues that this "newly discovered evidence" "add[s] strong support for [his] PPPA claim" and "cure[s] the issues identified by the Court in its order of dismissal." Mot. at 2-3. As discussed *infra* at 12-14, rather than "add[ing] strong support for Plaintiff's PPPA claim," discovery has confirmed the futility of his PPPA claim. Multiple documents produced to Plaintiff directly contradict the allegations in his proposed SAC and establish that Defendant provided Plaintiff with notice that it may share his information with third parties, ██████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████.

But Plaintiff's request that the Court reopen his dismissed PPPA claim fails for an even more fundamental reason. Plaintiff claims his Motion is supported by "newly discovered

evidence" that he "could not have reasonably . . . discovered any sooner than during the discovery process in this litigation." Mot at 12. But the test under Rule 59(e) and Rule 60(b) is not whether the "newly discovered evidence" could have been discovered by a diligent plaintiff before "the discovery process," but whether that plaintiff actually discovered the "new" evidence during "the discovery process." Where the dismissed plaintiff had possession of the "newly discovered evidence" before the adverse judgment was entered, the evidence is not "new" for purposes of Rule 59(e) or Rule 60(b). *See* 11 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2859 (3d ed. 2022) ("Under both rules [59 and 60],…if [the evidence] was in the possession of the party before the judgment was rendered it is not newly discovered . . . .").

Plaintiff anchors his proposed amendment on "newly discovered evidence" produced to him in discovery well before the Court's dismissal of his complaint on March 6, 2023. None of this is "new" evidence. *See Hernandez*, 2013 WL 4052632, at *4 (denying Rule 59(e) relief based on "new evidence" consisting of multiple emails sent weeks before the dismissal because "[n]one of this evidence is new"). *Accord James v. City of Detroit*, 2021 WL 82113, at *3-4 (E.D. Mich. Jan. 11, 2021) (denying request for Rule 60(b) relief where "newly discovered evidence" was available prior to summary judgment order). Indeed, the Sixth Circuit has held that a mere two-week delay between discovery of "allegedly new evidence" and the adverse judgment bars relief under Rule 60. *See C.H. Raches, Inc.*, 807 F. App'x at 539-40 (affirming district court's denial of a Rule 60(b)(2) motion where "newly discovered evidence" from March 5, 2018, predated the March 16, 2018 summary judgment order). Plaintiff identifies no court that has altered, amended, or set aside a judgment under Rule 59(e) or Rule 60(b) based on "newly discovered evidence" that the dismissed party had in his possession prior to the adverse

judgment and could have used (but chose not to use) as a basis for seeking leave to amend his pleading under Rule 15(a).[1]

Plaintiff's touting of information from Defendant's initial disclosures as "newly discovered evidence" supporting post-judgment relief underscores how weak Plaintiff's position is.  Plaintiff argues that Defendant's initial disclosures support his allegation that Defendant disclosed its customers' PPPA-protected information "without [their] consent" during the March 31 through July 30, 2016 time period.  Mot. at 11-12; Proposed SAC ¶ 12.  Plaintiff claims that this "evidence . . . was not, and could not reasonably have been, discovered by Plaintiff any sooner than during the discovery process in this litigation."  Mot. at 12.  But Defendant made its initial disclosures on September 30, 2022, well before the November 4, 2022 deadline the Court imposed for parties to move to amend their pleadings.  ECF No. 29, PageID.1261.  The *Nashel* decision put Plaintiff (and his attorneys, who represented the *Nashel* plaintiffs) on notice by October 11, 2022 that his PPPA claim was vulnerable to dismissal due to the "time gap" between the NextMark "datacard" allegedly showing that Defendant disclosed customer information in 2022 and the pre-July 30, 2016 disclosure on which Plaintiff premised his PPPA claim.  *See Bozung*, 2023 WL 2385004, at *4.  Plaintiff relies on Defendant's initial disclosures to bridge this "time gap" and cure this pleading defect, but he had Defendant's disclosures available to him weeks before the November 4, 2022 deadline and did not seek leave to amend.  Plaintiff's strategic decision not to use Defendant's initial disclosures as "evidence" to support a timely

