# Exhibit 3



O. 303.623.9000
1601 19th Street
Suite 1000
Denver, CO 80202
lewisroca.com

**Kenneth F. Rossman**
Partner
Admitted in Colorado, California, and District of Columbia
303.628.9584 direct
303.623.9222 fax
KRossman@lewisroca.com

January 19, 2022

Philip L. Fraietta
Bursor & Fisher, P.A.
888 Seventh Ave.
New York, NY 10019

RE: Subpoena to Wiland in Bozung v. Christianbook, Case No. 1:22-cv-00304-HYJ-RSK

Dear Mr. Fraietta:

You served Wiland, Inc. with a third-party subpoena for documents. We represent Wiland. This letter serves as notice of Wiland's objections to the subpoena.

Wiland objects to the subpoena because it imposes undue burden and expense contrary to FRCP 45(d)(1). It seeks records and information that will be expensive to locate. In addition, in seeking material that is not relevant or that is marginally relevant, Plaintiff is subjecting Wiland to an undue burden. Further, the subpoena seeks information that Plaintiff either has or should have received from the Defendant. This undue burden is unavoidable because of the nature of the records, which are replete with private and proprietary information that Wiland will need to identify, review, and redact. Plaintiff has neither offered nor agreed to reimburse Wiland for that time and expense.

Wiland also objects to the subpoena because it seeks confidential business information, proprietary information, trade secrets, confidential client account records or information, or otherwise confidential material. The subpoena purports to require Wiland's disclosure of this confidential business information. The need for information sought by discovery must be balanced against confidentiality and privacy concerns. In the circumstances here, Plaintiff must show he has a compelling need for the information, that the information being sought is not available from other sources, and that he is using the least intrusive means to obtain the information. He has not done this. Further, Wiland's nonparty status weighs against disclosure because it does not have an interest in the outcome, and lacks the expectation of being required to turn information over to an opposing party.

Wiland further objects to the subpoena because it seeks information that is the subject of a non-disclosure or confidentiality agreement with third parties.

And, Wiland objects to the subpoena to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and/or any other applicable privilege or immunity from discovery afforded by federal law, or to the extent applicable, the laws of State of Colorado. By responding to the subpoena, Wiland does not waive any applicable privilege or immunity. Any inadvertent production of privileged or protected documents or information shall not be deemed a waiver of any privilege. Any inadvertent production shall be returned to Wiland.



## Specific Objections

### DEFINITIONS

**5. The term "Private Reading Information" shall be construed to mean subscribers' information, including but not limited to, names, titles of magazines subscribed to, addresses, gender, age, ethnicity, income, religion, parental status, and/or political affiliation.**

Wiland objects to this instruction as causing an undue burden through its overly broad definition of "Private Reading Information." The definition in this instruction contradicts the definition of the term in the statue giving rise to Plaintiff's claim. The Michigan Personal Privacy Protection Act ("PPPA") involves disclosure concerning the purchase of "books or other written materials" by a customer. MICH. COMP. LAWS § 445.1712. Wiland will read the term "Personal Reading Information" to mean information that includes identifications of CBD products purchased.

### DOCUMENTS REQUESTED

**1. All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between Wiland Direct and CBD.**

Wiland will produce any contracts in place between it and CBD during the relevant period.

**2. All documents, communications, and ESI exchanged between Wiland Direct and CBD concerning the transmission, suppression, or receipt of Timothy Bozung's Private Reading Information, including but not limited to when such transmissions, suppressions, or receipts occurred.**

Wiland objects that seeking "All documents" is overly broad and an undue burden and that the request is vague and ambiguous. Subject to this and the general objections, Wiland will produce communications between it and CBD during the relevant period concerning transmission of the named Plaintiff's Personal Reading Information following a reasonable search. Based on its initial review, Wiland does not expect that it has any responsive information.

**3. Copies of any documents, communications, and ESI (in original native format) exchanged between Wiland Direct and CBD that contain the Private Reading Information of Timothy Bozung.**

Wiland will produce any of Plaintiff's Personal Reading Information exchanged between it and CBD during the relevant period that it can locate after a reasonable search.

