UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BOZUNG,

    Plaintiff,

v.

CHRISTIANBOOK, LLC,

    Defendant.
_____/

Case No. 1:22-cv-304

Hon. Hala Y. Jarbou

## **OPINION**

This is a putative class action asserting violations of Michigan's Preservation of Personal Privacy Act (PPPA), Mich. Comp. Laws § 445.1711 (1989). On March 6, 2023, the Court entered an opinion, order, and judgment dismissing the case for failure to state a claim. Before the Court is Plaintiff Timothy Bozung's motion to alter or amend judgment under Rules 59(e) and 60 of the Federal Rules of Civil Procedure. For the reasons herein, the Court will grant the motion.

### I. BACKGROUND

Bozung is a Michigan resident who purchased a video, *The Drop Box*, from Defendant Christianbook, LLC's predecessor, Christian Book Distributors Catalog, LLC. (Am. Compl. ¶ 11.) Bozung alleges that Christianbook (or its predecessor) later disclosed information that identifies Bozung as a purchaser of *The Drop Box* video, in violation of the PPPA. (*Id.* ¶ 62.)

Bozung's claim relies on the version of the PPPA in effect before July 31, 2016. He alleges that Christianbook's disclosure occurred sometime between December 2015 and July 30, 2016. (*Id.* ¶ 11.)

When assessing Bozung's first amended complaint in connection with Christianbook's motion to dismiss, the Court held that it failed to allege sufficient factual matter to support a

plausible inference that Christianbook disclosed his information during the relevant time period in 2015 and 2016. Bozung mainly relied upon a data card from a list broker who offered to sell Christianbook's customer information in 2022, but those facts were too far removed from the relevant time period to suggest a violation by Christianbook. Bozung also alleged that Christianbook publicly advertised the "same" datacard in 2016, but in the Court's view, that allegation was too skeletal and conclusory to adequately support Bozung's claim.

Bozung now seeks to vacate the Court's judgment so that he can file a second amended complaint. Unlike the first amended complaint, Bozing's proposed second amended complaint (ECF No. 60-1) contains many detailed factual allegations about Christianbook's purported disclosures of customer information during the relevant time period in 2015 and 2016.

## II. LEGAL STANDARD

"[A] district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2012). The Court has "considerable discretion" in deciding whether to grant such a motion. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a). "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). "Where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same factors." *Id.* That is, denial of leave to amend "may be appropriate . . . where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Id.* at 800 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Ordinarily, delay alone, does not justify denial of leave to amend." *Id.* But "in the post-judgment context," the Court must consider the "competing interest of protecting the 'finality of judgments and the expeditious termination of litigation.'" *Id.* (quoting *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991)). The Court "must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Id.*

### III. ANALYSIS

Bozung argues that amendment of the complaint is warranted at this stage because his proposed amendments are based upon new evidence that he obtained through discovery. In other words, he did not discover the additional facts until after he filed his original and/or first amended complaint.

Christianbook responds that the evidence is not really "new" because, long before the Court dismissed the case, and a month before the deadline for amending the complaint, Christianbook disclosed some of the information on which Bozung bases his proposed amendments to the complaint. Thus, it contends that Bozung could have and should have amended his complaint before the Court dismissed the case. However, Bozung asserts that he obtained much of his evidence from third parties identified in Christianbook's initial disclosures, and that he received some of this evidence only hours before the Court entered its opinion dismissing the complaint. He then filed his motion to alter judgment and proposed second amended complaint only eight days after the Court entered its judgment.

Considering the factors discussed in *Morse*, there is no evidence of bad faith or dilatory motive. Regarding bad faith, Christianbook argues that it has provided Bozung with evidence

3

showing that it did not disclose his information to third parties, yet he has decided to proceed with the case anyway. But that issue goes to the merits of Bozung's claim. It is not evidence of bad faith in seeking leave to amend the complaint at this stage of the case.

There is some evidence of delay by Bozung in seeking leave to amend his complaint, but the Court finds that it is not "undue delay." Even if Bozung possessed some or all of the relevant information before the Court dismissed the case, the Court agrees with Bozung that, as a general matter, the Court does not necessarily expect plaintiffs to promptly seek leave to amend their complaints whenever they receive a new piece of evidence that supports their claims. Multiple motions for leave to amend would likely delay the proceedings without good reason. And if the existing complaint can survive a motion to dismiss, then an amendment may be unnecessary.

Here, the Court notes that the defects in Bozung's complaint were not obvious. True, Christianbook had filed a motion to dismiss identifying what it believed were the defects in Bozung's pleadings; however, the Court did not accept all of Christianbook's arguments and other courts examining similar allegations have concluded that they were sufficient to state a claim. Bozung could have reasonably concluded that amendment was not necessary because his complaint would survive the motion to dismiss. This case is not like *Michigan Flyer LLC v. Wayne County Airport Authority*, 860 F.3d 425 (6th Cir. 2017), where the plaintiff made a strategic decision to not amend its complaint before entry of judgment. *See id.* at 432. Thus, the Court is not persuaded that the delay is sufficient reason to deny Bozung's motion.

Similarly, although Bozung amended his complaint once before the Court dismissed it, this is not a clear case of repeated failure to cure deficiencies by amendments previously allowed. After close examination of the first amended complaint, the Court concluded that its factual

4

allegations did not sufficiently tie Christianbook's conduct to the relevant timeframe. Bozung has now addressed the deficiency identified by the Court in its opinion.

Finally, the Court is not persuaded that undue prejudice to Christianbook will follow from granting Bozung's motion. Before dismissal, the case was still in a relatively early stage, as discovery was still ongoing. Also, Bozung's claim has not changed in any significant way. *Cf. Mich. Flyer*, 860 F.3d at 433 (affirming denial of a post-judgment motion for leave to amend where the proposed amended complaint sought to add an entirely new claim).

In summary, the Court concludes that relief from judgment is warranted to permit Bozung to proceed with his proposed second amended complaint. Accordingly, the Court will grant his motion.

## IV. SEALED FILINGS

One issue not addressed by the parties is the fact that Bozung has filed his proposed second amended complaint under seal, with only a redacted version available on the public docket. There is a strong presumption in favor of open judicial records. *See Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836 (6th Cir. 2017). Reliance on a protective order or agreement between the parties as to the confidentiality of documents produced in discovery does not suffice to overcome this presumption. "Although a district court may enter a protective order during discovery upon a showing of good cause, there is a stark difference between so-called 'protective orders' and orders to seal court records." *Id.* (citations and quotation marks omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)).

The proposed second amended complaint is a judicial record. The presumption in favor of disclosure of that record is particularly strong because it will become the basis for the proceedings going forward. The Court discerns no grounds for sealing or redacting any portion of the proposed

second amended complaint. The redacted portions do not appear to contain any particularly sensitive information. They concern Christianbook's relationships with third-party data aggregators. Those details are central to this case and will inevitably become the subject of further litigation. The public has a right to know the basis for Bozung's claims and for the Court's decisions on them. Nevertheless, the Court will give the parties an opportunity to address the issue by requiring them to show cause why the Court should not unseal the unredacted version of the proposed second amended complaint.

## V. CONCLUSION

For the reasons herein, the Court will grant Bozung's motion to alter or amend the judgment and will permit him to amend his complaint using his proposed second amended complaint. The Court will also require the parties to show cause why the Court should not unseal the unredacted version of the proposed second amended complaint for filing as the operative complaint in this matter.

An order will enter consistent with this Opinion.

Dated: July 14, 2023   /s/ Hala Y. Jarbou
  HALA Y. JARBOU
  CHIEF UNITED STATES DISTRICT JUDGE