## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TIMOTHY BOZUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>    v.<br><br>CHRISTIANBOOK, LLC f/k/a CHRISTIAN BOOK DISTRIBUTORS CATALOG, LLC,<br><br>Defendant. | Case No. 22-cv-00304-HYJ-RSK<br><br>Honorable Hala Y. Jarbou<br><br>Magistrate Judge Ray S. Kent |

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL

**TABLE OF CONTENTS**

I.      Relevant Factual and Procedural Background ...............................................1

II.     Defendant's Responses to Request For Production Nos. 3-4, 7-9, 15 and
        Misconstrue "Disclose" and "Disclosure"......................................................4

III.    Defendant Improperly and Unilaterally Limited the Scope of Its Response
        by Not Furnishing Materials Relevant to all Putative Michigan Class
        Members ..........................................................................................................5

IV.     Defendant Improperly and Unilaterally Limited the Scope of the "Class
        Period" .............................................................................................................8

V.      The Responses and Objections Do Not Comport With Rule 34(B)(2)(C) and
        Rule 33(B)(4)...................................................................................................9

VI.     Plaintiff Respectfully Requests That the Court Extend the Deadline For
        Plaintiff's Motion For Class Certification to Match That For the Completion
        of Discovery...................................................................................................10

VII.    Conclusion ......................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Coulter-Owens v. Time, Inc.*,
    308 F.R.D. 524 (E.D. Mich. 2015) .........................................................................7

*Gottsleben v. Informa Media, Inc.*,
    2023 WL 4397226 (W.D. Mich. July 7, 2023)................................................4, 9

*NAB Holdings, LLC v. Cloudmybiz*,
    2020 WL 12738918 (E.D. Mich. Nov. 20, 2020)..............................................9


**Other Authorities**

Mich. Comp. Laws §§ 445.1711-1715 ........................................................................5


**Rules**

Fed. R. Civ. P. 15(a)...................................................................................................2
Fed. R. Civ. P. 26(d)(1)..............................................................................................1
Fed. R. Civ. P. 33(b)(4)......................................................................................... 9, 10
Fed. R. Civ. P. 34(b)(2)(C) .......................................................................................10
Fed. R. Civ. P. 59(e)..................................................................................................2
Fed. R. Civ. P. 60(b) .................................................................................................2

Plaintiff Timothy Bozung, individually and on behalf of all others similarly situated, moves to compel Christianbook, LLC f/k/a Christian Book Distributor Catalog, LLC ("Defendant" or "Christianbook") to produce all responsive, non-privileged documents in response to Plaintiff's First Set of Requests for Production. Plaintiff states that prior to bringing this motion, he engaged in a meet-and-confer process that began with a video call on October 6, 2023 and included numerous subsequent written communications. The meet-and-confer process was unsuccessful, thus giving rise to the need for Court intervention.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on March 30, 2022, by filing a Class Action Complaint. ECF No. 1. On June 10, 2022, Defendant responded to the Class Action Complaint by moving to dismiss pursuant to Rule 12(b)(6). ECF No. 8. On July 1, 2022, Plaintiff filed a First Amended Class Action Complaint (the "FAC") as of right pursuant to Rule 15. ECF No. 11. On July 15, 2022, Defendant filed a motion to dismiss the FAC pursuant to Rule 12(b)(6). ECF No. 18.

The Court ordered that the case move forward while Defendant's motion to dismiss was pending, and to that end, on August 25, 2022, Plaintiff served his First Set of Requests for Production and First Set of Interrogatories immediately after a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). Defendant requested and received multiple extensions to respond to Plaintiff's Requests, and then, on November 11, 2022, Defendant served its Responses and Objections to Plaintiff's Requests. Promptly upon receiving the Responses and Objections, Plaintiff's counsel sought a meet-and-confer teleconference, identified four primary deficiencies, did not timely receive Defendant's position on these issues, and filed a Motion to Compel on January 6, 2023 ECF No. 36.

A hearing was held regarding this Motion on February 16, 2023, ECF No. 46, and the

Motion was ultimately resolved by ordering Plaintiff to serve revised requests for production that did not exceed 20 in number, and by ordering Defendant to produce documents or otherwise respond within 30 days. ECF No. 47. Thus, Plaintiff served his (once-revised) First Set of Requests for Production on February 21, 2023.

