# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| TIMOTHY BOZUNG, individually and on behalf of all others similarly situated,<br><br><br>Plaintiff,<br><br><br>v.<br><br>CHRISTIANBOOK, LLC f/k/a CHRISTIAN BOOK DISTRIBUTORS CATALOG, LLC,<br><br>Defendant. | Case No. 1:22-CV-00304<br><br>Honorable Hala Y. Jarbou<br><br>Magistrate Judge Ray S. Kent |

<u>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Timothy Bozung ("Plaintiff") requests that Defendant Christianbook, LLC f/k/a Christian Book Distributors Catalog, LLC ("Defendant" or "Christianbook") respond to the following Requests For Production Of Documents within thirty (30) days from receipt of service.  The production shall occur at the offices of Bursor & Fisher, P.A., 1330 Avenue of the Americas, 32nd Floor, New York, New York 10019.

Production of electronically stored information should be in PDF format, and hardcopy documents should be scanned and produced as PDF images.  Original document orientation shall be maintained (*i.e.*, portrait to portrait and landscape to landscape).  All documents must be searchable through Optical Character Recognition ("OCR").  When subjecting documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing," "auto-rotation," and the like should be turned on when documents are run through the process.

All documents must be assigned a Bates/control number that shall always: (1) be unique

across the entire document production, (2) maintain a constant length (zero/0-padded) across the entire production, (3) contain no special characters or embedded spaces, and (4) be sequential within a given document.  If a Bates number or set of Bates numbers is skipped in a production, the producing party will disclose the Bates numbers or ranges in a cover letter accompanying the production.

## **DEFINITIONS**

The following definitions and instructions are incorporated by reference whenever applicable in this document:

1.      The term "CLASS PERIOD" shall be construed to mean the following time period: December 20, 2015, through July 31, 2016.

2.      The term "CHRISTIANBOOK PRODUCTS" shall be construed to mean any books, other written materials, sound recordings, and video recordings sold by DEFENDANT.

3.      The terms "YOU," or "YOUR" shall mean DEFENDANT, as defined above, and all of its affiliates, subsidiaries, predecessor and successor entities, together with all of its officers, agents, employees, directors, representatives, successors and assigns, including, but not limited to, Christian Book Distributors Catalog, LLC, as well as any vendors or other such entities acting at DEFENDANT's direction.

4.      The term "DISCLOSE" means to make information known to a recipient of the information.  The term "DISCLOSURE" means the action of transmitting, selling, leasing, sharing, renting, licensing, or otherwise disclosing or making information known to a recipient of the information.

5.      The term "PRIVATE READING, LISTENING, AND VIEWING INFORMATION" shall be construed to mean one or more customer's personal information,

including but not limited to, full name; the titles, genres, or categories of any

CHRISTIANBOOK PRODUCTS purchased; home address, age, gender, ethnicity, or religion.

6.      The terms "PLAINTIFF BOZUNG" refers to the individual named Timothy

Bozung, who resides at the address 3330 Jamieson Drive, Hudsonville, MI 49426.

7.      The terms PLAINTIFF refers to PLAINTIFF BOZUNG.

8.      Unless words or terms have been given a specific definition herein, each word or

term used herein shall be given its usual and customary dictionary definition except where such

words have a specific custom and usage definition in a particular trade or industry, in which case

they shall be interpreted in accordance with such usual custom and usage definition of which

DEFENDANT is aware.

## **DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:**

All documents, communications, and electronically-stored information concerning

PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, communications, and electronically-stored information that refer to,

reflect or relate to YOUR DISCLOSURE, during the CLASS PERIOD, of the PRIVATE

READING, LISTENING, AND VIEWING INFORMATION of YOUR customers, including

but not limited to all contracts and other agreements entered into between YOU and any other

entity, including but not limited to data mining, data aggregation, data cooperative, marketing

and publishing companies, including but not limited to NextMark, Inc., Specialists Marketing

Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon

Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct

Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, NextAction Cooperative, Carney Direct Marketing, and Alterian Software Holdings LLC and any affiliates or subsidiaries of the foregoing.

**REQUEST FOR PRODUCTION NO. 3:**

Documents, communications, and electronically-stored information sufficient to show all of YOUR DISCLOSURES, during the CLASS PERIOD, of PLAINTIFF'S PRIVATE READING, LISTENING, AND VIEWING INFORMATION to NextMark, Inc., Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, NextAction Cooperative, Carney Direct Marketing, or Alterian Software Holdings LLC or any affiliates or subsidiaries of the foregoing, or to any other third party.

