# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| TIMOTHY BOZUNG, individually and on behalf of all others similarly situated,   )<br>)<br>)<br>) | |
| Plaintiff,   )<br>) | |
|   ) | Hon. Hala Y. Jarbou |
| v.   ) | Case No. 22-cv-00304-HYJ-RSK |
|   ) | |
| CHRISTIANBOOK, LLC,   )<br>) | |
| Defendant.   )<br>)<br>) | |

**DEFENDANT CHRISTIANBOOK, LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S REVISED FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Christianbook, LLC ("Defendant" or "Christianbook"), by and through its attorneys, hereby provides the following objections and responses ("Responses") to Plaintiff's Revised First Set of Requests for Production (the "Requests"), served on August 2, 2023. Such Responses are made based upon the information currently available to Defendant. Defendant states that discovery is ongoing in this matter, and reserves the right to amend or supplement the Responses below.

**I.    GENERAL OBJECTIONS**

Defendant specifically incorporates each of these General Objections into its responses to the Requests, without regard to whether each such General Objection is expressly referred to in the specific response. Nothing contained in Defendant's objections shall be construed or interpreted as a waiver by Defendant of any applicable right or objection, nor shall Defendant's objections (or lack thereof) or responses to the Requests be deemed an admission of relevance, materiality, or admissibility in evidence of the documents sought or produced.

1.      Defendant objects to the Requests to the extent that they seek or purport to place a burden on Defendant greater than that required by applicable laws and rules, including but not limited to the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Western District of Michigan.

2.      Defendant objects to the Requests to the extent that they seek information, documents, or things that are subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense privilege, the common-interest privilege, and/or any other applicable privilege, or are otherwise immune from discovery.  Nothing contained in these objections or responses is intended as, or shall in any way be deemed, a waiver of attorney-client privilege, attorney work-product protection, joint-defense privilege, common-interest privilege, or any other applicable privilege or doctrine.  Any inadvertent production will not be deemed a waiver of any privilege with respect to the information, documents, or things provided.

3.      This is a putative class action.  No class has been certified by the Court.  Defendant objects to the Requests to the extent they seek information not relevant to Plaintiff's individual claim or whether the proposed class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

4.      Defendant's responses to the Requests are without waiver or limitation of its right to object, on grounds of authenticity, competency, relevancy, materiality, privilege, admissibility as evidence for any purpose, or on any other ground, to the use of any information, documents, or things in any subsequent proceeding in this or any other action.  To the extent that Defendant states that documents will be produced, such statement should not be construed as a representation or admission that the information, documents, or things requested exist, or that they are relevant to any claim or defense in this case.

5.    Defendant reserves the right to add, modify, supplement, or otherwise change or amend the responses set forth below, but does not by this reservation undertake any obligation of supplementation or amendment greater than that required by the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Western District of Michigan.

## II.    OBJECTIONS TO DEFINITIONS

1.    Defendant objects to Plaintiff's definition No. 1 of the term "CLASS PERIOD," on the grounds that it is overly broad, as it defines the start date of the putative class period as December 20, 2015.  Plaintiff filed his original complaint on March 31, 2022, and under the six-year limitations period set forth in Mich. Comp. Laws § 600.5813,[1] the start date of the putative class period is March 31, 2016—*i.e.*, the date six years prior to the date on which Plaintiff initiated this action.  In responding to the Requests, Defendant will construe "CLASS PERIOD" as March 31, 2016 through July 31, 2016.

2.    Defendant objects to Plaintiff's definition No. 3 of the terms "YOU" or "YOUR," on the grounds that they are overly broad and unduly burdensome to the extent that the definition purports to encompass entities or individuals that are not within the control of Defendant.

3.    Defendant objects to Plaintiff's definition No. 4 of the terms "DISCLOSE" and "DISCLOSURE," on the grounds that they are vague, ambiguous, overly broad and unduly burdensome to the extent that the definition is inconsistent with Mich. Comp. Laws §§ 445.1711-1715 (effective through July 30, 2016), and seeks to impose legal obligations on Defendant different from and beyond those expressly provided by such statute.  In responding to the Requests,

---

[1] Christianbook asserts that the three-year limitations period defined in Mich. Comp. Laws § 600.5805(2) applies to Plaintiff's claim.  Christianbook does not waive, and expressly reserves, all arguments it has made or will make as support for applying this three-year statute of limitations to Plaintiff's claim.