---

[1] The only authority Plaintiff musters for vacating a judgment under Rule 60(b) is distinguishable because it turned on "newly discovered evidence" that the *pro se* plaintiff did not discover until *after* the court denied his claim.  *Griggs v. Schmauss*, 2019 WL 111108, at *2 (W.D.N.Y. Jan. 4, 2019).   Mot. at 14.

motion to amend under Rule 15(a) does not transform that evidence into "newly discovered evidence" warranting post-judgment relief under Rule 59(e) or Rule 60(b).

      b.     *No "Manifest Injustice" Where Plaintiff Chose to Wait for Dismissal Before Moving to Amend.*

Plaintiff separately argues that the Court should "set aside or alter or amend" its dismissal of his PPPA claim because "it would be manifestly unjust to deprive Plaintiff an opportunity to allege the[] new facts in an amended pleading." Mot. at 5. Plaintiff is wrong, for multiple reasons. First, as discussed *supra* at 8-10, none of Plaintiff's "new facts" actually qualify as "new" under Rule 59(e) or Rule 60(b). Second, nobody has "deprive[d]" Plaintiff of the opportunity to bring an amended complaint based on these supposedly "new facts." *Id.* Plaintiff obtained party and non-party discovery while Defendant's successful motion to dismiss was pending, and was free to seek leave pursuant to Rule 15(a) to file an amended pleading incorporating this "new" discovery. Indeed, the Court all but invited Plaintiff to do so with its September 8, 2022 CMO, setting a November 4, 2022 deadline for bringing such a motion. Plaintiff chose not to seek leave to file a second amended complaint, although he already had in his possession the set of "new facts" on which he now relies for his proposed SAC. This was Plaintiff's decision, and Rule 59(e) post-judgment relief does not exist to rescue "a losing party" like Plaintiff from any "manifest injustice" caused by his own "poor strategic decision." *Michigan Flyer LLC*, 860 F.3d at 431-32.

*Michigan Flyer LLC* is on point. After losing on a motion to dismiss, plaintiffs moved under Rule 59 to "reopen the case" and for leave to amend to revive their dismissed claim in order to "prevent manifest injustice." 860 F.3d at 431. The district court denied plaintiffs' request, and the Sixth Circuit affirmed, finding that plaintiffs "had numerous opportunities to seek leave to amend under Rule 15 to add the new allegations" and had long been "well aware of

arguments" that led to dismissal of their claims but "strategically . . . proceeded with the case to the point that the district court dismissed their action." *Id.*  The court confirmed that "'manifest injustice' does not occur when a losing party attempts to 'correct what has – in hindsight – turned out to be a poor strategic decision.'" *Id.*  This logic dictates the same result here.  Plaintiff chose to sit for months on information he now claims, in hindsight, would have staved off Rule 12(b)(6) dismissal of his PPPA claim.  Plaintiff made the strategic decision to wait and see how the Court would resolve Defendant's Motion to Dismiss before presenting his "new" evidence to the Court.  Rule 59(e) does not permit Plaintiff to use the Court "as a sounding board to discover holes in [his] arguments," and then belatedly ask the court to "reopen the case by amending [his] complaint to take account of the court's decision." *Leisure Caviar, LLC*, 616 F.3d at 616 (denying Rule 59(e) and Rule 15 motion to amend) (internal citation omitted).

Plaintiff is not entitled to Rule 59(e) and Rule 60(b)'s "extraordinary" post-judgment relief, and the Court should deny his Motion and enter an order dismissing his PPPA claim with prejudice.