**4. All documents, communications, and ESI exchanged between Wiland Direct and CBD concerning the transmission, suppression, or receipt of Private Reading Information, including but not limited to when such transmissions, suppressions, or receipts occurred.**

Wiland objects that seeking "All documents" is overly broad and an undue burden and that the request is vague and ambiguous. Wiland further objects that this request is overbroad and

Philip L. Fraietta
January 19, 2022
Page 3

unduly burdensome because it seeks information not related specifically to Plaintiff or his claims. Wiland further objects that this request because it seeks information that is confidential and proprietary, privileged, is the subject of non-disclosure or confidentiality agreements with third parties, and would be unduly burdensome to gather. As described above in Requests 2 and 3, Wiland is producing information related to the transmission of Plaintiff's Personal Reading Information to Wiland by CBD during the relevant period. Beyond that, Wiland will produce no documents in response to this request.

**5. Copies of any documents, communications, and ESI (in original native format) exchanged between Wiland Direct and CBD that contain the Private Reading Information of any magazine subscribers in Michigan.**

Wiland objects that the request is vague and ambiguous and that it is overbroad and unduly burdensome because it seeks information not related specifically to Plaintiff or his claims. Wiland further objects because this request seeks information that is not relevant to Plaintiff's claims, is confidential and proprietary, is privileged, is the subject of non-disclosure or confidentiality agreements with third parties, and would be unduly burdensome to gather. As described above in Requests 2 and 3, Wiland is producing information related to the transmission of Plaintiff's Personal Reading Information to Wiland by CBD during the relevant period. Beyond that, Wiland will produce no documents in response to this request.

**6. All documents, communications, and ESI (regardless of date) concerning Timothy Bozung.**

Wiland objects that the request for "All documents and communications" is vague, ambiguous, and an undue burden. Wiland further objects that this request, to the extent it seeks information not related to Personal Reading Information obtained from CBD, seeks information that is not relevant to Plaintiff's claims, seeks information not related to Personal Reading Information, is confidential and proprietary, is privileged, is the subject of non-disclosure or confidentiality agreements with third parties, and would be unduly burdensome to gather. As described above in Requests 2 and 3, Wiland is producing information related to the transmission of Personal Reading Information to Wiland by CBD during the relevant period. Beyond that, Wiland will produce no documents in response to this request.

**7. Documents, communications, and ESI sufficient to identify any third party to whom Wiland Direct disclosed, transmitted, leased, licensed, rented, or sold Timothy Bozung's Private Reading Information, and when such disclosures, transmissions, leases, licenses, rentals, or sales occurred.**

Wiland objects to the request as being vague, ambiguous, and an undue burden. Wiland further objects this request seeks information that is not relevant to Plaintiff's claims, seeks information not related to Personal Reading Information obtained from CBD, is confidential and proprietary, is the subject of non-disclosure or confidentiality agreements with third parties, and would be unduly burdensome to gather. Wiland has not disclosed, transmitted, leased, licensed, rented, or sold Timothy Bozung's Private Reading Information.

**8. All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between Wiland Direct and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.**

Philip L. Fraietta
January 19, 2022
Page 4

There are no third parties identified in response to Request 7. Wiland objects to this request because it seeks information that is not relevant to Plaintiff's claims, seeks information not related to Personal Reading Information obtained from CBD, is confidential and proprietary, is the subject of non-disclosure or confidentiality agreements with third parties, and would be unduly burdensome to gather. Wiland has no documents in response to this request.

**9. All documents, communications, and ESI exchanged between Wiland Direct and each of the third parties identified in the documents responsive to Request No. 7 above concerning the transmission, suppression, or receipt of Timothy Bozung's Private Reading Information, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of Timothy Bozung that was exchanged between Wiland Direct and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.**

There are no third parties identified in response to Request 7. Wiland objects that seeking "All documents" is overly broad and an undue burden. In addition, Wiland objects to this request because it seeks information that is not relevant to Plaintiff's claims, seeks information not related to Personal Reading Information obtained from CBD, is confidential and proprietary, is the subject of non-disclosure or confidentiality agreements with third parties, and would be unduly burdensome to gather. Wiland has no documents in response to this request.