However, before Defendant was due to respond, on March 6, 2023, the Court granted Defendant's Motion to Dismiss pursuant to Rule 12(b)(6). ECF No. 52. Plaintiff then filed a Motion For Relief From Judgment pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b), and For Leave to File a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a) (which Plaintiff proposed and attached as ECF No. 58-1; *see also* ECF No. 60-1 Brief in Support) on March 14, 2023. ECF No. 58. Defendant filed its Response to Plaintiff's Motion on April 4, 2023, ECF No. 70, and Plaintiff filed his Reply to Defendant's Response on May 4, 2023. ECF No. 82.

On July 14, 2023, the Court granted Plaintiff's Motion and vacated its prior March 6, 2023 judgment. ECF No. 85. Thus, Plaintiff's Second Amended Complaint was filed on July 27, 2023. ECF No. 87. Additionally, on July 18, 2023, the Court also issued a revised Case Management Order setting forth, *inter alia*, a November 6, 2023 deadline for Plaintiff's Motion for Class Certification and a February 5, 2024 deadline for the completion of Discovery. ECF No. 86.

Plaintiff then re-served his (once-revised) First Set of Requests for Production on August 2, 2023 (**Exhibit 1** hereto). Defendant filed a Proposed Stipulation and Order to extend its Response Deadline to the Second Amended Complaint to August 24, 2023. ECF No. 88. The Court granted this Stipulation and Order but stated that "no further extensions shall be granted" in this matter on August 7, 2023. ECF No. 89.

Defendant also requested a courtesy extension until September 29, 2023 to respond to Plaintiff's Requests for Production, which Plaintiff granted on condition that Defendant would

produce all responsive, non-privileged documents that same day. But instead, on September 29, 2023, provided its Responses and Objections (**Exhibit 2** hereto) to Plaintiff's August 2, 2023 First Set of Requests for Production and made a third production of documents in this case (the others having been made on December 16, 2022 and February 1, 2023) that totaled a measly 359 pages, almost exclusively compiled of employee manuals. Critically, the production was devoid of any putative class member customer data and any documents concerning the transmission of customer data to third parties.

Promptly upon receiving Defendant's Responses and Objections, Plaintiff's counsel sought a meet-and-confer teleconference, which was conducted on October 6, 2023. During that conference, Plaintiff's counsel identified four primary deficiencies:

1.    Defendant's Responses to Requests for Production Nos. 3-4, 7-9, 15, and 18 are improper, insofar as they misconstrue Plaintiff's August 2, 2023 First Set of Requests for Production's definitions of the terms "DISCLOSE" and "DISCLOSURE";

2.    Defendant improperly and unilaterally limited the scope of its Responses to Requests for Production Nos. 16 and 17 to "[d]ocuments, communications, and electronically-stored information sufficient to identify [***Plaintiff Bozung*** as a] purchaser of [] CHRISTIANBOOK PRODUCT . . . on or before July 30, 2016[]" and "documents, communications, and electronically-stored information concerning any payment received on or before July 30, 2016 [from ***Plaintiff Bozung***] for a CHRISTIANBOOK PRODUCT[,]" (emphasis added) respectively, rather than providing responsive documents for ***all purchasers*** in the putative class;

3.    Defendant improperly and unilaterally limited the scope of the "CLASS PERIOD"

3

to March 31, 2016, through July 31, 2016, even though Plaintiff asserts that the

proper class period is December 20, 2015, through July 31, 2016 due to COVID-

19 tolling. Per Judge Jarbou's July 7, 2023 holding in *Gottsleben v. Informa Media,*

*Inc.*, 2023 WL 4397226, at *3-4 (W.D. Mich. July 7, 2023) (Jarbou, J.), Plaintiff's

assertion is correct;

4.      The Responses and Objections fail to "state whether any responsive materials are

being withheld on the basis of [Defendant's] objection[s]" and thus do not comport

with Rule 34(b)(2)(C).