**REQUEST FOR PRODUCTION NO. 4:**

Documents, communications, and electronically-stored information sufficient to show all of YOUR DISCLOSURES, during the CLASS PERIOD, of any Michigan residents' PRIVATE READING, LISTENING, AND VIEWING INFORMATION to NextMark, Inc., Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, NextAction Cooperative, Carney Direct Marketing, or Alterian Software Holdings LLC or any affiliates or subsidiaries of the foregoing, or to any other third party.

**REQUEST FOR PRODUCTION NO. 5:**

Documents, communications, and electronically-stored information sufficient to show the number of Michigan residents who purchased CHRISTIANBOOK PRODUCTS directly from YOU during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications that refer to, reflect or relate to YOUR policies or practices of sharing data concerning YOUR customers' purchases of CHRISTIANBOOK PRODUCTS with third parties in effect during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications that refer to, reflect or relate to YOUR policies or practices regarding the DISCLOSURE of your customers' PRIVATE READING, LISTENING, AND VIEWING INFORMATION in effect during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 8:**

All documents, communications, and electronically-stored information necessary to identify and contact each Michigan resident whose PRIVATE READING, LISTENING, AND VIEWING INFORMATION was DISCLOSED to third parties within the CLASS PERIOD, including a first and last name, mailing address, telephone number, and email address for each such person.

**REQUEST FOR PRODUCTION NO. 9:**

Documents, communications, and electronically-stored information sufficient to show any and all notice(s) YOU provided to the persons identified in the documents responsive to Request for Production No. 8 above to inform such persons, either before or after they purchased a CHRISTIANBOOK PRODUCT, that YOU would or might DISCLOSE their PRIVATE READING, LISTENING, AND VIEWING INFORMATION to third parties, as well as

documents and communications sufficient to show the manner in which you provided any such notice(s) to any such persons.

**REQUEST FOR PRODUCTION NO. 10:**

Documents, communications, and electronically-stored information sufficient to identify any and all of YOUR customers residing in Michigan who, prior to or within the CLASS PERIOD, requested that YOU not DISCLOSE their PRIVATE READING, LISTENING, AND VIEWING INFORMATION to any third parties.

**REQUEST FOR PRODUCTION NO. 11:**

Documents, communications, and electronically-stored information sufficient to identify any and all of YOUR customers residing in Michigan who, prior to or within the CLASS PERIOD, consented in writing to YOUR DISCLOSURE of their PRIVATE READING, LISTENING, AND VIEWING INFORMATION to third parties.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment entered against YOU in this action or to indemnify or reimburse YOU for payments made to satisfy any such judgment.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show YOUR document retention and destruction policies, including but not limited to with respect to e-mail or other electronically stored information, communications, databases, or recorded documents, in effect during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, communications, and electronically-stored information concerning the purpose(s) for which YOU made DISCLOSURES of YOUR customers' PRIVATE READING, LISTENING, AND VIEWING INFORMATION during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 15:**

All documents, communications, and electronically-stored information concerning any money, data, or other renumeration, compensation, or thing of value that YOU received in exchange for any DISCLOSURES YOU made of YOUR customers' PRIVATE READING, LISTENING, AND VIEWING INFORMATION to any third party during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 16:**

Documents, communications, and electronically-stored information sufficient to identify each purchaser of each CHRISTIANBOOK PRODUCT on an account with a Michigan address, purchased on or before July 30, 2016.

**REQUEST FOR PRODUCTION NO. 17:**

All documents, communications, and electronically-stored information concerning any payment received on or before July 30, 2016 for a CHRISTIANBOOK PRODUCT on an account with a Michigan address.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, communications, and electronically-stored information concerning the Michigan Preservation of Personal Privacy Act dated or generated any time on or before July 31, 2016.

Dated:  August 2, 2023          Respectfully submitted,

*/s/ Philip L. Fraietta*
Joseph I. Marchese
Philip L. Fraietta (P85228)
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
William Kalas (P82113)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com
wk@millerlawpc.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Philip Fraietta, hereby certify that on this 2nd day of August 2023, I caused true and correct copies of the foregoing PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION to be served upon all defense counsel of record via email.

<u>*/s/ Philip L. Fraietta*</u>
Philip L. Fraietta (P85228)
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
pfraietta@bursor.com