Defendant will construe "DISCLOSE" and "DISCLOSURE" as making known a record of information concerning the purchase, lease, rental, or borrowing of written materials, sound recordings, or video recordings by a customer that indicates the identity of the customer, including under each of the circumstances set forth in Mich. Comp. Laws § 445.1712, Sec. 3.  *See* Mich. Comp. Laws § 445.1712, Secs. 2-3 (effective through July 30, 2016).

4.      Defendant objects to Plaintiff's definition No. 5 of the term "PRIVATE READING, LISTENING, AND VIEWING INFORMATION," on the grounds that it is vague, ambiguous, overly broad and unduly burdensome to the extent that the definition is inconsistent with Mich. Comp. Laws §§ 445.1711-1715 (effective through July 30, 2016), and seeks to impose legal obligations on Defendant different from and beyond those expressly provided by such statute.  In responding to the Requests, Defendant will construe "PRIVATE READING, LISTENING, AND VIEWING INFORMATION" as a record of information concerning the purchase, lease, rental, or borrowing of written materials, sound recordings, or video recordings by a customer that indicates the identity of the customer.  *See* Mich. Comp. Laws § 445.1712, Sec. 2 (effective through July 30, 2016).

5.      Defendant objects to Plaintiff's definition No. 8 on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, as Plaintiff does not define the phrases "usual and customary dictionary definition," "specific custom and usage definition in a particular trade or industry," and "usual custom and usage definition."

## III.    OBJECTIONS TO PRODUCTION OF ELECTRONICALLY STORED INFORMATION

Defendant objects to Plaintiff's instructions related to the production of electronically stored information ("ESI") to the extent that they seek to place a burden on Defendant greater than that required by applicable laws and rules, including, but not limited to, the Federal Rules of

Civil Procedure and the Local Civil Rules for the United States District Court for the Western District of Michigan.  Defendant will produce documents subject to a stipulation governing the production of ESI to be negotiated and entered into among the parties.

IV.     **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**:

All documents, communications, and electronically-stored information concerning PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, as it seeks information without any limitation as to time period.  Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it seeks production of "[a]ll documents, communications, and electronically-stored information" concerning the subject matter of this Request, and is not limited to information relevant to class certification, Plaintiff's individual claims, or information concerning the alleged disclosure of information identifying Plaintiff as a purchaser of *The Drop Box* video.  Defendant has not withheld any information responsive to this request on the basis of the foregoing objections.

Subject to and without waiver of these objections, Defendant produced documents responsive to this request at Bates Nos. CB0000053 - CB0000056 and CB0000363 - CB0000366.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 2**:

All documents and communications that refer to, reflect or relate to YOUR DISCLOSURE, during the CLASS PERIOD, of the PRIVATE READING, LISTENING, AND VIEWING INFORMATION of any individual who purchased at any point in time to any CHRISTIANBOOK PRODUCTS, including but not limited to all contracts and other agreements entered into between YOU and any other entity, including but not limited to data mining, data aggregation, data cooperative, marketing and publishing companies, including but not limited to NextMark, Inc., Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, and NextAction Cooperative.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, as it seeks information without any limitation as to time period.  Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it seeks the production of "[a]ll documents and communications" concerning the subject matter of this Request, and is not limited to information relevant to class certification, Plaintiff's individual claims, information concerning the alleged disclosure of information identifying Plaintiff as a purchaser of *The Drop Box* video, or information concerning the alleged disclosure of information identifying Michigan customers by those customers' purchases of written materials, sound recordings and/or video recordings from Defendant.  Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome because Plaintiff does not define the terms "other agreements," "data mining," "data aggregation," "data cooperative," and "marketing and publishing companies," and seeks information concerning "YOUR," "DISCLOSURE," "CLASS PERIOD," and "PRIVATE READING, LISTENING, AND