## II. Plaintiff Does Not Meet His Heavy Burden for Securing Leave to File His Proposed SAC.

Even if Plaintiff could finagle some basis for post-judgment relief under Rule 59(e) or Rule 60(b) – and he cannot – he has failed to satisfy his "heavier burden" and provide a "compelling explanation" for securing leave to file his proposed SAC.  *See Leisure Caviar, LLC*, 616 F.3d at 616-17.  Rule 15(a) forecloses Plaintiff's request for leave to file his proposed SAC because the proposed amendment is futile, and the product of bad faith and dilatory tactics.

a.    *Plaintiff's Proposed Amendment is Futile.*

Plaintiff claims that discovery "reveal[ed]" that Christianbook "rented, exchanged, and/or otherwise disclosed detailed information about Plaintiff's *The Drop Box* – The DVD video

purchase to data to . . . ████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████

Mot. at 6-7; Proposed SAC ¶¶ 6-7.  But discovery "revealed" the opposite, negating any

inference that Defendant disclosed Plaintiff's personal information in violation of the PPPA, and

confirming the futility of Plaintiff's proposed amendment.[2]  Documents produced to Plaintiff

conclusively establish that – contrary to the allegations in Plaintiff's proposed SAC – ████████

████████████████████████████████████████████████

████████████████████████████████████  *See* Exhibit 2.  Plaintiff

does not dispute this in his Motion or his proposed SAC – indeed, he tellingly omits any mention

of ██████████ in either document.  This fact is fatal to Plaintiff's PPPA claim, confirming

that ██████████████████████████████████.

Non-party document productions underscore the futility of the proposed amendment.

Plaintiff alleges that Defendant "rented, exchanged, and/or otherwise disclosed" Plaintiff's

"detailed information" ██████ and subpoenaed Wiland for documents to support this

allegation.  Mot. at 6-7; Proposed SAC ¶¶ 6-7.  Wiland's response clarified that Defendant did

not transmit Plaintiff's information ██████, as Wiland confirmed that it "does not expect that

it has any responsive information" reflecting that Defendant ever transmitted Plaintiff's personal

information to Wiland.  *See* Wiland Response to Subpoena, at Req. No. 2, Exhibit 3 to Bazzle

Declaration.

Plaintiff makes much of the fact that █████████████████████████████

---

[2] Each of the discovery documents referenced herein are either referred to in Plaintiff's proposed SAC or "central to the claims contained therein," and are thus subject to judicial notice.  *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

███████████████████████ but this allegation does not support a plausible inference that Defendant unlawfully disclosed Plaintiff's personal information ████████. Mot. at 7-8; Proposed SAC ¶ 7. ████████████████████████████████████

████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

████████████████████████████████

████████████████ *See* █████████████████████████, Exhibit 4 to Bazzle Declaration.

Nor does the proposed amendment resolve the fatal defect in the dismissed complaint – *i.e.*, the absence of allegations plausibly supporting that Defendant disclosed Plaintiff's information during the relevant time period. *Bozung*, 2023 WL 2385004, at *4-6. The proposed SAC supplies no facts supporting the inferential leap that the existence of a 2022 NextMark "datacard" means that Defendant disclosed Plaintiff's data to NextMark in 2016, confirming that even with the benefit of discovery, Plaintiff cannot support this "speculative" allegation. *Id.* at *5.

Because discovery established the futility of Plaintiff's PPPA claim, he does not meet his "heav[y] burden" for justifying his request for leave to file the proposed SAC. *See Leisure Caviar, LLC*, 616 F.3d at 616-17.

b.      *Plaintiff's Proposed SAC Is the Product of Bad Faith and Dilatory Tactics.*

Plaintiff's request for leave to file the proposed SAC should be denied for the separate and independent reason that Plaintiff unduly delayed in seeking this relief and that his belated

attempt at amendment is the embodiment of bad faith.[3]

As discussed *supra* 8-10, Plaintiff's decision to delay seeking leave to file the proposed SAC until after the Court's dismissal of his PPPA claim constitutes undue delay and requires denial of his Rule 15(a) request. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (denying Rule 59(e) and Rule 15 motion to amend where "plaintiffs put forward no good excuse for delaying until after the district court's judgment" to seek to amend). *See also Swope v. Gary Cmty. School Corp.*, 2012 WL 523710, at *3 (N.D. Ind. Feb. 15, 2012) (denying post-judgment request for leave to file amended complaint because Rule 15(a) "does not [give plaintiff] the right to sit back, let the Court explain the shortcomings of [his] Complaint, and then take a mulligan and amend [his] Complaint") (internal citation omitted).