**10. Documents, communications, and ESI sufficient to identify any third party to whom Wiland Direct disclosed, transmitted, leased, licensed, rented, or sold the Personal Reading Information of any subscriber to any CBD publication in Michigan, and when such disclosures, transmissions, leases, licenses, rentals, or sales occurred.**

Wiland objects to the request for as being vague, ambiguous, and an undue burden. Wiland objects this request seeks information that is not relevant to Plaintiff's claims, seeks information not related to Personal Reading Information obtained from CBD, is confidential and proprietary, is the subject of non-disclosure or confidentiality agreements with third parties, and would be unduly burdensome to gather. Wiland has not disclosed, transmitted, leased, licensed, rented, or sold the Personal Reading Information of any subscriber to any CBD publication in Michigan. Wiland has no documents in response to this request.

**11. All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between Wiland Direct and each of the third parties identified in the documents responsive to Request No. 10 above.**

There are no third parties identified in response to Request 10. In addition to the general objections, Wiland objects to this request because it seeks information that is not relevant to Plaintiff's claims, seeks information not related to Personal Reading Information obtained from CBD, is confidential and proprietary, is the subject of non-disclosure or confidentiality agreements with third parties, and would be unduly burdensome to gather. Wiland has no documents in response to this request.

**12. All documents, communications, and ESI exchanged between Wiland Direct and each of the third parties identified in the documents responsive to Request No. 10 above**

Philip L. Fraietta
January 19, 2022
Page 5

concerning the transmission, suppression, or receipt of the Personal Reading Information of any CBD publication subscriber in Michigan, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of any subscriber to any CBD publication in Michigan that was exchanged between Wiland Direct and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 10 above.

There are no third parties identified in response to Request 10. Wiland objects that seeking "All documents" is overly broad and an undue burden. In addition, Wiland objects to this request because it seeks information that is not relevant to Plaintiff's claims, seeks information not related to Personal Reading Information obtained from CBD, is confidential and proprietary, is the subject of non-disclosure or confidentiality agreements with third parties, and would be unduly burdensome to gather. Wiland has no documents in response to this request.

**13. All documents, communications, and ESI (regardless of date) concerning the action entitled *Bozung v. Christian book LLC.*, Case No. 22-cv-00304-HYJ-RSK (W.D. Mich.) (the "*Bozung* Action"), including but not limited to all documents, communications, and ESI concerning the date on which Wiland Direct first learned of the *Bozung* Action and any efforts, measures, or steps Wiland Direct took to preserve documents, communications, and ESI that have a reasonably likelihood of being relevant to *Bozung* Action.**

Wiland objects that seeking "All documents" is overly broad and an undue burden. Wiland objects to this request it explicitly seeks information that is privileged, not relevant to Plaintiff's claims, and would be unduly burdensome to gather. Wiland will read this request as being limited to non-privileged communications with third parties, and will produce any responsive documents found after a reasonable search.

**14. All documents, communications, and ESI (regardless of date) concerning the PPPA.**

Wiland objects that seeking "All documents" is overly broad and an undue burden and that this request is vague and ambiguous. Wiland further objects that this request explicitly seeks information that is privileged, not relevant to Plaintiff's claims, and would be unduly burdensome to gather. Wiland will produce no documents in response to this request.

**15. All documents and communications concerning any policies of insurance (including corresponding declarations pages) that may provide insurance coverage (either directly as an insured or indirectly pursuant to any duty to provide indemnification) to Wiland Direct or CBD for the defense of or any liability incurred in this Action.**

Wiland objects that seeking "All documents" is overly broad and an undue burden and that this request seeks information that is not relevant to Plaintiff's claims. Wiland will produce no documents in response to this request.

Philip L. Fraietta
January 19, 2022
Page 6

We would be happy to discuss at your convenience.

Sincerely,

*/s/ Kenneth F. Rossman, IV*

Kenneth F. Rossman, IV
Lewis Roca Rothgerber Christie LLP


KFR

LEWIS ROCA ROTHGERBER CHRISTIE LLP