Given the case schedule, Plaintiff's counsel requested that Defendant's counsel provide

Defendant's positions on these issues by October 11, 2023. Defendant's response that evening was

wholly inadequate (**Exhibit 3** hereto). *Inter alia*, it reads, (i) "[s]ubject to and without waiver of

[Defendant's] objections . . . Defendant states that no responsive documents exist in connection

with [] Requests" 3 and 4 (*Id.*) – thereby maintaining the above objections to the definitions of the

terms "DISCLOSE" and "DISCLOSURE" and the "CLASS PERIOD"; and (ii) "Defendant will

not product documents in response to [] Requests" 16-17 (*Id.*) – and thereby maintaining the above

objections limiting the scope of these Requests to only Plaintiff Bozung, rather than all putative

class members. Defendant's response also does not address (iii) Defendant's "General Objections"

(*Id.*). Plaintiff is filing this motion accordingly. In light of Defendant's recalcitrance, Plaintiff

respectfully requests that the Court extend the November 6, 2023 deadline for Plaintiff's Motion

for Class Certification (as set forth by the July 18, 2023 revised Case Management Order, *see* ECF

No. 86, to February 5, 2024, the deadline for the completion of Discovery.

## II.      DEFENDANT'S RESPONSES TO REQUESTS FOR PRODUCTION NOS. 3-4, 7-9, 15, AND 18 MISCONSTRUE "DISCLOSE" AND "DISCLOSURE"

Defendant's Responses and Objections to Plaintiff's First Set of Requests for Production

include "Objections to Definitions" of the terms "DISCLOSE" and "DISCLOSURE" as well as other objections to these terms that are incorporated throughout. *See* Ex. 2. Specifically, Defendant claims, *inter alia*, that these terms' definitions are "vague, ambiguous, overly broad and unduly burdensome to the extent that the definition is inconsistent with Mich. Comp. Laws §§ 445.1711-1715 (effective through July 30, 2016), and seeks to impose legal obligations on Defendant different from and beyond those expressly provided by such statute." *Id.* at 3. At the October 6, 2023 meet-and-confer, defense counsel further elaborated that Defendant believes providing responsive documents to these Requests would be construed as an admission of liability by Plaintiff. But that is nonsensical.

Plaintiff's First Set of Requests for Production states: "'DISCLOSE' means to make information known to a recipient of the information. The term 'DISCLOSURE' means the action of transmitting, selling, leasing, sharing, renting, licensing, or otherwise disclosing or making information known to a recipient of the information." (Ex. 1 at 2). These definitions plainly do not presuppose a violation of the PPPA. Indeed, the PPPA permits disclosure of customer information in certain circumstances, which Defendant's Answer assert are applicable. *See* Answer, ECF No. 95, Eighth Affirmative Defense (citing M.C.L. § 445.1713). Therefore, Plaintiff does not "seek[] to impose legal obligations different from and beyond those expressly provided by" the PPPA; instead, Plaintiff's Requests are directly aligned with the PPPA. Defendant's pertinent Objections should be overruled and/or stricken accordingly, and Defendant should be ordered to produce any nonprivileged documents that are being withheld as a result of said Objections.

III.    **DEFENDANT IMPROPERLY AND UNILATERALLY LIMITED THE SCOPE OF ITS RESPONSES BY NOT FURNISHING MATERIALS RELEVANT TO ALL PUTATIVE MICHIGAN CLASS MEMBERS**

Defendant improperly and unilaterally limited the scope of its Responses to Requests for

Production Nos. 16 and 17 to "[d]ocuments, communications, and electronically-stored information sufficient to identify [**_Plaintiff Bozung_** as a] purchaser of [] CHRISTIANBOOK PRODUCT . . . on or before July 30, 2016[]" and "documents, communications, and electronically-stored information concerning any payment received on or before July 30, 2016 [from **_Plaintiff Bozung_**] for a CHRISTIANBOOK PRODUCT[,]" (emphasis added) respectively, rather than providing responsive documents for **_all purchasers_** in the putative class (i.e., whose purchases occurred on or before July 30, 2016, and with a Michigan address) (Ex. 2 at 23-24). Defendant claims, in its Objections to Request Nos. 16 and 17, that Request Nos. 16 and 17 are "overbroad in scope and subject matter, unduly burdensome, and seek[] information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case[.]" (*Id.*). Defendant, in its Objection to Request No. 16, also cites how that Request "is not limited to information relevant to class certification[.]" (*Id.* at 23). These points are wrong.