VIEWING INFORMATION," as those terms are defined by Plaintiff, which are objectionable for the reasons set forth in Section II.  Defendant further objects to this Request to the extent it assumes facts not in evidence, including that Defendant made any disclosure of customer information in violation of Mich. Comp. Laws § 445.1712.  Defendant further objects to this Request to the extent it seeks documents or information in the possession of, and more properly obtained from, other persons or non-parties.  Defendant further objects to this Request to the extent that it is duplicative of other Requests.  Defendant has not withheld any information responsive to this request on the basis of the foregoing objections, except as to its objections to Plaintiff's definition of "CLASS PERIOD," as noted above.

Subject to and without waiver of these objections, Defendant produced contracts in force from March 31, 2016 to July 31, 2016 at Bates Nos. CB0000001 - CB0000048.  Additionally, Defendant produced documents sufficient to show list rental activity by Christianbook from March 31 through July 31, 2016 at CB0000362.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 3**:

Documents, communications, and electronically-stored information sufficient to show all of YOUR DISCLOSURES, during the CLASS PERIOD, of PLAINTIFF'S PRIVATE READING, LISTENING, AND VIEWING INFORMATION to NextMark, Inc., Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, NextAction Cooperative, Carney Direct Marketing, or Alterian Software Holdings LLC or any affiliates or subsidiaries of the foregoing, or to any other third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, as it seeks information without any limitation as to time period.  Defendant further

objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome because Plaintiff seeks information concerning "YOUR," DISCLOSURES," and "PRIVATE READING, LISTENING, AND VIEWING INFORMATION," as those terms are defined by Plaintiff, which are objectionable for the reasons set forth in Section II.  In responding to this Request, Defendant limits its response to documents sufficient to identify information about the Plaintiff that Defendant may have transmitted to the entities identified in Request No. 3 from March 31, 2016 to July 31, 2016, the terms and circumstances of any such transmissions, and any notices Defendant provided to Plaintiff that Defendant may share certain customer information with third parties and that Plaintiff may remove his name from any such transmissions.  Defendant further objects to this Request to the extent it assumes facts not in evidence, including that Defendant made any disclosure of customer information in violation of Mich. Comp. Laws § 445.1712.  Defendant further objects to this Request to the extent it seeks documents or information in the possession of, and more properly obtained from, other persons or non-parties.  Defendant further objects to this Request to the extent that it is duplicative of other Requests.

Based on these objections, Defendant will not produce documents in response to this Request.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 4**:

Documents, communications, and electronically-stored information sufficient to show all of YOUR DISCLOSURES, during the CLASS PERIOD, of any Michigan residents' PRIVATE READING, LISTENING, AND VIEWING INFORMATION to NextMark, Inc., Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, NextAction Cooperative, Carney Direct Marketing, or Alterian Software Holdings LLC or any affiliates or subsidiaries of the foregoing, or to any other third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, as it seeks information without any limitation as to time period.  Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it is not limited to information relevant to class certification, Plaintiff's individual claims, information concerning the alleged disclosure of information identifying Plaintiff as a purchaser of *The Drop Box* video, or information concerning the alleged disclosure of information identifying Michigan customers by those customers' purchases of written materials, sound recordings and/or video recordings from Defendant.  Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome as Plaintiff seeks information concerning "YOUR," "DISCLOSURES," and "PRIVATE READING, LISTENING, AND VIEWING INFORMATION," as those terms are defined by Plaintiff, which are objectionable for the reasons set forth in Section II.  In responding to this Request, Defendant limits its response to documents sufficient to identify information about any Michigan resident that  Defendant may have transmitted to the entities identified in Request No. 4 from March 31, 2016 to July 31, 2016, the terms and circumstances of any such disclosures, and any notices Defendant provided to its Michigan customers that Defendant may share certain customer information with third parties and that the customer may remove his or her name from any such transmissions. Defendant further objects to this Request to the extent it assumes facts not in evidence, including that Defendant made any disclosure of customer information in violation of Mich. Comp. Laws § 445.1712.  Defendant further objects to this Request to the extent it seeks documents or

information in the possession of, and more properly obtained from, other persons or non-parties.