The proposed SAC also should be denied as further evidence of bad faith by Plaintiff. First, documents produced to Plaintiff confirm what he should have known all along to be true – *i.e.*, ███████████████████████████████████████████████████████ ████████████████████████████████████████. Plaintiff's continued pursuit of a claim he knows to be baseless is the definition of bad faith. *See Bailey v. Papa John's USA, Inc.*, 236 Fed. App'x 200, 205 (6th Cir. 2007) (awarding attorneys' fees as sanction where claim "turns out to be baseless after discovery [and] . . . should be withdrawn" and counsel "knew or

---

[3] Plaintiff's threat to file a "separate case based on allegations derived from [his] newly discovered evidence" should the Court deny his proposed amendment reveals the bad faith animating Plaintiff's entire litigation strategy.  Mot. at 15-16.  Plaintiff clearly filed his original complaint based on little to no investigation, and did so to obtain free discovery during the pendency of Defendant's successful motion to dismiss that he could then use to cure the defects in his placeholder complaint if and when the Court dismissed it.  This gamesmanship is apparent again as Plaintiff threatens to burden Defendant and the Court with starting at square one litigating a new baseless PPPA complaint against Christianbook if the Court correctly applies the law and refuses his claim for post-judgment relief.  This is unacceptable.  Defendant expressly reserves all its rights, including to move for sanctions, should Plaintiff or his attorneys file a new PPPA complaint against Christianbook after this action is dismissed with prejudice.

should have known that the claim has no factual or legal basis").

Likewise, while Plaintiff represents that his proposed amendment is supported by "newly discovered evidence he obtained during discovery," (Mot. at 3), this is not true. Defendant and non-parties produced documents in discovery that directly contradict the allegations in Plaintiff's proposed amendment. *See supra* at 12-14. Plaintiff falsely mischaracterizes the discovery record to prop up allegations he is well aware lack merit based on the discovery produced to him.

Finally, Plaintiff's use of Defendant's discovery for any purpose runs afoul of the Court's February 17, 2023 denial of his motion to compel, in which the court ordered "stricken" all of "defendants' responses" to the discovery sought in violation of the Court's CMO. ECF No. 47, PageID.1528. Plaintiff's reliance on stricken discovery as support for allegations that he knows are contradicted by other documents previously produced to him in discovery reflects bad faith and warrants denial of his motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied, and the Court should dismiss this action with prejudice.

Dated:  April 4, 2023                    Respectfully submitted,

                                         */s/ Timothy Bazzle*
                                         Timothy Bazzle
                                         TBazzle@goodwinlaw.com
                                         Jennifer L. Chunias
                                         JChunias@goodwinlaw.com
                                         Goodwin Procter LLP
                                         100 Northern Avenue
                                         Boston, Massachusetts 02210
                                         Tel.:  (617) 570 1000
                                         Fax.:  (617) 523 1231

                                         Matthew J. Boettcher
                                         Mboettcher@plunkettcooney.com
                                         Patrick C. Lannen
                                         Plannen@plunkettcooney.com
                                         Plunkett Cooney, PC
                                         38505 Woodward Ave., Ste. 100
                                         Bloomfield Hills, MI 48304
                                         Tel.:  (248) 901-4035
                                         Fax:  (248) 901-4040

                                         *Attorneys for the Defendant*

## <u>LOCAL RULE 7.3(b)(ii) CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel certifies pursuant to Local Civil Rule 7.3(b)(ii) that this Brief in Support of Defendant Christianbook, LLC's Opposition to Plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 59(e) & Fed. R. Civ. P. 60(b) and for Leave to File Second Amended Complaint Pursuant to Fed. R. Civ. P. 15(a) contains 4,300 words, excluding the parts of the document that are exempted by Local Civil Rule 7.3(b)(i).  This word count was generated using Microsoft Word version 2180.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 4, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which caused it to be served on all counsel of record.  Counsel separately served on counsel of record via email, per the parties' agreement, a copy of the unredacted, under seal foregoing brief and those exhibits referenced therein that were separately filed under seal.

*/s/ Timothy Bazzle*
Timothy Bazzle