First, Request Nos. 16 and 17 are not overbroad in scope, they are highly relevant to the claims or defenses in this litigation, they are proportional to the needs of the case, and they are directly linked to class certification. The "identif[ication of] each [Michigan] purchaser of each CHRISTIANBOOK PRODUCT" during the class period and "payment[s] received" from Michigan purchasers during the class period is vital to Plaintiff's showing that the putative class is ascertainable, one of Plaintiff's chief burdens in his impending Motion for Class Certification. Plaintiff has already, in his October 6, 2023 Notice of Expert Witness Disclosure, ECF No. 86, disclosed Colin B. Weir, of Economics and Technology, Inc., 100 Franklin Street, 6th Floor, Boston, MA 02110, as an expert witness in this matter. Mr. Weir, an expert in database management and analysis, will focus his testimony on analyzing Defendant's customer databases and data transmissions, in part to prove that the putative class *is* ascertainable. But Plaintiff (even

with the help of his expert) will be prejudiced, without further production from Defendant vis-à-vis Request Nos. 16 and 17. *See, e.g.*, *Coulter-Owens v. Time, Inc.*, 308 F.R.D. 524, 530-32 (E.D. Mich. 2015) (Steeh, J.) (finding proposed class was ascertainable by reference to customer database records).

Second, Request Nos. 16 and 17 are not "unduly burdensome," as Defendant claims. Defendant has already produced Plaintiff Bozung's individual Christianbook customer Excel spreadsheet files, which, *inter alia*, show Plaintiff Bozung's name, customer numbers, Michigan address, telephone number, items purchased, and the prices of said items (*See* CB00000361, CB00000363). Defendant has also produced an Excel spreadsheet file of Michigan customers' customer numbers (but which lacked records of these customers' items purchased and the prices of said items) (CB00000366).[1] Defendant, nowhere in its Responses and Objections, and at no point during the Parties' October 6, 2023 conference, has stated that it *lacks* files like CB00000361 and CB00000363 for all Michiganders listed in CB00000366. In fact, Defendant has confirmed that it *does* maintain such material(s), but that it has reservations regarding sharing putative class members' personal information, complete with full names and addresses, with Plaintiff. Plaintiff duly notes and sees eye to eye with Defendant with respect to this privacy issue, and Plaintiff has offered to compromise by permitting Defendant to redact customer names and street addresses from responsive documents (so long as Defendant does not omit customers' numbers and city and state information to be used to identify Michigan residents, for example Customer Number 123456, [REDACTED], [REDACTED], [REDACTED], Grand Rapids, MI). Still, Defendant has not complied with Request Nos. 16 and 17. Considering the foregoing, these Objections should be

---

[1] These documents were marked "CONFIDENTIAL" pursuant to the December 8, 2022, Confidentiality Agreement and Stipulated Protective Order. ECF No. 35. The specific contents of the files are not at issue in this Motion so Plaintiff does not attach them. That said, if the Court would like to review the files *in camera* Plaintiff would provide them promptly.

overruled and/or stricken, and Defendant should be ordered to produce any nonprivileged

documents that are being withheld as a result of said Objections.

## IV.    DEFENDANT IMPROPERLY AND UNILATERALLY LIMITED THE SCOPE OF THE "CLASS PERIOD"

Defendant's Responses and Objections object to Plaintiff's definition of the term "CLASS

PERIOD" and re-define the term to only encompass the period of March 31, 2016, through July

31, 2016, on statute of limitations grounds. *See* Ex. 2 at 3, 7-9, 12-13. Plaintiff, however, asserts

that the relevant time period is December 20, 2015, through July 31, 2016, due to Michigan's

COVID-19 tolling orders. *See* Ex.1 at 2 ("The term 'CLASS PERIOD' shall be construed to mean

the following time period: December 20, 2015, through July 31, 2016.").[2]

Previously, Magistrate Judge Kent held that "the Court declines to decide whether

Michigan's COVID tolling provision applies to claims in this case in the context of a motion to

compel discovery responses." ECF No. 47. However, on July 7, 2023, in considering a motion to

dismiss in a similar PPPA case, Judge Jarbou held:

> Informa responds that the Michigan Supreme Court's orders do not apply here. It
> argues that the orders only apply to deadlines that fell between March 10, 2020,
> and June 19, 2020. Because Gottsleben's deadline expired long after June 10, 2020,
> Informa argues that he cannot rely on those orders. . . . The Michigan Court of