Defendant further objects to this Request to the extent that it is duplicative of other Requests.

Based on these objections, Defendant will not produce documents in response to this

Request.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 5:**

Documents, communications, and electronically-stored information sufficient to show the number of Michigan residents who purchased CHRISTIANBOOK PRODUCTS directly from YOU during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant

objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly

burdensome, and seeks information that is neither relevant to the claims nor defenses in this

litigation, and therefore not proportional to the needs of the case, as it is not limited to

information relevant to class certification, Plaintiff's individual claims, information concerning

the alleged disclosure of information identifying Plaintiff as a purchaser of *The Drop Box* video,

or information concerning the alleged disclosure of information identifying Michigan customers

by those customers' purchases of written materials, sound recordings and/or video recordings

from Defendant.  In responding to this Request, Defendant limits its response to documents

sufficient to identify the number of Michigan residents who purchased written materials, sound

recordings and/or video recordings from Defendant from March 31, 2016 to July 31, 2016.

Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly

broad, and unduly burdensome because Plaintiff seeks information from during the "CLASS

PERIOD," as that term is defined by Plaintiff, which is objectionable for the reasons set forth in

Section II.  Defendant further objects to this Request to the extent that it is duplicative of other

Requests.  Defendant has not withheld any information responsive to this request on the basis of the foregoing objections, except as to its objections to Plaintiff's definition of "CLASS PERIOD," as noted above.

Subject to and without waiver of these objections, Defendant provided Plaintiff with this information in an email dated March 6, 2023, as supplemented in an email dated September 11, 2023.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 6**:

All documents and communications that refer to, reflect or relate to YOUR policies or practices of sharing data concerning YOUR customers' purchases of CHRISTIANBOOK PRODUCTS with third parties in effect during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, to the extent it seeks information without any limitation as to time period. Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it seeks the production of "[a]ll documents and communications" concerning the subject matter of this Request, and is not limited to information relevant to class certification, Plaintiff's individual claims, information concerning the alleged disclosure of information identifying Plaintiff as a purchaser of *The Drop Box* video, or information concerning the alleged disclosure of information identifying Michigan customers by those customers' purchases of written materials, sound recordings and/or video recordings from Defendant.  Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome

because Plaintiff does not define the terms "policies" and "sharing," and seeks information

concerning "YOUR," as that term is defined by Plaintiff, which is objectionable for the reasons

set forth in Section II.  In responding to this Request, Defendant limits its response to documents

setting forth Defendant's policies and practices from March 31, 2016 to July 31, 2016 for using

customer information for the purpose of marketing goods and services directly to those

consumers.  Defendant further objects to this Request to the extent that it is duplicative of other

Requests.  Defendant has not withheld any information responsive to this request on the basis of

the foregoing objections, except as to its objections to Plaintiff's definition of "CLASS

PERIOD," as noted above.

Subject to and without waiver of these objections, Defendant produced documents

responsive to this Request at Bates Nos. CB0000053 - CB0000360.

Defendant reserves the right to supplement and amend its Response.

## REQUEST FOR PRODUCTION NO. 7:

All documents and communications that refer to, reflect or relate to YOUR policies or practices regarding the DISCLOSURE of your customers' PRIVATE READING, LISTENING, AND VIEWING INFORMATION in effect during the CLASS PERIOD.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant

objects to this Request on the grounds that it is overbroad in time, and therefore unduly

burdensome, to the extent it seeks information without any limitation as to time period.