---

[2] This issue was more fully briefed earlier in the pleadings stage, *(see, e.g.*, ECF No. 24 at
PageID.1201-03), but in essence, Plaintiff's position is that Plaintiff's claims were tolled for 101
days from March 10, 2020, through June 20, 2020, by Governor Whitmer's Executive Orders and
the Michigan Supreme Court's Administrative Order (together, the "COVID-19 Orders") tolling
the statute of limitations for all Michigan claims due to COVID-19. See Mich. Executive Order
2020-58 ("[A]ll deadlines applicable to the commencement of all civil and probate actions and
proceedings, including but not limited to any deadline for filing an initial pleading . . . are
suspended as of March 10, 2020 and shall be tolled until the end of the declared states of disaster
and emergency."); Mich. Supreme Court Administrative Order 2020-3 ("For all deadlines
applicable to the commencement of all civil and probate case types, including but not limited to
the deadline for the initial filing of a pleading . . . any day that falls during the state of emergency
declared by the Governor related to COVID-19 is not included."); *see also* Mich. Executive Order
2020-122 (ending tolling period on June 20, 2020); Mich. Supreme Court Administrative Order
2020-18 (same).

> Appeals considered and rejected Informa's argument in *Carter*. . . . Informa also argues that the tolling period does not apply because Gottsleben faced no COVID-19-related hurdles that prevented him from commencing his action. However, the Michigan Supreme Court's orders contain no such limitation. They apply to all deadlines for all filers, not just deadlines for filers who experienced COVID-19-related hurdles. . . . For the reasons discussed above, Gottsleben's complaint is timely.

*Gottsleben*, 2023 WL 4397226, at *3-4.

Thus, Michigan's COVID tolling clearly applies to Plaintiff Bozung's PPPA claims. Documents pertaining to transmissions of customer data that occurred during the December 20, 2015, through July 31, 2016, time period (rather than just the March 31, 2016, through July 31, 2016, time period) are relevant to Plaintiff's claims (which are actionable). The Court should therefore overrule Defendant's objection to the term "CLASS PERIOD" and order Defendant to produce any nonprivileged documents that are being withheld as a result of the objection.

## V.    THE RESPONSES AND OBJECTIONS DO NOT COMPORT WITH RULE 34(B)(2)(C) AND RULE 33(B)(4)

Defendant's Responses and Objections do not, when discussing Defendant's individual Objections (or at any other point, for that matter) (*See* Ex. 2.), "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C); *see also* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). Instead, after each Objection, Defendant merely parrots the sentence, "Based on these objections, Defendant will not produce documents in response to this Request." *Id.*

Courts have stricken so-called "General Objections," like those at issue here. *See, e.g.*, *NAB Holdings, LLC v. Cloudmybiz*, 2020 WL 12738918, at *1 (E.D. Mich. Nov. 20, 2020) (striking objections and ordering production by a date certain where the responding party "relied on general objections that violated the specificity requirements of Federal Rule of Civil Procedure 33(b)(4) and 34(b)(2)(C)."). Defendant's "General Objections" should be stricken accordingly,

9

and Defendant should be compelled to produce Amended Responses and Objections stating whether responsive materials are being withheld on the basis of any objection.

**VI.    PLAINTIFF RESPECTUFLLY REQUESTS THAT THE COURT EXTEND THE DEADLINE FOR PLAINTIFF'S MOTION FOR CLASS CERTIFICATION TO MATCH THAT FOR THE COMPLETION OF DISCOVERY**

Defendant has refused to commit to a date for substantial completion of its document production. To date, Defendant has only made three document productions – on December 16, 2022, February 1, 2023, and September 29, 2023 – and none of these productions include materials responsive to the *supra*, imperative issues. This is in spite of Plaintiff having initially served his Requests for Production ***on August 25, 2022***, over a year ago.[3]

Defendant's refusal to participate in the discovery process flies in the face of the Court's directive that this case proceed expeditiously. Now, under four weeks remain until the November 6, 2023 Motion for Class Certification deadline, and Defendant failed to adequately address the *supra* issues by October 11, 2023, as discussed in the meet-and-confer process. Defendant's Rule 30(b)(6) deposition is also scheduled for October 24, 2023. Thus, Defendant has severely prejudiced Plaintiff – and, left to its own devices, will likely continue to engage in this pattern of conduct.