Defendant further objects to this Request on the grounds that it is overbroad in scope and subject

matter, unduly burdensome, and seeks information that is neither relevant to the claims nor

defenses in this litigation, and therefore not proportional to the needs of the case, as it seeks the

production of "[a]ll documents and communications" concerning the subject matter of this

Request, and is not limited to information relevant to class certification, Plaintiff's individual

claims, information concerning the alleged disclosure of information identifying Plaintiff as a purchaser of *The Drop Box* video, or information concerning the alleged disclosure of information identifying Michigan customers by those customers' purchases of written materials, sound recordings and/or video recordings from Defendant.  Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome because Plaintiff does not define the terms "policies" and "data sharing," and seeks information concerning "YOUR," "DISCLOSURE," and "PRIVATE READING, LISTENING, AND VIEWING INFORMATION," as those terms are defined by Plaintiff, which are objectionable for the reasons set forth in Section II.  In responding to this Request, Defendant limits its response to documents setting forth Defendant's policies and practices from March 31, 2016 to July 31, 2016 for disclosing information concerning customers' purchases of written materials, sound recordings and/or video recordings from Defendant for the purpose of marketing goods and services directly to those consumers.  Defendant further objects to this Request to the extent that it is duplicative of other Requests.  Defendant has not withheld any information responsive to this request on the basis of the foregoing objections, except as to its objections to Plaintiff's definition of "CLASS PERIOD," as noted above.

Subject to and without waiver of these objections, Defendant produced documents responsive to this Request at Bates Nos. CB0000053 - CB0000360.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 8**:

All documents, communications, and electronically-stored information necessary to identify and contact each Michigan resident whose PRIVATE READING, LISTENING, AND VIEWING INFORMATION was DISCLOSED to third parties within the CLASS PERIOD, including a first and last name, mailing address, telephone number, and email address for each such person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, to the extent it seeks information without any limitation as to time period. Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it seeks the production of "[a]ll documents, communications, and electronically-stored information" concerning the subject matter of this Request, and is not limited to information relevant to class certification, Plaintiff's individual claims, information concerning the alleged disclosure of information identifying Plaintiff as a purchaser of *The Drop Box* video, or information concerning the alleged disclosure of information identifying Michigan customers by those customers' purchases of written materials, sound recordings and/or video recordings from Christianbook.  Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome because it seeks information concerning "CLASS PERIOD," "PRIVATE READING, LISTENING, AND VIEWING INFORMATION," and "DISCLOSED," as those terms are defined by Plaintiff, which are objectionable for the reasons set forth in Section II.  Defendant further objects to this Request to the extent it assumes facts not in evidence, including that Defendant made any disclosure of customer information in violation of Mich. Comp. Laws § 445.1712.  Defendant further objects to this Request to the extent it seeks confidential and/or proprietary information of entities whose confidentiality Defendant is bound by contract or agreement to maintain.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request Nos. 2, 3 and 4. Defendant furth objects to his request to the extent it is disproportionate and premature as

Plaintiff has not filed a motion for class certification and the Court has not certified the case as a class action; and discovery as to putative class members' names is therefore overbroad and not tailored to whether a class may be certified in this action.  Defendant has not withheld any information responsive to this request on the basis of the foregoing objections, except as to its objections to Plaintiff's definition of "CLASS PERIOD," as noted above.

Subject to and without waiver of these objections, Defendant refers Plaintiff to its production of documents at Bates Nos. CB0000363 - CB0000366.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 9**:

Documents, communications, and electronically-stored information sufficient to show any and all notice(s) YOU provided to the persons identified in the documents responsive to Request for Production No. 8 above to inform such persons, either before or after they purchased a CHRISTIANBOOK PRODUCT, that YOU would or might DISCLOSE their PRIVATE READING, LISTENING, AND VIEWING INFORMATION to third parties, as well as documents and communications sufficient to show the manner in which you provided any such notice(s) to any such persons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, to the extent it seeks information without any limitation as to time period. Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it seeks the production of "[a]ll purported notice(s)," and is not limited to information relevant to class certification, Plaintiff's individual claims, or to notices provided to Defendant's Michigan customers concerning the alleged disclosure of information identifying such customers by their purchases of written materials, sound recordings and/or video recordings from Christianbook.

Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome as it seeks information concerning "YOU," "DISCLOSE," and "PRIVATE READING, LISTENING, AND VIEWING INFORMATION," as those terms are defined by Plaintiff, which are objectionable for the reasons set forth in Section II.  Defendant further objects to this Request to the extent it assumes facts not in evidence, including that Defendant made any disclosure of customer information in violation of Mich. Comp. Laws § 445.1712.  Defendant further objects to this Request to the extent that it is duplicative of other Requests.