To afford Plaintiff sufficient time to review documents, raise and resolve any purported deficiencies, depose relevant witnesses using the documents, gather appropriate third-party discovery, and otherwise prepare for Plaintiff's Motion for Class Certification, Plaintiff

---

[3] As explained above, Plaintiff's initial First Set of Requests for Production exceeded 20 in number because they were served prior to the Court's original Order, ECF No. 29, restricting the Parties to 20 Requests for Production each. But Plaintiff's initial First Set of Requests for Production contained many of the same Requests seeking the same general categories of documents. Regardless, Plaintiff served his (once-revised) First Set of Requests for Production on February 1, 2023, so, at minimum, Defendant has had more than seven months to search for and produce responsive documents.

respectfully requests that the Court extend the Motion for Class Certification and Disclosure of Expert Reports deadlines to February 5, 2024, to match the deadline for the completion of Discovery (Dkt. 86). Because these are interim deadlines, extending them would not delay this matter, including the deadlines for completion of discovery, dispositive motions, and trial-related matters.

In the alternative, the Court should order that Defendant substantially complete its document production by a later date and extend the case schedule by a proportionate number of days to remedy the prejudice to Plaintiff caused by Defendant's delay tactics.

In the second alternative, the Court should allow Plaintiff the opportunity to re-open the Rule 30(b)(6) deposition and supplement the class certification motion based on any documents or testimony that get produced arising from this Motion.

## VII.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be granted in its entirety. The Court should: (i) overrule Defendant's objections to the definitions of the terms "DISCLOSE" and "DISCLOSURE" and compel Defendant to substantively respond to Request for Production Nos. 3-4, 7-9, 15 and 18; (ii) overrule Defendant's objections to Request for Production Nos. 16-17 and compel Defendant to substantively respond to Request for Production Nos. 16-17; (iii) overrule Defendant's objection to the term "CLASS PERIOD" and compel Defendant to substantively respond to all related Requests for Production; (iv) overrule Defendant's "General Objections"; and (v) extend the deadlines for Plaintiff's Motion for Class Certification and Disclosure of Expert Reports to February 5, 2024, to match the deadline for the completion of Discovery (as set forth by the July 18, 2023 revised Case Management Order, *see* Dkt. 86).

Dated: October 12, 2023                    Respectfully submitted,

                                           */s/ E. Powell Miller*
                                           E. Powell Miller (P39487)
                                           THE MILLER LAW FIRM, P.C.
                                           950 W. University Drive, Suite 300
                                           Rochester, MI 48307
                                           Tel: 248-841-2200
                                           epm@millerlawpc.com

                                           Joseph I. Marchese (P85862)
                                           Philip L. Fraietta (P85228)
                                           BURSOR & FISHER, P.A.
                                           1330 Avenue of the Americas, 32nd Floor
                                           New York, New York 10019
                                           Tel: 646.837.7150
                                           Fax: 212.989.9163
                                           jmarchese@bursor.com
                                           pfraietta@bursor.com

                                           Frank S. Hedin
                                           David W. Hall
                                           HEDIN HALL LLP
                                           1395 Brickell Avenue, Suite 1140
                                           Miami, Florida 33131
                                           Tel: 305.357.2107
                                           Fax: 305.200.8801
                                           fhedin@hedinhall.com
                                           dhall@hedinhall.com

                                           *Counsel for Plaintiff and the Putative Class*

12

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(b)**

Exclusive of the exempted portions pursuant to W.D. Mich. LCivR 7.3(b)(i), Plaintiff's Brief in Support of Motion to Compel contains 3512 words as defined by W.D. Mich. LCivR 7.3(b)(i) as taken from Microsoft Word version 2017.

Dated: October 12, 2023                    Respectfully submitted,

                                           */s/ E. Powell Miller*
                                           E. Powell Miller (P39487)
                                           THE MILLER LAW FIRM, P.C.
                                           950 W. University Drive, Suite 300
                                           Rochester, MI 48307
                                           Tel: 248-841-2200
                                           epm@millerlawpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2023, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com