Subject to and without waiver of these objections, Defendant produced documents responsive to this Request at Bates Nos. CB0000053 - CB0000360.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 10**:

Documents, communications, and electronically-stored information sufficient to identify any and all of YOUR customers residing in Michigan who, prior to or within the CLASS PERIOD, requested that YOU not DISCLOSE their PRIVATE READING, LISTENING, AND VIEWING INFORMATION to any third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, to the extent it seeks information without any limitation as to time period. Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it is not limited to information relevant to class certification, Plaintiff's individual claims, or notices provided to Defendant's Michigan customers concerning the alleged disclosure of information

identifying such customers by their purchases of written materials, sound recordings and/or video recordings from Christianbook.  Specifically, any Michigan customer who requested that Defendant not disclose his information, either in response to notices provided by Defendant of such potential disclosure or otherwise, would not have been disclosed by Defendant and would therefore not be a member of the putative class.  Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome as it seeks information concerning "YOU," "DISCLOSE," and "PRIVATE READING, LISTENING, AND VIEWING INFORMATION," as those terms are defined by Plaintiff, which are objectionable for the reasons set forth in Section II.  Defendant further objects to this Request to the extent it seeks confidential and/or proprietary information of entities whose confidentiality Defendant is bound by contract or agreement to maintain.  Defendant has not withheld any information responsive to this request on the basis of the foregoing objections, except as to its objections to Plaintiff's definition of "CLASS PERIOD," as noted above.

Based on these objections, Defendant will not produce documents in response to this Request.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 11**:

Documents, communications, and electronically-stored information sufficient to identify any and all of YOUR customers residing in Michigan who, prior to or within the CLASS PERIOD, consented in writing to YOUR DISCLOSURE of their PRIVATE READING, LISTENING, AND VIEWING INFORMATION to third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, to the extent it seeks information without any limitation as to time period.

Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it is not limited to information relevant to class certification, Plaintiff's individual claims, or notices provided to Defendant's Michigan customers concerning the alleged disclosure of information identifying such customers by their purchases of written materials, sound recordings and/or video recordings from Christianbook.  Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome as it seeks information concerning "YOUR," "DISCLOSURES," and "PRIVATE READING, LISTENING, AND VIEWING INFORMATION," as those terms are defined by Plaintiff, which are objectionable for the reasons set forth in Section II.  Defendant further objects to this Request to the extent it assumes facts not in evidence, including that Defendant made any disclosure of customer information in violation of Mich. Comp. Laws § 445.1712.  Defendant further objects to this Request to the extent it seeks confidential and/or proprietary information of entities whose confidentiality Defendant is bound by contract or agreement to maintain.  Defendant has not withheld any information responsive to this request on the basis of the foregoing objections, except as to its objections to Plaintiff's definition of "CLASS PERIOD," as noted above.

Based on these objections, Defendant will not produce documents in response to this Request.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 12**:

All documents and communications concerning any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse YOU for payments made to satisfy any judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, nor to class certification, and is therefore not proportional to the needs of the case, as it seeks the production of "[a]ll documents and communications" regarding the subject matter of the Request.  Defendant objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome as it seeks information concerning "YOU," as that term is defined by Plaintiff, which is objectionable for the reasons set forth in Section II.  Defendant further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, joint defense privilege, or any other applicable claim of privilege or immunity.  Defendant further objects to this Request to the extent that it seeks information that is cumulative, duplicative, or redundant of information Defendant provided in its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), to which Plaintiff is hereby referred.

Subject to and without waiver of these objections, Defendant provided Plaintiff with information responsive to this Request in an email dated March 6, 2023.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 13**:

Documents sufficient to show YOUR document retention and destruction policies, including but not limited to with respect to e-mail or other electronically stored information, communications, databases, or recorded documents, in effect during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, to the extent it seeks information without any limitation as to time period.

Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it is not limited to information relevant to class certification or Plaintiff's individual claims.  Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome as it seeks information concerning "YOUR," as that term is defined by Plaintiff, which is objectionable for the reasons set forth in Section II.  Defendant further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, joint defense privilege, or any other applicable claim of privilege or immunity.  Defendant has not withheld any information responsive to this request on the basis of the foregoing objections, except as to its objections to Plaintiff's definition of "CLASS PERIOD," as noted above.

Subject to and without waiver of these objections, Defendant states that it does not have a document retention policy other than a policy put in place for this litigation.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 14**:

All documents and communications concerning the purpose(s) for which YOUR Michigan customers PRIVATE READING, LISTENING, AND VIEWING INFORMATION was DISCLOSED and/or used after DISCLOSURE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, to the extent it seeks information without any limitation as to time period. Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor

defenses in this litigation, and therefore not proportional to the needs of the case, as it seeks the

production of "[a]ll documents and communications" concerning the subject matter of this

Request, and is not limited to information relevant to class certification, Plaintiff's individual

claims, information concerning the alleged disclosure of information identifying Plaintiff as a

purchaser of *The Drop Box* video, or information concerning the alleged disclosure of

information identifying Michigan customers by those customers' purchases of written materials,

sound recordings and/or video recordings from Christianbook.  Defendant further objects to this

Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome as

Plaintiff does not define the terms "purpose(s)" or "Michigan customers" and the Request seeks

information concerning "YOUR," "PRIVATE READING, LISTENING, AND VIEWING

INFORMATION," "DISCLOSED" and "DISCLOSURE," as those terms are defined by

Plaintiff, which are objectionable for the reasons set forth in Section II.  Defendant further

objects to this Request to the extent it assumes facts not in evidence, including that Defendant

made any disclosure of customer information in violation of Mich. Comp. Laws § 445.1712.

Defendant further objects to this Request to the extent that it is duplicative of other Requests.

Based on these objections, Defendant will not produce documents in response to this

Request.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 15**:

All documents, communications, and electronically-stored information concerning any money, data, or other renumeration, compensation, or thing of value that YOU received in exchange for any DISCLOSURES YOU made of YOUR customers' PRIVATE READING, LISTENING, AND VIEWING INFORMATION to any third party during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, to the extent it seeks information without any limitation as to time period. Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, nor to class certification, and is therefore not proportional to the needs of the case.  Specifically, even if Defendant received "money, data, or other renumeration, compensation, or thing of value" from any alleged "DISCLOSURE" of Michigan customers' information—and Defendant does not concede that it made such disclosures or received such things of value—such information would bear no relevance to Plaintiff's claim that Defendant disclosed its Michigan customers' information in violation of Mich. Comp. Laws § 445.1712. Defendant further objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome as Plaintiff does not define the phrase "Michigan customers," and the Request seeks information concerning "YOU/YOUR," "DISCLOSURE," and "PRIVATE READING, LISTENING, AND VIEWING INFORMATION," as those terms are defined by Plaintiff, which are objectionable for the reasons set forth in Section II.  Defendant further objects to this Request to the extent it assumes facts not in evidence, including that Defendant made any disclosure of customer information in violation of Mich. Comp. Laws § 445.1712. Defendant further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, joint defense privilege, or any other applicable claim of privilege or immunity.  Defendant further objects to this Request to the extent that it is duplicative of other Requests.

Based on these objections, Defendant will not produce documents in response to this Request.

Defendant reserves the right to supplement and amend its Response.

## REQUEST FOR PRODUCTION NO. 16:

Documents, communications, and electronically-stored information sufficient to identify each purchaser of each CHRISTIANBOOK PRODUCT on an account with a Michigan address, purchased on or before July 30, 2016.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, to the extent it seeks information without any limitation as to time period. Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it is not limited to information relevant to class certification, Plaintiff's individual claims, information concerning the alleged disclosure of information identifying Plaintiff as a purchaser of *The Drop Box* video, or information concerning the alleged disclosure of information identifying Michigan customers by those customers' purchases of written materials, sound recordings and/or video recordings from Christianbook. Defendant further objects to this Request to the extent it seeks confidential and/or proprietary information of entities whose confidentiality Defendant is bound by contract or agreement to maintain. Defendant further objects to this Request to the extent that it is duplicative of other Requests.

Based on these objections, Defendant will not produce documents in response to this Request.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 17**:

All documents, communications, and electronically-stored information concerning any payment received on or before July 30, 2016 for a CHRISTIANBOOK PRODUCT on an account with a Michigan address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, to the extent it seeks information without any limitation as to time period. Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it seeks the production of "[a]ll documents, communications, and electronically-stored information" concerning the subject matter of this Request, and is not limited to information relevant to class certification, Plaintiff's individual claims, information concerning the alleged disclosure of information identifying Plaintiff as a purchaser of *The Drop Box* video, or information concerning the alleged disclosure of information identifying Michigan customers by those customers' purchases of written materials, sound recordings and/or video recordings from Christianbook.  In particular, Plaintiff's request for "payment received" is neither relevant to the claims or defenses in the case nor proportional to the needs of the case because any "payment" Defendant received for products "on or before July 30, 2016" bears no relevance to Plaintiff's claim that Defendant disclosed its Michigan customers' information in violation of Mich. Comp. Laws § 445.1712.  Defendant further objects to this Request to the extent that it is duplicative of other Requests.

Based on these objections, Defendant will not produce documents in response to this Request.

Defendant reserves the right to supplement and amend its Response.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, communications, and electronically-stored information concerning the Michigan Preservation of Personal Privacy Act dated or generated any time on or before July 31, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to and without waiving the foregoing Objections in Sections I-III, Defendant objects to this Request on the grounds that it is overbroad in time, and therefore unduly burdensome, to the extent it seeks information without any limitation as to time period. Defendant further objects to this Request on the grounds that it is overbroad in scope and subject matter, unduly burdensome, and seeks information that is neither relevant to the claims nor defenses in this litigation, and therefore not proportional to the needs of the case, as it seeks the production of "[a]ll documents, communications and electronically-stored information" concerning the subject matter of this Request, and is not limited to information relevant to class certification, Plaintiff's individual claims, information concerning the alleged disclosure of information identifying Plaintiff as a purchaser of *The Drop Box* video, or information concerning the alleged disclosure of information identifying Michigan customers by those customers' purchases of written materials, sound recordings and/or video recordings from Christianbook.  In particular, this Request, as worded, seeks confidential and/or proprietary documents and information concerning Defendant's business and contractual relationships with any number of third parties.  Defendant further objects to this Request to the extent it assumes facts not in evidence, including that Defendant made any disclosure of customer information in violation of Mich. Comp. Laws § 445.1712.  Defendant further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, joint defense privilege, or any other applicable claim of privilege or immunity.  Defendant

further objects to this Request to the extent it seeks confidential and/or proprietary information of entities whose confidentiality Defendant is bound by contract or agreement to maintain. Defendant further objects to this Request to the extent that it is duplicative of other Requests.

Based on these objections, Defendant will not produce documents in response to this Request.

Defendant reserves the right to supplement and amend its Response.


Dated:  September 29, 2023                Respectfully submitted,

                                          */s/ Jennifer L. Chunias*
                                          Jennifer L. Chunias
                                          JChunias@goodwinlaw.com
                                          Dylan Schweers
                                          DSchweers@goodwinlaw.com
                                          Goodwin Procter LLP
                                          100 Northern Avenue
                                          Boston, Massachusetts 02210
                                          Tel.:  (617) 570-1000
                                          Fax.:  (617) 523-1231

                                          Matthew J. Boettcher
                                          Mboettcher@plunkettcooney.mom
                                          Patrick C. Lannen
                                          Plannen@plunkettcooney.com
                                          Plunkett Cooney, PC
                                          38505 Woodward Ave., Ste. 100
                                          Bloomfield Hills, MI 48304
                                          Tel.:  (248) 901-4035
                                          Fax:  (248) 901-4040

                                          *Attorneys for the Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 29, 2023, a true and correct copy of the foregoing was served on Plaintiff by email.

*/s/ Jennifer Chunias*
Jennifer Chunias
